*UNITED STATES District Court*

RECEIVED

2007 AUG 27  A 9: 26

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

TIMOMTY   LEE SUNDAY   AIS   213453

EASTERLING CORRECTIONAL   FACILITY

 200 WALLACE   DRIVE

CLIO   AL 36017-2613

----------------------------------------

CASE   3:07cv723

TIMOTHY   LEE SUNDAY , 213453,

PETITIONER,

V.

LEE COUNTY   CIRCUIT   COURT, et al.,

respondents.

IN THE  UNITED  STATES  DISTRICT  COURT

FOR  THE  MIDDLE  DISTRICT  OF  ALABAMA

TIMOTHY  LEE  SUNDAY , PETITIONER V.  GWENDOLYN  MOSELY, WARDEN
EASTERLING CORRECTIONAL  CENTER:

---

ON  RULE  60 b MOTION  TO  THE  COURT  OF  APPEALS  FOR
THE WRIT  OF  HABEAS  CORPUS

---

## FACTS

**COUNT ONE  :**
THE  STATE  OF  ALABAMA, LEE  COUNTY CIRCUIT  COURT,  FALL
TERM, 1998 ; the  grand  jury  of  said  county  charge  that
before  the  finding  of  this  Indictment CC98-1095 TIMOTHY
LEE SUNDAY, ALIAS TIMMY  SUNDAY , WHOSE  TRUE  CHRISTIAN  NAME
IS  OTHERWISE  UNKNOWN  TO THE  GRAND  JURY,  DID  ENGAGE
IN  SEXUAL  INTERCOURSE  WITH  CYNTHIA  DAWN  THROWER, A  FEMALE,
WHOS  WAS  INCAPABLE OF  CONSENT  BY  REASON  OF  BEING  PHYSIC-
ALLY  HELPLESS  OR  MENTALLY  INCAPACICITATED, IN  VIOLATION
OF § 13 A-6-61 OF THE  CODE  OF  ALABAMA,

COUNT II:

**AND  THE  GRAND  JURY  FURTHER  CHARGE  THAT  BEFORE  THE**
**FINDING**  OF THIS  INDICTMENT CC 98- 1095,01 TIMOTHY  LEE SUNDAY,
ALIAS  TIMMY  SUNDAY, WHOSE  TRUE  CHRISTIAN  NAME  IS  OTHERWISE
UNKNOWN  TO  THE  GRAND  JURY, A  MALE, DID  ENGAGE  IN  SEXUAL
INTERCOURSE  WITH  CYNTHIA  DAWN  THROWER, A  FEMALE, BY  FORCIB-
LE COMPULSION, IN  VIOLATION OF  § 13 A-6-61 OF THE  CODE
OF  ALABAMA.
_-1-

CONTRARY TO RESPONDENTS RECOMMENDATION. IN THE PRIOR HABEAS ACTION, THIS COURT DENIED [SUNDAY] RELIEF FROM HIS SEXUAL ABUSE CONVICTION WITHOUT REVIEWING THE MERITS OF PETITIONERS CLAIMS. CLEARLY ESTABLISHED LAW PROVIDES THE RELIEF REQUESTED.28 USCS § 2244; THE AMENDMENT PROPOSED TO MODIFY THIS PROVISION SO THAT, WHILE A JUDGE NEED NOT ENTERTAIN SUCH A LATER APPLICATION FOR THE WRIT UNDER SUCH CIRCUMSTANCES, HE IS NOT PROHIBITED FROM DOING SO IF IN HIS DISCRETION HE THINKS THE ENDS OF JUSTICE REQUIRE ITS CONSIDERATION. IN VIEW OF THE AMENDMENT WHICH WILL PERMIT A SECOND APPLICATION TO BE CONSIDERED WHEN THE ENDS OF JUSTICE REQUIRE IT, THE ORIGINAL PROVISION OF THE SECTION, AUTHORIZING THE JUDGE WHO HEARD THE ORIGINAL APPLICATION TO GRANT A REHEARING THEREOF, IS OMITTED BY THE AMENDMENT AS UNNECESSARY.ACCORDINGLY THE REFERENCE TO REHEARING IN THE CATCH LINE OF THE SECTION IS OMITTED."A CLAIM CONTAINED IN A STATE PRISONERS SUCCESSIVE PETITION THAT WAS PRESENTED IN A PRIOR PETITION "SHALL BE DISMISSED." 28 USCS § 2244(b)(1). HOWEVER, THIS APPLIES ONLY TO CLAIMS THAT WERE DISPOSED ON THE MERITS.SLACK V. McDANIEL, 529 U.S. 473, 146 L.Ed. 2d 542, 120 S Ct. 1595 (20000).NEVER THE LESS, SUPREME COURT REVIEW OF A SUCCESSIVE PETITION MAY STILL AVAILABLE BECAUSE THE SUCCESSIVE PETITION CAN BE FILED AS AN ORIGINAL PETITION IN THE SUPREME COURT, UNDER 28 USCS § 2241(a). FELKER V. TURPIN, 518 U.S. 651, 135 L. eD . 2d 827.

THE JUDGMENT OF THE MIDDLE DISTRICT COURT WAS ENTERED
ON PETITION FOR WRIT OF HABEAS CORPUS, FILED ON MAY
6, 2003 IN THE COURT [Id]:CIV.ACT 03-T-502-E JURISDICTION
OF THIS COURT IS INVOKED UNDER 28 U.S.C. 1254(1);
THE LOWER COURT HAD JURISDICTION UNDER 28 U.S.C. 1651.
THE FOLLOWING JURY TRIAL IN THE STATE OF ALABAMA [CASE
CC -98-1095] PETITIONER WAS CONVICTED FOR SEXUAL ABUSE
IN THE FIRST DEGRE.[SEE STATEMENT OF FACTS/TRIAL AND
DIRECT APPEAL. CIV. ACT. 03-T- 502-E IN THE UNITED STATES
DISTRICT FOR THE MIDDLE DISTRICT OF ALABAMA EASTERN DIVIS-
ION].MAY 7, 2003 THIS CAUSE IS BEFORE THE COURT ON A
28 U.S.C. § 2254 PETITION FOR WRIT OF HABEAS CORPUS
FILED BY TIMOTHY LEE SUNDAY, THE PETITIONER," VANZETTA PENN
McPHERSON UNITED STATES MAGISTRATE PRESIDED PROCEEDING,MYRON
THOMPSON.
SEE CONVICTION OR SENTENCE (PURSUANT TO RULE 32, ALABAMA
RULES OF CRIMINAL PROCEDURE) FILED july 24, 2001 CASE
# cc-98-1095 DATE OF JUDGMENT OF CONVICTION 2-17-00, LEE
COUNTY , NOV. 8th 2003 IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT CIV. ACT 03-T- 502-E docket no.03-
00-502 CV-T-E ENCLOSED MOTION FOR PANEL REHEARING, ADDENDUM
FOLLOWING CERTIFICATE OF SERVICE B-1 through B-17 BY
PERMISSION TO APPEAL IN THE FORM OF A CERTIFICATE
OF APPEALABILITY [COA] C-1 THRUE C-66] (Id).

FILED SEPT,22, 2003; APPEAL FROM THE UNITED STATES DISTRICT
COURT FOR THE MIDDLE DISTRICT OF ALABAMA BEFORE ,**BLACK**,
**BARKETT AND HULL, CIRCUIT JUDGES BY THE COURT. THIS**
**APPEAL WAS DISMISSED**, SUA SPONTE, FOR LACK OF JURISDICT-
ION. THE MAGISTRATE JUDGES SEPT. 17, 2003 ORDER DENYING
TIMOTHY LEE SUNDAYS MOTION FOR CLARIFICATION IS NOT
FINAL AND APPEALABLE. SEE 28 U.S.C. §§ 636 (b)(c) & 1991,
PEREZ-PRIEGO V.ALACHUA COUNTY 148 F. 3d 1272,1273 (11th
Cir. 1998);DONOVAN V. SARASOTA CONCRETE CO. 643 F. 2d
1061,1066-1067 (11th cir. 1982); GLOVER V. ALABAMA Bd. OF
CORRECTIONS 660 F. 2d 120,122 (5th Cir. UNIT B OCT.1981).

MOTION FOR PANEL REHEARING: ADDENDUM FOLLOWING THE
CERTIFICATE OF SERVICE WAS FILED NOV. 8th, 2003, CIV.ACT
no. 03-T-502-E docket 31, FILED SEPTEMBER 22, 2003 (Doc.
30) WHICH THE COURT IS TREATING AS A MOTION TO PROCEED
ON APPEAL IM FORMA PAUPERIS FILE OCT. 1, 2003. THE
COURT IS OF THE OPINION, THAT THE PETITIONERS APPEAL
IS WITHOUT A LEGAL OR FACTUAL BASIS AND, ACCORDINGLY
IS FRIVOLOUS AND NOT TAKEN IN GOOD FAITH. SEE RUDOLPH
666 F. 2d 519, 520 (11th Cir. 1982); BROWN V. PENA 441 F.
Supp. 1382 (S.D. Fla. 1977),Aff'd WITHOUT OPINION 589 F.
2d 1113 (5th Cir.1979). ACCORDINGLY IT IS ORDERED THAT
THE PETITIONERS MOTION TO PROCEED ON APPEAL IN FORMA
PAUPERIS BE AND IS THEREBY DENIED, AND THAT THE APPEAL
IN THIS CAUSE BE AND IT IS THEREBY CERTIFIED PURSUANT
TO 28 U.S.C. § 1915 (A) AS NOT TAKEN IN GOOD FAITH.
DONE 1st day of OCT. 2003 MYRON H. THOMPSON U.S. DISTRICT
JUDGE.                              -3-

THE ENTITLED PETITION WAS APPLIED FOR CERTIORARI TO
THE UNITED STATES SUPREME COURT AND RETURNED, RECEIVED
SIGNED FOR 12-28-06, ESTERLING COR.FAC. DORM 7 SIGNED
FOR ON INSTITUTIONAL LOG.PETITIONER OBJECTED TO THIS
CLERK REFUSING TO FILE AND ACCEPR THIS ACTION AS UNCON-
STITUTIONAL, AND ALLEGING THAT THE HIGHEST STATE, FEDERAL
COURTS OF ALABAMA, ELEVENTH CIRCUIT, FOR HABEAS CORPUS
IN HEARING MY APPEAL WAS DENIED. A CONTROVERSY, HAD
BEFORE IT TRANSCRIPTS OF TRIAL PROCEEDINGS . (T.R. 386)(
CORRECTED PAGE 386) THAT WAS HELD BACK FROM THE COURTS
REVIEW, OR KNOWLEDGE OR IGNORED OF TRIAL PROCEEDINGS CC-
98-1095 FRAUDULENTLY PREPARED BY THE PROSECUTOR GAIL
MEEKS, NICK ABBOTT AND THE COURT REPORTER:[T.R.386:APPENDIX
B#3] TRIAL RECORD 680 ;THE SAME THING HAPPENED IN **DAVIS
V. ZANT** 36 F. 3d 1538 at1546 [11]; AND POSSIBLY CORINNE
T. HURST, CLERK,.IN LOVING V. UNITED STATES (1996) 517
US 748, 135 L Ed. 2d 36, 116 S.Ct. 1737; RASUL V. BUSH
(2004) 159 L Ed 2d 548; THE COURT CONCLUDED THAT ANY
PERSON , INCLUDING AN ENEMY ALIAN, DEPRIVED OF HIS LIBERTY
IN EISENTRAGER, 329 US at 767, 94 L ed 1255, 70 S Ct
936 --ANYWHERE UNDER ANY PURPORTED AUTHORITY OF THE
UNITED STATES IS ENTITLED TO THE WRIT IF HE CAN SHOW
THAT EXTENSION TO HIS CASE OF ANY CONSTITUTIONAL RIGHTS
OR LIMITATIONS WOULD SHOW HIS IMPRISONMENT ILLEGAL: [AND]
THAT. COURTS MUST BE HELD TO POSSESS STATUTORY JURISDICT-
ION AS PART OF THE JUDICIAL POWER OF THE UNITED STATES.

PETITIONER HAS A CONSTITUTIONAL RIGHT TO HABEAS CORPUS
SECURED BY THE SUSPENSION CLAUSE, U.S. CONST. ART. I
,§ 9, cl. 2, REASONING THAT , "IF A PERSON HAS A RIGHT
TO A WRIT OF HABEAS CORPUS, HE CANNOT BE DEPRIVED
OF THE PRIVILEGE BY AN OMISSION IN A FEDERAL JURISDICT-
IONAL STATUTE,"EISENTRAGER V. FORRESTAL, 174 F. 2d , at
965. THE GREAT WRITS "ABILITY TO CUT THROUGH BARRIERS
OF FORM AND PROCEDURAL MAZES,"HARRIS, 394 US, at 291,
22 L ed 2d 281, 89 S Ct 1082,;PROPER RESPONDENT IS THE
PERSON "GWYNDOLIN MOSLEY, WARDEN EXERCISING THE LEGAL
REALITY OF CONTROL OVER THE PETITIONER SUFFERS FROM
THE SAME LOGICAL FLAW. PADILLA V. RUMSFELD 352 F. 3d 695
at 705,707 (2nd cir. 2003):28 USC §2242 [28 USCS § 2242];
SEE ALSO § 2243 (THE WRIT, OR ORDER TO SHOW CAUSE SHALL
BE DIRECTED TO THE PERSON HAVING CUSTODY OF THE PERSON
DETAINED"): FAY V. NOIA 372 US 391, 9 L ed 2d 837,
83 S Ct 822: [*372 US 421] CHESSMAN V. TEETS ( 1955)
350 US 3, 100 L ed 4, 76 S Ct 34.

REASONS FOR GRANTING THE WRIT :
PETITIONER CLAIMS THAT THE [AEDPA] UNCONSTITUTIONALLY
RESTRICTS THIS COURTS JURISDICTION, IS A LEGISLATIVE
ACT, IN ANY FORM, THAT APPLIES " EITHER TO NAMED INDIVID-
UALS OR TO EASILY ASCERTAINABLE MEMBERS OF A GROUP
AS PETITIONER [A PRISONER] IN SUCH A WAY AS TO INFLICT
PUNISHMENT WITHOUT A JUDICIAL TRIAL. CARMELL V. TEXAS
( 2000) 529 US 513, 146 L Ed 2d 577 at 597, 120 S Ct
1620: EX POST FACTO LAWS, [ 529 US 538].

<u>A</u> <u>BILL</u> <u>OF</u> <u>ATTAINDER</u> <u>IS</u> <u>A</u> <u>LEGISLATIVE</u> <u>ACT</u> <u>WHICH</u> <u>INFLICTS</u> <u>PUNISHMENT</u> <u>WITHOUT</u> <u>JUDICIAL</u> <u>TRIAL</u>...[L]EGISLATIVE <u>ACTS,</u> <u>NO</u> <u>MATTER</u> <u>WHAT</u> <u>THEIR</u> <u>FORM,</u>, **THAT** **APPLY** **EITHER** **TO** **NAMED** **INDIVIDUALS** OR TO EASILY ASCERTAINABLE MEMBERS OF A GROUP IN SUCH A WAY AS TO INFLICT PUNISHMENT ON THEM WITHOUT A JUDICIAL TRIAL ARE BILLS OF ATTAINDER PROHIBIT- ED BY THE CONSTITUTION . UNITED STATES V. LOVETT, 328 US 303, 315-316, 90 L ed 1252, 66 S ct 1073 ( 1946)( internal quotation marks omitted). THE PROHIBITIONS ON EX POST FACTO LAWS AND ON BILLS OF ATTAINDER ARE OBVIOUSLY CLOSELY RELATED. SEE E.G..FLETCHER V. peck, 6 CRANCH 87, 138-139, 3 L Ed 162 (1810); CAL. DEPT. OF CORRECTIONS V. MORALES ( 1995) 514 US 499, 131 L Ed 2d 588 at 604, 115 S Ct 1547; GARMER V. JONES ( 2000) 529 US 244, 146 L eed 2d 236 at 248, 120 S Ct 1392;AND AN EX POST FACTO , BOUIE V. COLUMBIA ,378 US 347, 12 L ed 2d 894, 84 S ct 1697 ; THOMPSON V. UTAH , 170 US 343, 42 L Ed 1061, 18 S ct 620; CALDER V. BULL (US) 3 DAll 386, lL ed 648.
  THE STATUTE AT BAR IS SO BROAD AND DISCRIMINATIVE IN ITS REACH AS TO BE UNCONSTITUTIONAL UNDER THE FIFTH AMENDMENT ALONE. APTHEKER V. SECRETARY OF STATE, 378 US 500, 12 L ed 2d 992, 84 S ct 1659; SHELTON C TUCKER, 364 US 479, 5 L ed 2d 231, 81 S ct 247;KANSAS V KENDRICKS (1997) 521 US 346, 138 L ed 2d 501 at 526, 117 S ct 2072.

-6-

ABUSE OF 2: PETITIONER ALLEGES THAT THERE ARE CIRCUMSTANCES PRESENT IN THIS CASE WHICH " WOULD" ENTITLE [ SUNDAY] TO RELIEF. PETITIONER IS WITH PERSONAL KNOWLEDGE OR INFORMATION SUFFICIENT TO FORM A BELIEF AS TO APPEAL FROM LEE COUNTY COUNTY VIRVUIT COURTS DECISIONS " CC 98-1095 : ALABAMA COURT OF CRIM. APP. DECISION CR-01-0207: IS AN ABUSE OF DISCRETION AND PRISONER HAS NOT HAD ADEQUATE ACCESS TO THE COURTS THROUGHOUT HIS INCARCERATION. AS TO EXH. # 1, CC-98-1095, CIV. ACT. NO. 03-T-502-E, THE COURT ABUSED ITS DISCRETION,DENIED APPEAL ON THE MERITS, violating 5 U.S.C. § 706 AND 28 U.S.C.§1343 CIV. RIGHTS AND selective franchise, THE PETITIONER IN THE DISTRICT COURTS SHALL HAVE ORIGINAL JURISDICTION OF ALL CIVIL ACTIONS ARISING UNDER THE CONSTITUTION, LAWS OR TREATIES OF THE UNITED STATES , SEE 28 U.S.C. § 1985;§ 1986. AS TO CIVIL NO. 03-T-502-E, THE PLEADING FILED BY [SUNDAY] ON FEB. 2, 2004, in which the court construes as motion to amend petition wherein petitioner asserts additional claims in support of his petition for relief, and for good cause. IT WAS ORDERED BY THE FED. MAG THAT : -- THE MOTION TO AMEND IS GRANTED--[ SEE AMENDED PETITION]. AS [ SUNDAY] ALSO ALLEGES TO THIS COURT. MAJ.VANZETTA PENN ,cPHERSON, US DISTRICT JUDGE MYRON THOMPSON DENIED REVIEW ON THE MERITS OF CLAIMS PRESENTED. HE AUTHORED A ONE PAGE OPINION OF CIVIL ACTION NO. 03-T- 502-E. THE RELIEF ALONE WAS INADEQUATE TO RESOLVE CONTROVERSY BETWEEN THE PARTIES." FERRELL, ET AL RESPONDENTS FEARED FURTHER LITIGATION BY "[MR. SUNDAY].

ACCORDINGLY SUNDAY PURSUED COMPLAINTS DEPOSITED INTO THE UNITED STATES DISTRICT COURT AND 1-20-04 CIV. ACT.03-T-502-EE,' opposition to said recommendations of magistrate ' mcPHERSON, OBJECTIONS MADE IDENTIFYING FINDINGS IN THE RECOMMENDATION OBJECTED TO AS REQUIRED BY LAW.THE PRTITIONER EXERCISED IN DISCOVERY," FED.RULE of civ. proc. 26 (b)(1) AND 33 AND PETITIONER SHOWS GOOD CAUSE FOR EXAMINATION. SCHLAGENHAUS V. HOLDER 379 U.S. 104, 118 (1964):SWINT V. CHAMBERS COUNTY COMMISSION(1995) 514 US 35, 131 L.Ed 2d 60, 115 S CT 1203 : FERNANDEZ-ROQUE V. SMITH 671 F. 2d 426 (1982) AT 431 'supra';

3; PETITIONER OBJECTS TO THE MAGISTRATES FINDINGS. SEE 28 § 636(b)(1)(C): LEWIS V. SMITH 855 F. 2d 736, 738 ( 11th cir. 1988); nettles v. wainwright 677 F. 2d 404 (5th Cir. unit b 1982)(en banc).

4: PETITIONER LISTED PARTIES WHO HAS INFORMATION ABOUT LAWSUIT COMPLAINTS APPEAL. IN DISCLOSURE (A) AND DISCLOSURE (B) PROVIDING MORE INFORMATION EVIDENCE. FED. R. CIV. PRO. 26 (A)(1).

5: PETITIONER SEEKS REVIEW OF THE DISTRICT COURTS CORDERS IN DENOVO DETERMINATION BY THE DISTRICT JUDGE, OF THE FACTUAL FINDINGS OF THE MAGISTRATE 28 U.S.C. § 636(b)(1)(C):LEWIS V. SMITH," SUPRA, : NETTLES V. WAINWRIGHT " SUPRA".

6; PETITONER ALLEGES THAT TAPES AND ORIGINAL RECORDS IN THIS CASE ARE ADEQAUTE FOR PURPOSES OF REVIEW. PURSUANT TO 28 U.S.C. § 1915 AND FED. R. CIV. P. 72(b), PETITIONER OBJECTS ACCORDINGLY, BUT IS UNABLE TO PAY THE FEE FOR A TRANSCRIPT, AND RESPECTFULLY BRINGS THIS TO THE ATTENTION OF THE COURT FOR A JUDICIAL DETERMINATION THAT TRANSCRIPTION IS NECESSARY, REQUIRED FOR AN ADEQUATE REVIEW, BEFORE THE UNITED STATES FOR ORDER TO PAY THE COSTS OF THE TRANSCRIPTS.

7: THE FEDERAL ISSUES PRESENTED WERE RAISED AND RULED ON BELOW OR PORTIONS THEREOF STATE CLAIMS UNDER WHICH RELIEF CAN BE GRANTED. THE EVIDENTIARY RULINGS ARE SO PREJUDICIAL AS TO DENY DUE PROCESS OR SOME OTHER CONSTITUTIONAL RIGHT. URGUHART V. LOCKHART 726 F. 2d 1316 ( 8th Cir. 1984);u.s. v. vallery 108 F. 3d 155 (8th cir. 1997):

8; EACH OF THE ISSUES PRESENTED BY [SUNDAY] WAS EXPRESSLY RAISED IN THE COURTS BELOW. " PETITION CC?_(cc-98-1095: TRIAL COURT PETITON [CR-01-0207] COURT OF CRIM. AP.; PETITION FOR WRIT OF CERT. '020562 FILED 1-28-03: CIV. ACT. 03-T- 502-E EXECUTED AT EASTERLING COR. FAC. ON 3rd DAY JULY, 2003,: CC-98-1095 INTRODUCTION: EXH. NO. I(i) CC-98-1095, QUESTION PRESENTED, EXH.I(i) CC 98-1095 LEGAL CLAIM I(i), ISSUE ARGUMENT I(A): CIV. ACT . 03-T- 502-E, OPPOSITION OF RESPONDENTS ANSWER TO COURTS ORDER

TO SHOW CAUSE. VANZETTA PENN Mcpherson.

9: AS NOTE ABOVE, THE COURT DID NOT EXPRESSLY RULE ON PETITIONERS FEDERAL CAIMS. BECAUSE THE JUDGMENT NECESSARILY REJECTS THOSE FEDERAL CLAIMS, THE MERITS, HOWEVER, THOSE FEDERAL QUESTIONS ARE SQUARLY PRESENTED HERE. THE DISTRICT COURTS SHALL HAVE ORIGINAL JURISDICTION OF ALL CIVIL ACTIONS ARIZING UNDER THE CONSTITUTION, LAWS OR TREATIES OF THE UNITED STATES 28 USC§ 1331.

10: FEW ISSUES COULD BE MORE IMPORTANT THAN THE ISSUES PRESENTED IN THIS CASE. AT STAKE IS THE LAWFUL RESOLUTION OF AN INNOCENT MAN. A MAN ACTUALLY INNOCENT. SEE MURAY V. CARRIER 477 U.S. 478, 496, 106 S.Ct. 2634,2649-50, 91 L. ed 2d 397 (1985):SMITH V. MURRAY 477 U.S. 527, 106 S.Ct. 2661,2667-68, 91 L. ed 2d 434 (1986): SHLUP V. DELO 513 US 298, 320, 130 L.Ed. 2d 808, 115 S.Ct. 851 ( 1995): McCOY V. NORRIS, 958 F. SUPP. 420 (E.D.ARK. 1996): SAWYER V. COLLINS 494 U.S. 1025, 108 L Ed 2d 606, 110 S CT 1468,(1990): SELVAGE V. COLLINS 494 US 108,108 L Ed 2d 93, 110 S CT 974 (1990):BOUSELY V. UNITED STATES 523 U.S. _____ , 140 L.Ed. 2d 828, 118 S Ct _____(1998) (CASE IS TORN OUT OF BOOK): DUGGER V. ADAMS 489 U.S. at 401,411 n.6, 109 S.Ct. 1217 n. 6, 103 2d 435 (1989): U.S. V. McKIE, 73 F. 3d 114, (D.C.CIR. 1996): BARDEN V. KEOHANE 921 F. 2d 476 (3rd Cir. 1990);U.S. V. SHAIK 916 F. 2d 984 ( 5th cir. 1990): EWING V. McMAHIN 799 F. 2d 1143 (6th Cir.1986);GONZALEZ V. ABBOTT 967 F. 2d 1499 (11th Cir.1992);

ACTUAL   INNOCENCE" BONEGO V. U.S.  975 F. Supp. 520 ( S.D.N.Y. 1997); DUGGER V. ADAMS  489 U.S.  at  401,411 n.6, 109  S. Ct. 1211,1217 n.  6, 103  L ed. 2d  435 ( 1989 ); U.S. V. MAYBECK 23 F. 3d  888 ( 4th cir. 94); HENDERSON V. SARGENT, 926 F.  2d  706 ( 8th Cir. 91): JONES V.  ARKANSAS '929  F. 2d  375, 381 ( 8th Cir. 91):

11:   IN  THE  EXCEPTIONAL  CIRCUMSTANCES  OF  THIS  CASE, CONTRARY  TO  RESPONDENTS  ALLEGATIONS,  RULE  60 (b) RELIEF  IS APPROPRIATE  AND  OFFENDS  NO  STATUTORY  PROSCRIPTION OR  POLICY CONCERN  AGAINST  SECOND  OR  SUCCESSIVE  HABEAS PETITIONS.  THE COURT  SHOULD  VACATE  THE  DECISION  BELOW  AND  REMAND  TO  THE DISTRICT  COURT  WITH  DIRECTION, TO  GRANT  PETITIONERS  60 (b) MOTION   SO   THAT  HIS  PROPERLY   PRESENTED   CLAIMS  , PROSECUTORIAL  MISCONDUCT  CAN  BE  HEARD  ON  THE  MERITS  AND REVIEWED  BY  A  FEDERAL  COURT:  KNOWING  USE  OF  PERJURED TESTIMONY  BY  THE  PROSECUTOR, STATE  OF  ALABAMA, RESPONDENTS. ANY  PRIOPER  EXERCISE  OF  RULE  60(b)  DISCRETION  WOULD REQUIRE  RELIEF  FROM THE  DISTRICT  COURTS  JUDGMENT. THE  FACT THAT  A  60(b) MOTION  CANNOT  BE  VIEWED  AS THE  FUNCTIONAL EQUIVALENT  OF A  SUCCESSIVE  APPLICATION.  THIS  CASE  IS  THE RARE  CASE  IN  WHICH  A  60(b) MOTION  RAISING  NO  ISSUE OUTSIDE  THE  FOUR  CORNERS  OF  THE  ORIGINAL  HABEAS APPLICATION  DOES  MEET  60 (b) CRITERIA, AND  INDEED  COMPELS AN  EXERCISE OF  DISCRETION  TO  REOPEN  THE  JUDGMENT. IT  DOES SO FOR THE  FOLLOWING  CONSTELLATION  OF  EXTRAORDINARY REASONS.

-11-

the district court never exercised rule 60 (b) DISCRETION. A REMAND TO THE DISTRICT COURT TO EXERCISE DISCRETION " IN THE FIRST INSTANCE IS REQUIRED, HOWEVER, BECAUSE THE PROPER OUTCOME IS CLEAR.CF.BRILLHART V. EXCESS INS. CO. 316 U.S. 491,496 (1942).

> THE JUDGMENT THAT PETITIONER SEEKS TO REOPEN IS BASED ENTIRELY ON A PROCEDURAL IMPEDIMENT THAT PREVENTED THE DISTRICT COURT FROM ADDRESSING THE CONSTITUTIONAL MERITS OF SUBSTANTIAL CLAIMS OF EGREGIOUS PROSECUTORIAL MISCONDUCT [R.680][R.383 -386]: SEE 39 (K)motion , 'case number cr-99-1045 ON APPEAL FROM THE CIRCUIT COURT OF LEE COUNTY, ALABAMA, CASE NUMBER CC-98-1095 FILED BY T. ROBIN McINTYRE, ATTORNEY FOR DEFENDANT, THAT WAS HELD BACK OR HIDDEN, MISREPRESENTED TO AND FROM THE COURTS REVIEW, CORRECTED PAGE 386 from LINE 22 to 25 SHOULD BE AS FOLLOWS: LINE. 22:"Q" OKAY 23; A. THEY WAS STILL TELLING ME --- THEY WERE TELLING ME AT THE TABLE. I WAS KIND OF EMBARRESSED. 24: "Q" OKAY I KNOW. I KNOW ITS HARD CINDY. DO YOU REALLY REMEMBER WHAT HAPPENED ?[ SEE EXH. S-III OF CIV. ACT 03-T-502 -E IN THE DISTRICT COURT , [T.R. 680, CC-98-1095].

12: RESPONDENT DOES NOT DISPUTE THE SERIOUSNESS OF PETITIONERS PROSECUTORIAL MISCONDUCT CLAIMS.[CIV.ACT 03-T-502-E: CC-98-1095]. THE QUESTION THE EFFECT OF [R.680, 386] THE MISCONDUCT THEY DONT DISPUTE THAT IT OCCURRED. EXH. #1 CC-98-1095.

BUT IN DOING SO THEY REFUSED TO HIGHLIGHT HOW SERIOUSLY THE VIOATION CORRUPTED THE PENALTY PHASE VERDICT. CF. SEMTEK INT'L INC. V. LOCKHEED CORP. 531 U.S.492, 501-02 (2001)( AND ONLY A JUDGMENT THAT PASSES DIRECTLY ON THE SUBSTANCE OF [A PARTICULAR] CLAIM, TRIGGERS THE DOCTRINE OF RESJUDICATA AND ITS FULL RANGE OF FINALITY INTERESTS): SLACK, 529 U.S. at 483 ( THE WRIT OF HABEAS CORPUS PLAYS A VITAL ROLE IN PROTECTING CONSTITUTIONAL RIGHTS, AND CONGRESS [HAS] EXPRESSED NO INTENTION TO ALLOW [DISTRICT] court PROCEDURAL ERROR.

WHERE THE DISTRICT COURT [ERRONEOUSLY] RELIES ON PROCEDURAL
GROUNDS TO DISMISS THE PETITION,'TO BAR VIDICATION OF
SUBSTANTIAL CONSTITUTIONAL RIGHTS. SEE JUNE 23rd, 2003," JOHN
M. PORTER ASSISTANT ATTORNEY GENERAL. RESPONDENTS ANSWER TO
COURTS ORDER TO SHOW CAUSE IN THE UNITEDSTATES DISTRICT
COURT FOR THE MIDDLE DISTRICT OF ALABAMA 03-T-502-E,SEE
EXH. I(i) CC 98-1095.

PETITIONER ARGUES THAT THE DISTRICT COURTS, STATE, IS
CONTRARY OR INVOLVE AN UNREASONABLE APPLICATION OF FEDERAL
LAW AS DETERMINED BY THE UNITED STATES SUPREME COURT.
WILLIAMS V. TAYLOR ( 2000) 146 L. Ed. 2d 389 at 425,427;

12: THE MERITS OF THE FACTUAL DISPUTE WERE NOT
RESOLVED: SEE PETITION ,NO:o3-T-502-E; amendment ' wheter
trial court commit reversible error, when the court
admitted CYNTHIA THROWERS IN COURT IDENTIFICATION OF THE
DEFENDANT (III) STATEMENT OF THE FACTS PAGE (II) THROUGHOUT
(XIII). SEE SUMNER V. MATA, 455 u.s. 592, 597 (
1982;

13: AS THE CLAIM TURNS UPON THE FACTS, THE TESTI,ONY
AT THE TRIAL REGARDING THE DEFENDANT AND THE
IDENTIFICATION, SECONDARY FACTS BY WHICH A PRINCIPLE FACT
MAY BE RATIONALLY INFERRED: THE ALLEGED VICTIM TESTIFIED
AT TRIAL IN CASE CC-98-1095 THAT: PEOPLE TOLD HER WHAT
TO SAY ABOUT TIMMY [SUNDAY]. TOLD HER WHAT TO TELL
DEFENSE COUNSEL, THE COURT AND THE JURY.

14: CLAIM I(i) PETITIONERS CONVICTION WAS OBTAINED AS A
RESULT OF INEFFECTIVE ASSISTANCE OF COUNSEL AT TRIAL, AS
GUARANTEED BY THE UNITED STATES CONSTITUTION, FIFTH,
FOURTEENTH AMENDMENTS, SIXTH THERETO.STRICKLAND V. WASHINGTON
466 U.S. 668 ( 1984):

TRIAL COUNSEL MR. JEFF TICKAL WAS INEFFECTIVE FOR FAILING
TO OBJECT AND PRESERVE FOR DIRECT REVIEW THE ASSISTANT
DISTRICT ATTORNEY GAIL MEEKS KNOWING USE OF PERJURED
TESIMONY. BECAUSE THE RECORD CONTAINS EVIDENCE THAT THE
PROSECUTOR KNOWINGLY USED PERJURED TESIMONY TO OBTAIN A
CONVICTION (R. 383) CC-98-1095 OR THAT THE PERJURED
TESTIMONY WAS ON A MATTER OF SUCH IMPORTANCE THAT THE
NEWLY DISCOVERED EVIDENCE (R.386, 680) CC-98-1095 WOULD HAVE
PREVENTED A CONVICTION, THIS COURT SHOULD FIND TRIAL
COURT ABUSED ITS DISCRETION IN DENYING [SUNDAYS] RULE 32,
POST CONVICTION APPLICATION. 5 USC § 706.
   VISABLE FROM THE SWORN TESTIMONY, IT IS CLEAR, THE
CLERK RECORD 0022; PG. -2- OF THE SUPPORTING FACTS FOR
CLAIM NO.I(i) FILED JULY, 2001 IN OFFICE CORINNE T. HURST
CIRCUIT CLERK OF THE LEE COUNTY COURTS CASE UNDER ATTACK
# CC-98-1095.
   ADDITIONALLY, THOUGH NOT MENTIONED BY RESPONDENTS,
ASSISTANT ATTORNEY GEN. "MR. JOHN M. PORTER, [CYNTHIA] SHE
TESTIFIED AT RULE 39(K) MOTION CC-98-1095 FILED BY
ATTORNEY ROBYN McINTYRE CASE CC-98-1045, PAGE 386 FROM
LINE 22 to 25 ³CORRECTED PAGE 386 kept back from the
courts review or misrepresented by respondents committing
fraud upon the court. see appendix #
_B #3, "Exh. 9-II Ci'vAct. 03-T-502-E_

13:    PETITIONERS 60(b) MOTION REASSERTS CLAIMS FOR HABEAS

CORPUS RELIEF THAT WERE PRESENTED IN HIS ORIGINAL

PETITION. THE MOTION EXPRESSLY RELIES ON EVIDENCE ... IN

THE ... RECORD CASE # CC-98-1095 OF THE ORIGINAL PROCEEDING

AND THE BASIS FOR 60(b) MOTION OF THE RULES OF FEDERAL

PROCEDURE.

   IN CHESSMAN V. TEETS ( 19550 350 U.S. 3, 100 L. Ed.4, 76

S. Ct. 34; IT APPEARED THAT ONE OF CRIME IN A

CALIFORNIA COURT PETITIONED A FEDERAL COURT FOR HABEAS

ALLEGING THAT THE HIGHEST CALIFORNIA COURT, IN HEARING HIS

APPEAL HAD BEFORE IT A TRANSCRIPT OF THE TRIAL PROCEEDINGS

WHICH HAD BEEN FRAUDULENTLY PREPARED BY THE PROSECUTING

ATTORNEY AND THE COURT REPORTER. THE DISTRICT COURT

SUMMARILY DISMISSED THE APPLICATION AND THE COURT OF

APPEALS FOR THE NIN TH CIRCUIT AFFIRMED. ON CERTIORARI

-14-

FIVE MEMBERS OF THE SUPREME COURT, **REED, BURTON AND CLARK, JJ**, DISSENTED WITHOUT OPINION, **WARREN, CH. J.** DID NOT PARTICIPATE, IN PER CURIAM OPINION, REVERSED THE JUDGMENT OF THE COURT OF APPEALS AND REMANDED THE CASE TO THE DISTRICT COURT FOR A HEARING. IT WAS STATED THAT, WITHOUT INTIMATING ANY OPINION REGARDING THE VALIDITY OF THE PETITIONERS CLAIM, IN THE CIRCUMSTANCES DISCLOSED BY THE RECORD THE PETITION SHOULD NOT HAVE BEEN SUMMARILY DISMISSED.

THE COURT IN PRICE V. JOHNSTON (1948) 334 US 266, 92 L. Ed. 1356, 68 S Ct 1049, HELD THAT A DISTRICT COURT ERRED IN DISMISSING , WITHOUT A HEARING, A PETITION FOR HABEAS CORPUS FILED BY ONE CONVICTED OF CRIME IN A FEDERAL COURT. WHERE ALTHOUGH IT APPEARED THAT THREE EARLIER PETITIONS FOR HABEAS CORPUS BY THE SAME PETITIONER HAD BEEN DENIED, THE FOURTH PETITION CONTAINED THE ALLEGATION THAT THE PETITIONERS CONVICTION WAS OBTAINED BY TESTIMONY WHICH THE PROSECUTION KNEW TO BE FALSE, THIS CONTENTION WAS NOT MADE IN THE THREE EARLIER PETITIONS, AND ALTHOUGH PETITIONER KNEW, AT THE TIME HE MADE THE EARLIER PETITIONS, THAT THE SINGLE WITNESS FOR THE PROSECUTION HAD CHRGED HIS TESTIMONY AFTER CONFERENCE WITH THE PROSECUTING ATTORNEY, IT DIDNOT APPEAR EITHRT THAT HE THEN KNEW THAT THE CHANGED TESTIMONY TO BE FALSE, OR THAT THERE WERE NO ADEQUATE REASONS FOR NOT MAKING THE ALLEGATIONS EARLIER (SUCH AS UNAWARENESS OF THE SIGNIFICANCE OF THE RELEVANT FACTS).

15:    THE    PETITIONS    FOR    LEAVE    TO    APPEAL    STATE    SPECIFIC
OBJECTIONS    TO    THE    JUDGMENT    CC98-1095'    CIV.ACT.    03-T-    502-E
REGARDING    CIRCUMSTANCES    PRESENT    IN    THIS    CASE    WHICH    ENTITLE
[SUNDAY]    IN    THE    INTEREST    OF    JUSTICE.    SPECIAL    CIRCUMSTANCES
EXIST    THAT    THE    ONE    YEAR    TIMELINE    RESPONDENTS    ALLEGE    IN
RECOMMENDATION    OF    THE    MAGISTRATE    JUDGE    PG.    #3.    THE    STATE
CREATED    AN    IMPEDIMENT    (OBSTRUCTION    OR    HINDERENCE)    IN
VIOLATION    OF THE    CONSTITUTION OR    LAWS    OF    THE    UNITED STATES
THAT PREVENTED    PETITIONER    FROM    FILING    THE    APPLICATION OR
MOTIONS, IN    HIS    HABEAS    CORPUS    PETITION    BECOMES    DUE ONE
YEAR    AFTER    THE    UNCONSTITUTIONAL    OR    ILLEGAL    IMPEDIMENT    WAS
REMOVED. 28 U.S.C.    § 2244 (d)(1)(B)(2000). EXAMPLE:

[i]: THE    STATES    WITHHOLDING    OF    EXCULPATORY    EVIDENCE    : APP.
#. *APPendix B # 2; Exh-5-CA 03-T-502-E: APP. III + II.*    :

IN    VIOLATION    OF    BRADY    V.    MARYLAND, 373 U.S.    83, 83    S. Ct.
2531, 10    L. Ed. 2d    215 (1963): SEE    EDMOND    V.    UNITED STATES
ATTORNEY    959 F. Supp. 1,4 (DD.C.1997);

[ii]:    THE    STATE    CREATED    IMPEDIMENT    MAY    BE    INADEQUATE
PRISON    LIBRARIES.    SEE WHALEM/HUNT    V. EARLY 233 F. 3d    1146
(9th Cir. 2000)(remanding  case  for  evidentiary  hearing  as to
whether    petitioners    claim    that    an    unconstitutional
impediment    existed    because of    lack    of    information    in the
prison    law    library    may    be    upheld).    where    state    prison
authorities, in    violation    of    equal    protection    clause    of
fourteenth    amendment, frustrated    prisoners    attempt    to    file
timely    appeal    from    his    conviction,    federal    district    court
in    habeas    corpus    proceedings    should    enter    such    orders    as
are    appropriate    --

TO ALLOW STATE REASONABLE TIME IN WHICH TO AFFORD PRISONER FULL PPELLATE REVIEW HE SHOULD HAVE RECIEVED DUT FOR FRUSTRATION OF HIS APPEAL, FAILING WHICH HE SHALL BE DISCHARGED. DOWD V. UNITED STATES (1951) 340 U.S. 206, 95 L.ed. 215, 71 S Ct. 262, 19 ALR 784.

THE PETITIONS FOR APPEAL STATE SPECIFIC OBJECTIONS TO THE JUDGMENT, REGARDING INJURUES HE RECEIVE FROM PRISON OFFICIALS DURING HIS ACCESS TO APPEAL, TO COURT, RESOURCES, AND CASES WERE DISMISSED. THE LAW LIBRARY ACCESS WAS WOEFULLY INADEQUATE, MALFUNCTIONING TYPEWRITERS. LAW LIBRARY SUPERINTENDENT OFFICER GAVINS PLACED UNEQUAL TREATMENT TO PETITIONER AN INMATE. SEE BOUNDS V. SMITH 430 US 817,823, 97 S. Ct. 1491, 1495, 52 L. ed 2d 72,79 (1977); MANN V. SMITH 796 F. 2d 79 ,83-85 (5th Cir.86): WILLIAMS V. LEOKE 584 F. 2 1336, 1340 ( 4th Cir. 78) CERT. DENIED 442 U.S. 9111 (1979); STRAUB V. MUNGE 815 F. 2d 1467, 1470 (11th Cir. 87); GILMORE V. LYNCH 319 F. Supp.105,111 (N.D.Cal.70): KNOP V. JOHNSON 977 F. 2d 996 , 1000(6th Cir. 92): BONNER V. CITY OF PRITHARD ALA. 661 F. 2d 1206, 1212-13 (11th Cir. 81): WOLFF V. McDONNELL 418 U.S. 539, 579, 94 S. Ct. 2963 (1974): PETERKIN V. JEFFES 855 F. 2d at 1037 : JACKSON V. PROCUNIER 789 F. 2d 307, 311 (5th Cir. 81): COFIELD V. ALABAMA PUBLIC SERVICR COMMISSION 936 F. 2d 512, 517 ( 11th Cir. 91);
[SUNDAY], PRISONER IN SEG, DURING HIS APPEAL PROCESS AT THE TIME OF FILINGS WERE SUPPOSED TO HAVE ACCESS TO THE LAW LIBRARY.

-17-

HOWEVER, ONCE OR TWICE A WEEK WERE DELIVERED TWO BOOKS FROMM MARH 3, 2006 TO APRIL 17 [RECOMENDATION pg.#2]. 16; PETITIONER REQUESTED EXIGENTLY AN INK PEN TO WRITE CERTIORARI AND OFFICER GAVINS DENIED REQUEST, THEREFORE PETITIONER DID NOT HAVE WRITING RESOURCES TO ANSWER PETITIONS, APPLICATIONS TO THE COURT SYSTEM TO APPEAL, AND WAS DENIED FILING BECAUSE OF OUT OF TIME. PETITIONER FILED NUMEROUS REQUESTS, COMPLAINTS ADDRESSED TO OFFICER GAVINS, HIS UNCLE CAPT. SCONYERS COMPLAINTS OF FACING COURT DEADLINES AND OF BEING DENIED ACCESS TO THE LAW LIBRARY AND RESOURCES TO ANSWER AND PRESENT APPLICATIONS TO APPEAL.PETITIONER ADVISED OFFICER GAVINS OF LEGAL PROCEEDINGS, ACCESS, RE SOURCES NEEDED. GRIEVANCES FILED SINCE MAY 20, 2003 [WHEN SUNDAYS 1st HABEAS CORPUS PETITION WAS GRANTED ACCES INFORMA PAUPERIS, [ SUNDAY ARRIVED AT EASTERLING CORRECTIONAL FACILITY AND ALL HAVE BEEN UNANSWERED AND PETITIONER HAS BEEN DENIED ADEQUATE ACCES TO THE COURTS, IMPOSED , IMPEDED BY ACTIONS OF SUCH PRISON OFFICIAL MISCONDUCT, AS [SUNDAY[ PLEAS TO THIS HONORABLE COURT ACTUAL INOCENSE, OF BEING VICTIM OF A FUNDAMENTAL MISCARRIAGE OF JUSTICE AND PRESENTS CIRCUMSTANCES, FRUSTRATED OR IMPEDED IN PURSUING NONFRIVOLOUS CLAIMS BECAUSE OF THESE INADEQUACIES. " SEE THE RECORD: SEE LEWIS V. CASEY, 518 U.S. 343, 349 , 116 S. Ct. 2174,2179, 135 L. Ed. 2d 606, 616 (1996), 351 Id; STATE HAS NOT FULFILLED ITS DUTY BY PROVIDING PETITIONER WITH LEGAL RESOURCES, MATERIALS PERTAINING TO STATE IN WHICH CONVICTION WAS DECIDED. SEE eg.CANY V. FARRELLY 957 F. Supp. 727, 741-42 (D.V. 1997).

17; THE MAIL PROCEEDING SYSTEM AT THE PRISON WAS WOEFULLY INADEQUATE. MAIL WAS FREQUENTLY LOST OR MISPLACED, RETURNED TO SENDER. PETITIONER RECEIVED MAIL WITH COURT DOCUMENTS CUT IN PIECES, UNREADABLE, ENVELOPES MARKED RECEIVED WITH THE DATE OF ALMOST TWO MONTHS BEFORE STAMPED ON THEM.[SUNDAYS] COURT ORDERS WERE RETURNED TO THE ELEVENTH CIRCUIT COURT OF APPEALS SAYING INMATE EXPIRED, COURT ORDERED PETITIONER TO RESPOND WITHIN 14 DAYS, OR BE DISMISSED. SUNDAY SIGNED FOR LEGAL DOCUMENTS ON OR AROUND APRIL12, ORDERED MARCH? 3, AROUND 42 days after order . prison logs or other records evidence delivery by prison authorities the day [SUNDAY] SIGNED AND RECEIVED. WASHINGTON V. UNITED STATES 243 F. 3d 1299, 1301 (11th Cir. 2001):GRVEY V. VAUGHN 993 F. 2d 776 , 780 ( 11th Cir. 93):ADAMS V. UNITED STATES 173 F. 3d 1339, 1340-41(11th Cir. 99): HOUSTON ·V. LACK 487 U.S. 266, 271-272 ( 1988).

18: PETITIONER [ SUNDAY] HAS SUFFERED EXTREME EMPTIONAL HARM AND DEPRESSION, EMBRACING ALL FORMS OF MENTAL PAIN, INCLUDING DEEP GRIEF, DISTRESS, ANXIETY AND FRIGHT. THE LOSS OF ACTIONS IN THE ELEVENTH CIRCUIT COURT OF APPEALS, THE UNITED STATES SUPREME COURT REFUSING TO FILE APPEAL BECAUSE PETITIONER WAS OUT OF TIME, BECAUSE OFFICER GAVINS WOULD NOT PROVIDE AN INK PEN TO WRITE APPEAL WHEN REQUESTED,. THE ABOVE COURTS, HAVE HELD THAT THE RIGHT OF ACCESS TO THE COURTS INCLUDES PROVIDING INDIGENT PRISONERS WITH PAPER AND PEN TO DRAFT LEGAL DOCUMENTS, WITH SERVECES OF A NOTARY TO AUTHENTICATE THEM, AND WITH STAMPS TO MAIL THEM. BOUNDS V. SMITH 430 U.S. 817, 824-25, 97 S.Ct.1491,1496, 52 L. Ed. 2d 72, 81 (1977).

CONCLUSION

APPLICATION TO APPEAL SHOULD BE GRANTED AND FORE THE FORGOING REASONS IS NOT A @ND AND SUCCESIVE PETITION.

-19-

<u>CERTIFATE</u> <u>OF</u> <u>SERVICE</u>

I   HEREBY   CERTIFY   THE    ABOVE    INSTRUMENTS    MAILED
DEPOSITED    IN    THE    UNITED   STATES   POSTAL    SERVICE    TO
RESPONDENT   STATE   OF   ALABAMA,  AND   THE   COURT   THIS   THE   23rd
DAY   OF   AUGUST   2007.
PURSUANT   TO   TITLE    28 UNITED   STATES   CODE   SERVICE   I
DECLARE.UNDER   SECTION   1746.
      ,,

_In Sunday_ ---------------------------------------------

TIMOTHY   LEE   SUNDAY , INCARCERATED PETITONER  PRO SE.

Timothy Lee Sunday #213453
Easterling Cor. Fac.
200 Wallace Drive
Clio, AL 36107

CASE 3:07-CV-00723-MEF-WC

This correspondence is forwarded from an
Alabama State Prison. The contents have not been
evaluated and the Alabama Department of
Corrections is not responsible for the substance
or content of the enclosed communication.

Office of The Clerk
United States District Court
P.O. Box 711
Montgomery, Alabama 36101-
0711

United States District Court

RECEIVED

2007 AUG 27 A 9: 26

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

TIMOMTY  LEE SUNDAY  AIS  213453

EASTERLING CORRECTIONAL  FACILITY

200 WALLACE  DRIVE

CLIO  AL 36017-2613

----------------------------------------

CASE   3:07cv723


TIMOTHY  LEE SUNDAY , 213453,


PETITIONER,


V.


LEE COUNTY  CIRCUIT  COURT, et al.,


respondents.

IN THE  UNITED  STATES  DISTRICT  COURT

FOR  THE  MIDDLE  DISTRICT  OF  ALABAMA

TIMOTHY  LEE  SUNDAY , PETITIONER V.  GWENDOLYN  MOSELY, WARDEN

EASTERLING CORRECTIONAL  CENTER:

---

ON  RULE  60 b MOTION  TO  THE  COURT  OF  APPEALS  FOR

THE WRIT  OF  HABEAS  CORPUS

---

### FACTS

**COUNT ONE  :**
THE  STATE  OF  ALABAMA, LEE  COUNTY CIRCUIT  COURT,  FALL

TERM, 1998 ; the  grand  jury  of  said  county  charge  that

before  the  finding  of  this  Indictment CC98-1095 TIMOTHY

LEE SUNDAY, ALIAS TIMMY  SUNDAY , WHOSE  TRUE  CHRISTIAN  NAME

IS  OTHERWISE  UNKNOWN  TO THE  GRAND  JURY,  DID  ENGAGE

IN  SEXUAL  INTERCOURSE  WITH  CYNTHIA  DAWN  THROWER, A  FEMALE,

WHOS  WAS  INCAPABLE OF  CONSENT  BY  REASON  OF  BEING  PHYSIC-

ALLY  HELPLESS  OR  MENTALLY  INCAPACICITATED, IN  VIOLATION

OF § 13 A-6-61 OF THE  CODE  OF  ALABAMA,

COUNT II:

**AND  THE  GRAND  JURY  FURTHER  CHARGE  THAT  BEFORE  THE**

**FINDING** OF THIS  INDICTMENT CC 98- 1095,01 TIMOTHY  LEE SUNDAY,

ALIAS  TIMMY  SUNDAY, WHOSE  TRUE  CHRISTIAN  NAME  IS  OTHERWISE

UNKNOWN  TO  THE  GRAND  JURY, A  MALE, DID ENGAGE  IN  SEXUAL

INTERCOURSE  WITH  CYNTHIA  DAWN  THROWER, A  FEMALE, BY  FORCIB-

LE COMPULSION, IN  VIOLATION OF  § 13 A-6-61 OF THE  CODE

OF  ALABAMA.

-1-

CONTRARY TO RESPONDENTS RECOMMENDATION. IN THE PRIOR HABEAS ACTION, THIS COURT DENIED [SUNDAY] RELIEF FROM HIS SEXUAL ABUSE CONVICTION WITHOUT REVIEWING THE MERITS OF PETITIONERS CLAIMS. CLEARLY ESTABLISHED LAW PROVIDES THE RELIEF REQUESTED.28 USCS § 2244; THE AMENDMENT PROPOSED TO MODIFY THIS PROVISION SO THAT, WHILE A JUDGE NEED NOT ENTERTAIN SUCH A LATER APPLICATION FOR THE WRIT UNDER SUCH CIRCUMSTANCES, HE IS NOT PROHIBITED FROM DOING SO IF IN HIS DISCRETION HE THINKS THE ENDS OF JUSTICE REQUIRE ITS CONSIDERATION. IN VIEW OF THE AMENDMENT WHICH WILL PERMIT A SECOND APPLICATION TO BE CONSIDERED WHEN THE ENDS OF JUSTICE REQUIRE IT, THE ORIGINAL PROVISION OF THE SECTION, AUTHORIZING THE JUDGE WHO HEARD THE ORIGINAL APPLICATION TO GRANT A REHEARING THEREOF, IS OMITTED BY THE AMENDMENT AS UNNECESSARY.ACCORDINGLY THE REFERENCE TO REHEARING IN THE CATCH LINE OF THE SECTION IS OMITTED."A CLAIM CONTAINED IN A STATE PRISONERS SUCCESSIVE PETITION THAT WAS PRESENTED IN A PRIOR PETITION "SHALL BE DISMISSED." 28 USCS § 2244(b)(1). HOWEVER, THIS APPLIES ONLY TO CLAIMS THAT WERE DISPOSED ON THE MERITS.SLACK V. McDANIEL, 529 U.S. 473, 146 L.Ed. 2d 542, 120 S Ct. 1595 (20000).NEVER THE LESS, SUPREME COURT REVIEW OF A SUCCESSIVE PETITION MAY STILL AVAILABLE BECAUSE THE SUCCESSIVE PETITION CAN BE FILED AS AN ORIGINAL PETITION IN THE SUPREME COURT, UNDER 28 USCS § 2241(a). FELKER V. TURPIN, 518 U.S. 651, 135 L. eD . 2d 827.

1- [i]

THE JUDGMENT OF THE MIDDLE DISTRICT COURT WAS ENTERED ON PETITION FOR WRIT OF HABEAS CORPUS, FILED ON MAY 6, 2003 IN THE COURT [Id]:CIV.ACT 03-T-502-E JURISDICTION OF THIS COURT IS INVOKED UNDER 28 U.S.C. 1254(1); THE LOWER COURT HAD JURISDICTION UNDER 28 U.S.C. 1651. THE FOLLOWING JURY TRIAL IN THE STATE OF ALABAMA [CASE CC -98-1095] PETITIONER WAS CONVICTED FOR SEXUAL ABUSE IN THE FIRST DEGRE.[SEE STATEMENT OF FACTS/TRIAL AND DIRECT APPEAL. CIV. ACT. 03-T- 502-E IN THE UNITED STATES DISTRICT FOR THE MIDDLE DISTRICT OF ALABAMA EASTERN DIVIS-ION].MAY 7, 2003 THIS CAUSE IS BEFORE THE COURT ON A 28 U.S.C. § 2254 PETITION FOR WRIT OF HABEAS CORPUS FILED BY TIMOTHY LEE SUNDAY, THE PETITIONER," VANZETTA PENN McPHERSON UNITED STATES MAGISTRATE PRESIDED PROCEEDING,MYRON THOMPSON.

SEE CONVICTION OR SENTENCE (PURSUANT TO RULE 32, ALABAMA RULES OF CRIMINAL PROCEDURE) FILED july 24, 2001 CASE # cc-98-1095 DATE OF JUDGMENT OF CONVICTION 2-17-00, LEE COUNTY , NOV. 8th 2003 IN THE UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT CIV. ACT 03-T- 502-E docket no.03-00-502 CV-T-E ENCLOSED MOTION FOR PANEL REHEARING, ADDENDUM FOLLOWING CERTIFICATE OF SERVICE B-1 through B-17 BY PERMISSION TO APPEAL IN THE FORM OF A CERTIFICATE OF APPEALABILITY [COA] C-1 THRUE C-66] (Id).

FILED SEPT,22, 2003; APPEAL FROM THE UNITED STATES DISTRICT
COURT FOR THE MIDDLE DISTRICT OF ALABAMA BEFORE ,**BLACK,**
**BARKETT AND HULL, CIRCUIT JUDGES BY THE COURT. THIS**
**APPEAL WAS DISMISSED,** SUA SPONTE, FOR LACK OF JURISDICT-
ION. THE MAGISTRATE JUDGES SEPT. 17, 2003 ORDER DENYING
TIMOTHY LEE SUNDAYS MOTION FOR CLARIFICATION IS NOT
FINAL AND APPEALABLE. SEE 28 U.S.C. §§ 636 (b)(c) & 1991,
PEREZ-PRIEGO V.ALACHUA COUNTY 148 F. 3d 1272,1273 (11th
Cir. 1998);DONOVAN V. SARASOTA CONCRETE CO. 643 F. 2d
1061,1066-1067 (11th cir. 1982); GLOVER V. ALABAMA Bd. OF
CORRECTIONS 660 F. 2d 120,122 (5th Cir. UNIT B OCT.1981).

   MOTION FOR PANEL REHEARING: ADDENDUM FOLLOWING THE
CERTIFICATE OF SERVICE WAS FILED NOV. 8th, 2003, CIV.ACT
no. 03-T-502-E docket 31, FILED SEPTEMBER 22, 2003 (Doc.
30) WHICH THE COURT IS TREATING AS A MOTION TO PROCEED
ON APPEAL IM FORMA PAUPERIS FILE OCT. 1, 2003. THE
COURT IS OF THE OPINION, THAT THE PETITIONERS APPEAL
IS WITHOUT A LEGAL OR FACTUAL BASIS AND, ACCORDINGLY
IS FRIVOLOUS AND NOT TAKEN IN GOOD FAITH. SEE RUDOLPH
666 F. 2d 519, 520 (11th Cir. 1982); BROWN V. PENA 441 F.
Supp. 1382 (S.D. Fla. 1977),Aff'd WITHOUT OPINION 589 F.
2d 1113 (5th Cir.1979). ACCORDINGLY IT IS ORDERED THAT
THE PETITIONERS MOTION TO PROCEED ON APPEAL IN FORMA
PAUPERIS BE AND IS THEREBY DENIED, AND THAT THE APPEAL
IN THIS CAUSE BE AND IT IS THEREBY CERTIFIED PURSUANT
TO 28 U.S.C. § 1915 (A) AS NOT TAKEN IN GOOD FAITH.
DONE 1st day of OCT. 2003 MYRON H. THOMPSON U.S. DISTRICT
JUDGE.                          -3-

THE ENTITLED PETITION WAS APPLIED FOR CERTIORARI TO
THE UNITED STATES SUPREME COURT AND RETURNED, RECEIVED
SIGNED FOR 12-28-06, ESTERLING COR.FAC. DORM 7 SIGNED
FOR ON INSTITUTIONAL LOG.PETITIONER OBJECTED TO THIS
CLERK REFUSING TO FILE AND ACCEPR THIS ACTION AS UNCON-
STITUTIONAL, AND ALLEGING THAT THE HIGHEST STATE, FEDERAL
COURTS OF ALABAMA, ELEVENTH CIRCUIT, FOR HABEAS CORPUS
IN HEARING MY APPEAL WAS DENIED. A CONTROVERSY, HAD
BEFORE IT TRANSCRIPTS OF TRIAL PROCEEDINGS . (T.R. 386)(
CORRECTED PAGE 386) THAT WAS HELD BACK FROM THE COURTS
REVIEW, OR KNOWLEDGE OR IGNORED OF TRIAL PROCEEDINGS CC-
98-1095 FRAUDULENTLY PREPARED BY THE PROSECUTOR GAIL
MEEKS, NICK ABBOTT AND THE COURT REPORTER:[T.R.386:APPENDIX
B#3] TRIAL RECORD 680 ;THE SAME THING HAPPENED IN **DAVIS
V. ZANT** 36 F. 3d 1538 at1546 [11]; AND POSSIBLY CORINNE
T. HURST, CLERK,.IN LOVING V. UNITED STATES (1996) 517
US 748, 135 L Ed. 2d 36, 116 S.Ct. 1737; RASUL V. BUSH
(2004) 159 L Ed 2d 548; THE COURT CONCLUDED THAT ANY
PERSON , INCLUDING AN ENEMY ALIAN, DEPRIVED OF HIS LIBERTY
IN EISENTRAGER, 329 US at 767, 94 L ed 1255, 70 S Ct
936 --ANYWHERE UNDER ANY PURPORTED AUTHORITY OF THE
UNITED STATES IS ENTITLED TO THE WRIT IF HE CAN SHOW
THAT EXTENSION TO HIS CASE OF ANY CONSTITUTIONAL RIGHTS
OR LIMITATIONS WOULD SHOW HIS IMPRISONMENT ILLEGAL: [AND]
THAT. COURTS MUST BE HELD TO POSSESS STATUTORY JURISDICT-
ION AS PART OF THE JUDICIAL POWER OF THE UNITED STATES.

-4-

PETITIONER HAS A CONSTITUTIONAL RIGHT TO HABEAS CORPUS SECURED BY THE SUSPENSION CLAUSE, U.S. CONST. ART. I ,§ 9, cl. 2, REASONING THAT , "IF A PERSON HAS A RIGHT TO A WRIT OF HABEAS CORPUS, HE CANNOT BE DEPRIVED OF THE PRIVILEGE BY AN OMISSION IN A FEDERAL JURISDICT- IONAL STATUTE,"EISENTRAGER V. FORRESTAL, 174 F. 2d , at 965. THE GREAT WRITS "ABILITY TO CUT THROUGH BARRIERS OF FORM AND PROCEDURAL MAZES,"HARRIS, 394 US, at 291, 22 L ed 2d 281, 89 S Ct 1082,;PROPER RESPONDENT IS THE PERSON "GWYNDOLIN MOSLEY, WARDEN EXERCISING THE LEGAL REALITY OF CONTROL OVER THE PETITIONER SUFFERS FROM THE SAME LOGICAL FLAW. PADILLA V. RUMSFELD 352 F. 3d 695 at 705,707 (2nd cir. 2003):28 USC §2242 [28 USCS § 2242]; SEE ALSO § 2243 (THE WRIT, OR ORDER TO SHOW CAUSE SHALL BE DIRECTED TO THE PERSON HAVING CUSTODY OF THE PERSON DETAINED"): FAY V. NOIA 372 US 391, 9 L ed 2d 837, 83 S Ct 822; [*372 US 421] CHESSMAN V. TEETS ( 1955) 350 US 3, 100 L ed 4, 76 S Ct 34.

REASONS FOR GRANTING THE WRIT :
PETITIONER CLAIMS THAT THE [AEDPA] UNCONSTITUTIONALLY RESTRICTS THIS COURTS JURISDICTION, IS A LEGISLATIVE ACT, IN ANY FORM, THAT APPLIES " EITHER TO NAMED INDIVID- UALS OR TO EASILY ASCERTAINABLE MEMBERS OF A GROUP AS PETITIONER [A PRISONER] IN SUCH A WAY AS TO INFLICT PUNISHMENT WITHOUT A JUDICIAL TRIAL. CARMELL V. TEXAS ( 2000) 529 US 513, 146 L Ed 2d 577 at 597, 120 S Ct 1620; EX POST FACTO LAWS, [ 529 US 538].

A BILL OF ATTAINDER IS A LEGISLATIVE ACT WHICH INFLICTS
PUNISHMENT WITHOUT JUDICIAL TRIAL...[L]EGISLATIVE ACTS,
NO MATTER WHAT THEIR FORM,, **THAT APPLY EITHER TO NAMED
INDIVIDUALS** OR TO EASILY ASCERTAINABLE MEMBERS OF A
GROUP IN SUCH A WAY AS TO INFLICT PUNISHMENT ON THEM
WITHOUT A JUDICIAL TRIAL ARE BILLS OF ATTAINDER PROHIBIT-
ED BY THE CONSTITUTION . UNITED STATES V. LOVETT, 328
US 303, 315-316, 90 L ed 1252, 66 S ct 1073 ( 1946)( internal
quotation marks omitted). THE PROHIBITIONS ON EX POST
FACTO LAWS AND ON BILLS OF ATTAINDER ARE OBVIOUSLY
CLOSELY RELATED. SEE E.G..FLETCHER V. peck, 6 CRANCH
87, 138-139, 3 L Ed 162 (1810); CAL. DEPT. OF CORRECTIONS
V. MORALES ( 1995) 514 US 499, 131 L Ed 2d 588 at 604,
115 S Ct 1547; GARMER V. JONES ( 2000) 529 US 244, 146
L eed 2d 236 at 248, 120 S Ct 1392;AND AN EX POST
FACTO , BOUIE V. COLUMBIA ,378 US 347, 12 L ed 2d 894,
84 S ct 1697 ; THOMPSON V. UTAH , 170 US 343, 42 L Ed 1061,
18 S ct 620; CALDER V. BULL (US) 3 DAll 386, lL ed 648.
  THE STATUTE AT BAR IS SO BROAD AND DISCRIMINATIVE
IN ITS REACH AS TO BE UNCONSTITUTIONAL UNDER THE FIFTH
AMENDMENT ALONE. APTHEKER V. SECRETARY OF STATE, 378
US 500, 12 L ed 2d 992, 84 S ct 1659; SHELTON C TUCKER,
364 US 479, 5 L ed 2d 231, 81 S ct 247;KANSAS V KENDRICKS
(1997) 521 US 346, 138 L ed 2d 501 at 526, 117 S ct 2072.

-6-

ABUSE OF 2: PETITIONER ALLEGES THAT THERE ARE CIRCUMSTANCES PRESENT IN THIS CASE WHICH " WOULD" ENTITLE [ SUNDAY] TO RELIEF. PETITIONER IS WITH PERSONAL KNOWLEDGE OR INFORMATION SUFFICIENT TO FORM A BELIEF AS TO APPEAL FROM LEE COUNTY COUNTY VIRVUIT COURTS DECISIONS " CC 98-1095 : ALABAMA COURT OF CRIM. APP. DECISION CR-01-0207: IS AN ABUSE OF DISCRETION AND PRISONER HAS NOT HAD ADEQUATE ACCESS TO THE COURTS THROUGHOUT HIS INCARCERATION. AS TO EXH. # 1, CC-98-1095, CIV. ACT. NO. 03-T-502-E, THE COURT ABUSED ITS DISCRETION,DENIED APPEAL ON THE MERITS, violating 5 U.S.C. § 706 AND 28 U.S.C.§1343 CIV. RIGHTS AND selective franchise, THE PETITIONER IN THE DISTRICT COURTS SHALL HAVE ORIGINAL JURISDICTION OF ALL CIVIL ACTIONS ARISING UNDER THE CONSTITUTION, LAWS OR TREATIES OF THE UNITED STATES , SEE 28 U.S.C. § 1985;§ 1986. AS TO CIVIL NO. 03-T-502-E, THE PLEADING FILED BY [SUNDAY] ON FEB. 2, 2004, in which the court construes as motion to amend petition wherein petitioner asserts additional claims in support of his petition for relief, and for good cause. IT WAS ORDERED BY THE FED. MAG THAT : -- THE MOTION TO AMEND IS GRANTED--[ SEE AMENDED PETITION]. AS [ SUNDAY] ALSO ALLEGES TO THIS COURT. MAJ.VANZETTA PENN ,cPHERSON, US DISTRICT JUDGE MYRON THOMPSON DENIED REVIEW ON THE MERITS OF CLAIMS PRESENTED. HE AUTHORED A ONE PAGE OPINION OF CIVIL ACTION NO. 03-T- 502-E. THE RELIEF ALONE WAS INADEQUATE TO RESOLVE CONTROVERSY BETWEEN THE PARTIES." FERRELL, ET AL RESPONDENTS FEARED FURTHER LITIGATION BY "[MR. SUNDAY].

-7-

ACCORDINGLY SUNDAY PURSUED COMPLAINTS DEPOSITED INTO THE UNITED STATES DISTRICT COURT AND 1-20-04 CIV. ACT.03-T-502-EE,' opposition to said recommendations of magistrate ' mcPHERSON, OBJECTIONS MADE IDENTIFYING FINDINGS IN THE RECOMMENDATION OBJECTED TO AS REQUIRED BY LAW.THE PRTITIONER EXERCISED IN DISCOVERY," FED.RULE of civ. proc. 26 (b)(1) AND 33 AND PETITIONER SHOWS GOOD CAUSE FOR EXAMINATION. SCHLAGENHAUS V. HOLDER 379 U.S. 104, 118 (1964):SWINT V. CHAMBERS COUNTY COMMISSION(1995) 514 US 35, 131 L.Ed 2d 60, 115 S CT 1203 : FERNANDEZ-ROQUE V. SMITH 671 F. 2d 426 (1982) AT 431 'supra';

3; PETITIONER OBJECTS TO THE MAGISTRATES FINDINGS. SEE 28 § 636(b)(1)(C): LEWIS V. SMITH 855 F. 2d 736, 738 ( 11th cir. 1988); nettles v. wainwright 677 F. 2d 404 (5th Cir. unit b 1982)(en banc).

4: PETITIONER LISTED PARTIES WHO HAS INFORMATION ABOUT LAWSUIT COMPLAINTS APPEAL. IN DISCLOSURE (A) AND DISCLOSURE (B) PROVIDING MORE INFORMATION EVIDENCE. FED. R. CIV. PRO. 26 (A)(l).

5: PETITIONER SEEKS REVIEW OF THE DISTRICT COURTS CORDERS IN DENOVO DETERMINATION BY THE DISTRICT JUDGE, OF THE FACTUAL FINDINGS OF THE MAGISTRATE 28 U.S.C. § 636(b)(1)(C):LEWIS V. SMITH," SUPRA, : NETTLES V. WAINWRIGHT " SUPRA".

6; PETITONER ALLEGES THAT TAPES AND ORIGINAL RECORDS IN THIS CASE ARE ADEQAUTE FOR PURPOSES OF REVIEW. PURSUANT TO 28 U.S.C. § 1915 AND FED. R. CIV. P. 72(b), PETITIONER OBJECTS ACCORDINGLY, BUT IS UNABLE TO PAY THE FEE FOR A TRANSCRIPT, AND RESPECTFULLY BRINGS THIS TO THE ATTENTION OF THE COURT FOR A JUDICIAL DETERMINATION THAT TRANSCRIPTION IS NECESSARY, REQUIRED FOR AN ADEQUATE REVIEW, BEFORE THE UNITED STATES FOR ORDER TO PAY THE COSTS OF THE TRANSCRIPTS.

7: THE FEDERAL ISSUES PRESENTED WERE RAISED AND RULED ON BELOW OR PORTIONS THEREOF STATE CLAIMS UNDER WHICH RELIEF CAN BE GRANTED. THE EVIDENTIARY RULINGS ARE SO PREJUDICIAL AS TO DENY DUE PROCESS OR SOME OTHER CONSTITUTIONAL RIGHT. URGUHART V. LOCKHART 726 F. 2d 1316 ( 8th Cir. 1984);u.s. v. vallery 108 F. 3d 155 (8th cir. 1997):

8; EACH OF THE ISSUES PRESENTED BY [SUNDAY] WAS EXPRESSLY RAISED IN THE COURTS BELOW. " PETITION CC?_(cc-98-1095: TRIAL COURT PETITON [CR-01-0207] COURT OF CRIM. AP.; PETITION FOR WRIT OF CERT. '020562 FILED 1-28-03: CIV. ACT. 03-T- 502-E EXECUTED AT EASTERLING COR. FAC. ON 3rd DAY JULY, 2003,: CC-98-1095 INTRODUCTION: EXH. NO. I(i) CC-98-1095, QUESTION PRESENTED, EXH.I(i) CC 98-1095 LEGAL CLAIM I(i), ISSUE ARGUMENT I(A): CIV. ACT . 03-T- 502-E, OPPOSITION OF RESPONDENTS ANSWER TO COURTS ORDER _9_

TO SHOW CAUSE. VANZETTA PENN Mcpherson.

9: AS NOTE ABOVE, THE COURT DID NOT EXPRESSLY RULE ON PETITIONERS FEDERAL CAIMS. BECAUSE THE JUDGMENT NECESSARILY REJECTS THOSE FEDERAL CLAIMS, THE MERITS, HOWEVER, THOSE FEDERAL QUESTIONS ARE SQUARLY PRESENTED HERE. THE DISTRICT COURTS SHALL HAVE ORIGINAL JURISDICTION OF ALL CIVIL ACTIONS ARIZING UNDER THE CONSTITUTION, LAWS OR TREATIES OF THE UNITED STATES 28 USC§ 1331.

10: FEW ISSUES COULD BE MORE IMPORTANT THAN THE ISSUES PRESENTED IN THIS CASE. AT STAKE IS THE LAWFUL RESOLUTION OF AN INNOCENT MAN. A MAN ACTUALLY INNOCENT. SEE MURAY V. CARRIER 477 U.S. 478, 496, 106 S.Ct. 2634,2649-50, 91 L. ed 2d 397 (1985):SMITH V. MURRAY 477 U.S. 527, 106 S.Ct. 2661,2667-68, 91 L. ed 2d 434 (1986): SHLUP V. DELO 513 US 298, 320, 130 L.Ed. 2d 808, 115 S.Ct. 851 ( 1995): McCOY V. NORRIS, 958 F. SUPP. 420 (E.D.ARK. 1996): SAWYER V. COLLINS 494 U.S. 1025, 108 L Ed 2d 606, 110 S CT 1468,(1990): SELVAGE V. COLLINS 494 US 108,108 L Ed 2d 93, 110 S CT 974 (1990):BOUSELY V. UNITED STATES 523 U.S. _____ , 140 L.Ed. 2d 828, 118 S Ct _____(1998) (CASE IS TORN OUT OF BOOK): DUGGER V. ADAMS 489 U.S. at 401,411 n.6, 109 S.Ct. 1217 n. 6, 103 2d 435 (1989): U.S. V. McKIE, 73 F. 3d 114, (D.C.CIR. 1996): BARDEN V. KEOHANE 921 F. 2d 476 (3rd Cir. 1990);U.S. V. SHAIK 916 F. 2d 984 ( 5th cir. 1990): EWING V. McMAHIN 799 F. 2d 1143 (6th Cir.1986);GONZALEZ V. ABBOTT 967 F. 2d 1499 (11th Cir.1992);

ACTUAL  INNOCENCE" BONEGO V. U.S.  975 F. Supp. 520 ( S.D.N.Y. 1997); DUGGER V. ADAMS  489 U.S.  at  401,411 n.6, 109  S. Ct. 1211,1217 n.  6, 103  L ed. 2d  435 ( 1989 ); U.S. V. MAYBECK 23 F. 3d  888 ( 4th cir. 94); HENDERSON V. SARGENT, 926 F.  2d  706 ( 8th Cir. 91): JONES V.  ARKANSAS '929  F. 2d  375, 381 ( 8th Cir. 91):

11:   IN  THE  EXCEPTIONAL  CIRCUMSTANCES  OF  THIS  CASE, CONTRARY  TO  RESPONDENTS  ALLEGATIONS,  RULE  60 (b) RELIEF  IS APPROPRIATE  AND  OFFENDS  NO  STATUTORY  PROSCRIPTION OR  POLICY CONCERN  AGAINST  SECOND  OR  SUCCESSIVE  HABEAS PETITIONS.  THE COURT  SHOULD  VACATE  THE  DECISION  BELOW  AND  REMAND  TO  THE DISTRICT  COURT  WITH  DIRECTION, TO  GRANT  PETITIONERS  60 (b) MOTION   SO    THAT   HIS   PROPERLY   PRESENTED   CLAIMS  , PROSECUTORIAL  MISCONDUCT  CAN  BE  HEARD  ON  THE   MERITS  AND REVIEWED  BY  A  FEDERAL  COURT:  KNOWING  USE  OF  PERJURED TESTIMONY  BY  THE  PROSECUTOR, STATE  OF  ALABAMA, RESPONDENTS. ANY  PRIOPER  EXERCISE  OF  RULE  60(b)  DISCRETION  WOULD REQUIRE  RELIEF  FROM THE  DISTRICT  COURTS  JUDGMENT. THE  FACT THAT  A  60(b) MOTION  CANNOT  BE  VIEWED  AS THE  FUNCTIONAL EQUIVALENT  OF A  SUCCESSIVE  APPLICATION. THIS  CASE  IS  THE RARE  CASE  IN  WHICH  A  60(b) MOTION  RAISING  NO  ISSUE OUTSIDE  THE  FOUR  CORNERS  OF  THE  ORIGINAL  HABEAS APPLICATION  DOES  MEET  60 (b) CRITERIA, AND  INDEED  COMPELS AN  EXERCISE OF  DISCRETION  TO  REOPEN  THE  JUDGMENT. IT  DOES SO FOR THE  FOLLOWING  CONSTELLATION  OF  EXTRAORDINARY REASONS.

-11-

the district court never exercised rule 60 (b) DISCRETION.
A REMAND TO THE DISTRICT COURT TO EXERCISE DISCRETION " IN
THE FIRST INSTANCE IS REQUIRED, HOWEVER, BECAUSE THE
PROPER OUTCOME IS CLEAR.CF.BRILLHART V. EXCESS INS. CO. 316
U.S. 491,496 (1942).

> THE JUDGMENT THAT PETITIONER SEEKS TO REOPEN IS
> BASED ENTIRELY ON A PROCEDURAL IMPEDIMENT THAT
> PREVENTED THE DISTRICT COURT FROM ADDRESSING THE
> CONSTITUTIONAL MERITS OF SUBSTANTIAL CLAIMS OF
> EGREGIOUS PROSECUTORIAL MISCONDUCT [R.680][R.383 -386]:
> SEE 39 (K)motion , 'case number cr-99-1045 ON APPEAL
> FROM THE CIRCUIT COURT OF LEE COUNTY, ALABAMA, CASE
> NUMBER CC-98-1095 FILED BY T. ROBIN McINTYRE, ATTORNEY
> FOR DEFENDANT, THAT WAS HELD BACK OR HIDDEN,
> MISREPRESENTED TO AND FROM THE COURTS REVIEW,
> CORRECTED PAGE 386 from LINE 22 to 25 SHOULD BE AS
> FOLLOWS: LINE. 22:"Q" OKAY 23; A. THEY WAS STILL TELLING
> ME --- THEY WERE TELLING ME AT THE TABLE. I WAS KIND
> OF EMBARRESSED. 24: "Q" OKAY I KNOW. I KNOW ITS HARD
> CINDY. DO YOU REALLY REMEMBER WHAT HAPPENED ?[ SEE
> EXH. S-III OF CIV. ACT 03-T-502 -E IN THE DISTRICT COURT
> , [T.R. 680, CC-98-1095].

12: RESPONDENT DOES NOT DISPUTE THE SERIOUSNESS OF
PETITIONERS PROSECUTORIAL MISCONDUCT CLAIMS.[CIV.ACT 03-T-
502-E: CC-98-1095]. THE QUESTION THE EFFECT OF [R.680,
386] THE MISCONDUCT THEY DONT DISPUTE THAT IT OCCURRED.
EXH. #1 CC-98-1095.

BUT IN DOING SO THEY REFUSED TO HIGHLIGHT HOW
SERIOUSLY THE VIOATION CORRUPTED THE PENALTY PHASE VERDICT.
CF. SEMTEK INT'L INC. V. LOCKHEED CORP. 531 U.S.492, 501-02
(2001)( AND ONLY A JUDGMENT THAT PASSES DIRECTLY ON THE
SUBSTANCE OF [A PARTICULAR] CLAIM, TRIGGERS THE DOCTRINE OF
RESJUDICATA AND ITS FULL RANGE OF FINALITY INTERESTS):
SLACK, 529 U.S. at 483 ( THE WRIT OF HABEAS CORPUS PLAYS A
VITAL ROLE IN PROTECTING CONSTITUTIONAL RIGHTS, AND
CONGRESS [HAS] EXPRESSED NO INTENTION TO ALLOW [DISTRICT] court
PROCEDURAL ERROR.

WHERE THE DISTRICT COURT [ERRONEOUSLY] RELIES ON PROCEDURAL GROUNDS TO DISMISS THE PETITION,'TO BAR VIDICATION OF SUBSTANTIAL CONSTITUTIONAL RIGHTS. SEE JUNE 23rd, 2003," JOHN M. PORTER ASSISTANT ATTORNEY GENERAL. RESPONDENTS ANSWER TO COURTS ORDER TO SHOW CAUSE IN THE UNITEDSTATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF ALABAMA 03-T-502-E,SEE EXH. I(i) CC 98-1095.

PETITIONER ARGUES THAT THE DISTRICT COURTS, STATE, IS CONTRARY OR INVOLVE AN UNREASONABLE APPLICATION OF FEDERAL LAW AS DETERMINED BY THE UNITED STATES SUPREME COURT. WILLIAMS V. TAYLOR ( 2000) 146 L. Ed. 2d 389 at 425,427;

l2: THE MERITS OF THE FACTUAL DISPUTE WERE NOT RESOLVED: SEE PETITION ,NO:o3-T-502-E; amendment ' wheter trial court commit reversible error, when the court admitted CYNTHIA THROWERS IN COURT IDENTIFICATION OF THE DEFENDANT (III) STATEMENT OF THE FACTS PAGE (II) THROUGHOUT (XIII). SEE SUMNER V. MATA, 455 u.s. 592, 597 ( 1982;

l3: AS THE CLAIM TURNS UPON THE FACTS, THE TESTI,ONY AT THE TRIAL REGARDING THE DEFENDANT AND THE IDENTIFICATION, SECONDARY FACTS BY WHICH A PRINCIPLE FACT MAY BE RATIONALLY INFERRED: THE ALLEGED VICTIM TESTIFIED AT TRIAL IN CASE CC-98-1095 THAT: PEOPLE TOLD HER WHAT TO SAY ABOUT TIMMY [SUNDAY]. TOLD HER WHAT TO TELL DEFENSE COUNSEL, THE COURT AND THE JURY.

l4: CLAIM I(i) PETITIONERS CONVICTION WAS OBTAINED AS A RESULT OF INEFFECTIVE ASSISTANCE OF COUNSEL AT TRIAL, AS GUARANTEED BY THE UNITED STATES CONSTITUTION, FIFTH, FOURTEENTH AMENDMENTS, SIXTH THERETO.STRICKLAND V. WASHINGTON 466 U.S. 668 ( 1984):

-13-

TRIAL COUNSEL MR. JEFF TICKAL WAS INEFFECTIVE FOR FAILING TO OBJECT AND PRESERVE FOR DIRECT REVIEW THE ASSISTANT DISTRICT ATTORNEY GAIL MEEKS KNOWING USE OF PERJURED TESIMONY. BECAUSE THE RECORD CONTAINS EVIDENCE THAT THE PROSECUTOR KNOWINGLY USED PERJURED TESIMONY TO OBTAIN A CONVICTION (R. 383) CC-98-1095 OR THAT THE PERJURED TESTIMONY WAS ON A MATTER OF SUCH IMPORTANCE THAT THE NEWLY DISCOVERED EVIDENCE (R.386, 680) CC-98-1095 WOULD HAVE PREVENTED A CONVICTION, THIS COURT SHOULD FIND TRIAL COURT ABUSED ITS DISCRETION IN DENYING [SUNDAYS] RULE 32, POST CONVICTION APPLICATION. 5 USC § 706.

VISABLE FROM THE SWORN TESTIMONY, IT IS CLEAR, THE CLERK RECORD 0022; PG. -2- OF THE SUPPORTING FACTS FOR CLAIM NO.I(i) FILED JULY, 2001 IN OFFICE CORINNE T. HURST CIRCUIT CLERK OF THE LEE COUNTY COURTS CASE UNDER ATTACK # CC-98-1095.

ADDITIONALLY, THOUGH NOT MENTIONED BY RESPONDENTS, ASSISTANT ATTORNEY GEN. "MR. JOHN M. PORTER, [CYNTHIA] SHE TESTIFIED AT RULE 39(K) MOTION CC-98-1095 FILED BY ATTORNEY ROBYN McINTYRE CASE CC-98-1045, PAGE 386 FROM LINE 22 to 25 ³CORRECTED PAGE 386 kept back from the courts review or misrepresented by respondents committing fraud upon the court. see appendix # B#3, "Exh. 9-II CivAct. 03-T-502-E

13: PETITIONERS 60(b) MOTION REASSERTS CLAIMS FOR HABEAS CORPUS RELIEF THAT WERE PRESENTED IN HIS ORIGINAL PETITION. THE MOTION EXPRESSLY RELIES ON EVIDENCE ... IN THE ... RECORD CASE # CC-98-1095 OF THE ORIGINAL PROCEEDING AND THE BASIS FOR 60(b) MOTION OF THE RULES OF FEDERAL PROCEDURE.

IN CHESSMAN V. TEETS ( 19550 350 U.S. 3, 100 L. Ed.4, 76 S. Ct. 34; IT APPEARED THAT ONE OF CRIME IN A CALIFORNIA COURT PETITIONED A FEDERAL COURT FOR HABEAS ALLEGING THAT THE HIGHEST CALIFORNIA COURT, IN HEARING HIS APPEAL HAD BEFORE IT A TRANSCRIPT OF THE TRIAL PROCEEDINGS WHICH HAD BEEN FRAUDULENTLY PREPARED BY THE PROSECUTING ATTORNEY AND THE COURT REPORTER. THE DISTRICT COURT SUMMARILY DISMISSED THE APPLICATION AND THE COURT OF APPEALS FOR THE NIN TH CIRCUIT AFFIRMED. ON CERTIORARI

FIVE MEMBERS OF THE SUPREME COURT, **REED, BURTON AND CLARK,** **JJ,** DISSENTED WITHOUT OPINION, **WARREN, CH. J.** DID NOT PARTICIPATE, IN PER CURIAM OPINION, REVERSED THE JUDGMENT OF THE COURT OF APPEALS AND REMANDED THE CASE TO THE DISTRICT COURT FOR A HEARING. IT WAS STATED THAT, WITHOUT INTIMATING ANY OPINION REGARDING THE VALIDITY OF THE PETITIONERS CLAIM, IN THE CIRCUMSTANCES DISCLOSED BY THE RECORD THE PETITION SHOULD NOT HAVE BEEN SUMMARILY DISMISSED.

THE COURT IN PRICE V. JOHNSTON (1948) 334 US 266, 92 L. Ed. 1356, 68 S Ct 1049, HELD THAT A DISTRICT COURT ERRED IN DISMISSING , WITHOUT A HEARING, A PETITION FOR HABEAS CORPUS FILED BY ONE CONVICTED OF CRIME IN A FEDERAL COURT. WHERE ALTHOUGH IT APPEARED THAT THREE EARLIER PETITIONS FOR HABEAS CORPUS BY THE SAME PETITIONER HAD BEEN DENIED, THE FOURTH PETITION CONTAINED THE ALLEGATION THAT THE PETITIONERS CONVICTION WAS OBTAINED BY TESTIMONY WHICH THE PROSECUTION KNEW TO BE FALSE, THIS CONTENTION WAS NOT MADE IN THE THREE EARLIER PETITIONS, AND ALTHOUGH PETITIONER KNEW, AT THE TIME HE MADE THE EARLIER PETITIONS, THAT THE SINGLE WITNESS FOR THE PROSECUTION HAD CHRGED HIS TESTIMONY AFTER CONFERENCE WITH THE PROSECUTING ATTORNEY, IT DIDNOT APPEAR EITHRT THAT HE THEN KNEW THAT THE CHANGED TESTIMONY TO BE FALSE, OR THAT THERE WERE NO ADEQUATE REASONS FOR NOT MAKING THE ALLEGATIONS EARLIER (SUCH AS UNAWARENESS OF THE SIGNIFICANCE OF THE RELEVANT FACTS).

15:    THE   PETITIONS   FOR   LEAVE   TO   APPEAL   STATE   SPECIFIC

OBJECTIONS   TO   THE   JUDGMENT   CC98-1095'   CIV.ACT.   03-T-   502-E

REGARDING   CIRCUMSTANCES   PRESENT   IN   THIS   CASE   WHICH   ENTITLE

[SUNDAY]   IN   THE   INTEREST   OF   JUSTICE.   SPECIAL   CIRCUMSTANCES

EXIST   THAT   THE   ONE   YEAR   TIMELINE   RESPONDENTS   ALLEGE   IN

RECOMMENDA TION   OF   THE   MAGISTRATE   JUDGE   PG.   #3.   THE   STAE

CREATED   AN   IMPEDIMENT   (OBSTRUCTION   OR   HINDERENCE)   IN

VIOLATION   OF THE   CONSTITUTION OR   LAWS   OF   THE   UNITED STATES

THAT   PREVENTED   PETITIONER   FROM   FILING   THE   APPLICATION OR

MOTIONS,   IN   HIS   HABEAS   CORPUS   PETITION   BECOMES   DUE ONE

YEAR   AFTER   THE   UNCONSTITUTIONAL   OR   ILLEGAL   IMPEDIMENT   WAS

REMOVED.   28 U.S.C.   § 2244 (d)(1)(B)(2000).   EXAMPLE:

[i]: THE   STATES   WITHHOLDING   OF   EXCULPATORY   EVIDENCE   :   APP.

# .  *APPendix B # 2 ; Exh-5-Ⅶ 03-T-502-E: APP. Ⅲ ɤ Ⅱ.*                    :

IN   VIOLATION   OF   BRADY   V.   MARYLAND,   373 U.S.   83,   83   S. Ct.

2531,   10   L. Ed.   2d   215 (1963):   SEE   EDMOND   V.   UNITED STATES

ATTORNEY   959 F. Supp.   1,4 (DD.C.1997);

[ii]:   THE   STATE   CREATED   IMPEDIMENT   MAY   BE   INADEQUATE

PRISON   LIBRARIES.   SEE WHALEM/HUNT   V. EARLY 233 F. 3d   1146

(9th Cir. 2000)(remanding   case   for   evidentiary   hearing   as to

whether   petitioners   claim   that   an   unconstituti0onal

impediment   existed   because of   lack   of   information   in the

prison   law   library   may   be   upheld).   where   state   prison

authorities,   in   violation   of   equal   protection   clause   of

fourteenth   amendment,   frustrated   prisoners   attempt   to   file

timely   appeal   from   his   conviction,   federal   district   court

in   habeas   corpus   proceedings   should   enter   such   orders   as

are   appropriate   --                    -16-

TO ALLOW STATE REASONABLE TIME IN WHICH TO AFFORD PRISONER FULL PPELLATE REVIEW HE SHOULD HAVE RECIEVED DUT FOR FRUSTRATION OF HIS APPEAL, FAILING WHICH HE SHALL BE DISCHARGED. DOWD V. UNITED STATES (1951) 340 U.S. 206, 95 L.ed. 215, 71 S Ct. 262, 19 ALR 784.

THE PETITIONS FOR APPEAL STATE SPECIFIC OBJECTIONS TO THE JUDGMENT, REGARDING INJURUES HE RECEIVE FROM PRISON OFFICIALS DURING HIS ACCESS TO APPEAL, TO COURT, RESOURCES, AND CASES WERE DISMISSED. THE LAW LIBRARY ACCESS WAS WOEFULLY INADEQUATE, MALFUNCTIONING TYPEWRITERS. LAW LIBRARY SUPERINTENDENT OFFICER GAVINS PLACED UNEQUAL TREATMENT TO PETITIONER AN INMATE. SEE BOUNDS V. SMITH 430 US 817,823, 97 S. Ct. 1491, 1495, 52 L. ed 2d 72,79 (1977); MANN V. SMITH 796 F. 2d 79 ,83-85 (5th Cir.86): WILLIAMS V. LEOKE 584 F. 2 1336, 1340 ( 4th Cir. 78) CERT. DENIED 442 U.S. 9111 (1979); STRAUB V. MUNGE 815 F. 2d 1467, 1470 (11th Cir. 87); GILMORE V. LYNCH 319 F. Supp.105,111 (N.D.Cal.70): KNOP V. JOHNSON 977 F. 2d 996 , 1000(6th Cir. 92): BONNER V. CITY OF PRITHARD ALA. 661 F. 2d 1206, 1212-13 (11th Cir. 81): WOLFF V. McDONNELL 418 U.S. 539, 579, 94 S. Ct. 2963 (1974): PETERKIN V. JEFFES 855 F. 2d at 1037 : JACKSON V. PROCUNIER 789 F. 2d 307, 311 (5th Cir. 81): COFIELD V. ALABAMA PUBLIC SERVICR COMMISSION 936 F. 2d 512, 517 ( 11th Cir. 91);

[SUNDAY], PRISONER IN SEG, DURING HIS APPEAL PROCESS AT THE TIME OF FILINGS WERE SUPPOSED TO HAVE ACCESS TO THE LAW LIBRARY.

-17-

HOWEVER, ONCE OR TWICE A WEEK WERE DELIVERED TWO BOOKS FROMM MARH 3, 2006 TO APRIL 17 [RECOMMENDATION pg.#2]. 16; PETITIONER REQUESTED EXIGENTLY AN INK PEN TO WRITE CERTIORARI AND OFFICER GAVINS DENIED REQUEST, THEREFORE PETITIONER DID NOT HAVE WRITING RESOURCES TO ANSWER PETITIONS, APPLICATIONS TO THE COURT SYSTEM TO APPEAL, AND WAS DENIED FILING BECAUSE OF OUT OF TIME. PETITIONER FILED NUMEROUS REQUESTS, COMPLAINTS ADDRESSED TO OFFICER GAVINS, HIS UNCLE CAPT. SCONYERS COMPLAINTS OF FACING COURT DEADLINES AND OF BEING DENIED ACCESS TO THE LAW LIBRARY AND RESOURCES TO ANSWER AND PRESENT APPLICATIONS TO APPEAL.PETITIONER ADVISED OFFICER GAVINS OF LEGAL PROCEEDINGS, ACCESS, RE SOURCES NEEDED. GRIEVANCES FILED SINCE MAY 20, 2003 [WHEN SUNDAYS 1st HABEAS CORPUS PETITION WAS GRANTED ACCES INFORMA PAUPERIS, [ SUNDAY ARRIVED AT EASTERLING CORRECTIONAL FACILITY AND ALL HAVE BEEN UNANSWERED AND PETITIONER HAS BEEN DENIED ADEQUATE ACCES TO THE COURTS, IMPOSED , IMPEDED BY ACTIONS OF SUCH PRISON OFFICIAL MISCONDUCT, AS [SUNDAY[ PLEAS TO THIS HONORABLE COURT ACTUAL INOCENSE, OF BEING VICTIM OF A FUNDAMENTAL MISCARRIAGE OF JUSTICE AND PRESENTS CIRCUMSTANCES, FRUSTRATED OR IMPEDED IN PURSUING NONFRIVOLOUS CLAIMS BECAUSE OF THESE INADEQUACIES. " SEE THE RECORD: SEE LEWIS V. CASEY, 518 U.S. 343, 349 , 116 S. Ct. 2174,2179, 135 L. Ed. 2d 606, 616 (1996), 351 Id; STATE HAS NOT FULFILLED ITS DUTY BY PROVIDING PETITIONER WITH LEGAL RESOURCES, MATERIALS PERTAINING TO STATE IN WHICH CONVICTION WAS DECIDED. SEE eg.CANY V. FARRELLY 957 F. Supp. 727, 741-42 (D.V. 1997).

17; THE MAIL PROCEEDING SYSTEM AT THE PRISON WAS WOEFULLY INADEQUATE. MAIL WAS FREQUENTLY LOST OR MISPLACED, RETURNED TO SENDER. PETITIONER RECEIVED MAIL WITH COURT DOCUMENTS CUT IN PIECES, UNREADABLE, ENVELOPES MARKED RECEIVED WITH THE DATE OF ALMOST TWO MONTHS BEFORE STAMPED ON THEM.[SUNDAYS] COURT ORDERS WERE RETURNED TO THE ELEVENTH CIRCUIT COURT OF APPEALS SAYING INMATE EXPIRED, COURT ORDERED PETITIONER TO RESPOND WITHIN 14 DAYS, OR BE DISMISSED. SUNDAY SIGNED FOR LEGAL DOCUMENTS ON OR AROUND APRIL12, ORDERED MARCH? 3, AROUND 42 days after order . prison logs or other records evidence delivery by prison authorities the day [SUNDAY] SIGNED AND RECEIVED. WASHINGTON V. UNITED STATES 243 F. 3d 1299, 1301 (11th Cir. 2001);GRVEY V. VAUGHN 993 F. 2d 776 , 780 ( 11th Cir. 93):ADAMS V. UNITED STATES 173 F. 3d 1339, 1340-41(11th Cir. 99): HOUSTON ·V. LACK 487 U.S. 266, 271-272 ( 1988).

18: PETITIONER [ SUNDAY] HAS SUFFERED EXTREME EMPTIONAL HARM AND DEPRESSION, EMBRACING ALL FORMS OF MENTAL PAIN, INCLUDING DEEP GRIEF, DISTRESS, ANXIETY AND FRIGHT. THE LOSS OF ACTIONS IN THE ELEVENTH CIRCUIT COURT OF APPEALS, THE UNITED STATES SUPREME COURT REFUSING TO FILE APPEAL BECAUSE PETITIONER WAS OUT OF TIME, BECAUSE OFFICER GAVINS WOULD NOT PROVIDE AN INK PEN TO WRITE APPEAL WHEN REQUESTED,. THE ABOVE COURTS, HAVE HELD THAT THE RIGHT OF ACCESS TO THE COURTS INCLUDES PROVIDING INDIGENT PRISONERS WITH PAPER AND PEN TO DRAFT LEGAL DOCUMENTS, WITH SERVECES OF A NOTARY TO AUTHENTICATE THEM, AND WITH STAMPS TO MAIL THEM. BOUNDS V. SMITH 430 U.S. 817, 824-25, 97 S.Ct.1491,1496, 52 L. Ed. 2d 72, 81 (1977).

CONCLUSION

APPLICATION TO APPEAL SHOULD BE GRANTED AND FORE THE FORGOING REASONS IS NOT A @ND AND SUCCESIVE PETITION.

-19-

CERTIFATE OF SERVICE

I HEREBY CERTIFY THE ABOVE INSTRUMENTS MAILED DEPOSITED IN THE UNITED STATES POSTAL SERVICE TO RESPONDENT STATE OF ALABAMA, AND THE COURT THIS THE 23rd DAY OF AUGUST 2007. PURSUANT TO TITLE 28 UNITED STATES CODE SERVICE I DECLARE,, UNDER SECTION 1746.

_____

TIMOTHY LEE SUNDAY , INCARCERATED PETITONER PRO SE.

Timothy Lee Sunday #213453
Easterling Cor. Fac. D1-45-A
200 Wallace Drive
Clio, AL 36107

This correspondence is forwarded from an
Alabama State Prison. The contents have not been
evaluated, and the Alabama Department of
Corrections is not responsible for the substance
or content of the enclosed communication.

CASE 3:07-CV-00723-MEF-WC

Office of The Clerk
United States District Court
P.O. Box 711
Montgomery, Alabama 36101-
0711

1    Q      That is Tim.  But you told me this morning the other

2    fellow -- are you sure?

3    A      Yes, I am sure.

4    Q      Okay.  But you told me this morning the other fellow

5    was Timothy Sunday.

6    A      Yes.  I am sure.  I am positive.

7    Q      Okay.  Okay.  Did they talk to you about that this

8    morning?

9    A      Yes, sir.

10   Q      About that that's Timothy Sunday?

11   A      Yes.

12   Q      They made sure you understood that?

13   A      Yes, sir.

14   Q      Who is -- who told you that?

15   A      My mom.

16   Q      Your mom.  She said that --

17   A      Mom.  She -- she was telling me all about him, and I

18   was listening.

19   Q      Okay.  So before you came back into court this morning,

20   they made sure you knew who Timmy was?

21   A      Yes.

22   Q      Okay.  They was still telling me -- they were telling

23   me at the table.  I was kind of embarrassed.

24   Q      Okay.  I know.  I know it's hard, Cindy.  Do you really

25   remember what happened?

APPendix IF .
8-21-07

Exhi-5-IV   / APPendix E #1

| | | |
|---|---|---|
| 1 | A | (Shake head.) |
| 2 | Q | I didn't think so. |
| 3 | A | No. |
| 4 | Q | Okay.  Is this kind of hard? |
| 5 | A | No, sir.  I am kind of blacking out.  I just couldn't |
| 6 | | remember all of it. |
| 7 | Q | So people have told you what happened? |
| 8 | A | Yes. |
| 9 | Q | Okay.  Sometimes that makes it easier to remember-- |
| 10 | A | Uh-huh. |
| 11 | Q | --if people tell you, doesn't it? |
| 12 | A | It's hard. |
| 13 | Q | I know it's hard.  Do you need a break? |
| 14 | A | Yes. |
| 15 | Q | Would you like a break? |
| 16 | A | Yes.  Yes, sir. |
| 17 | Q | Okay. |
| 18 | | MR. TICKAL:  Judge, can we give her a |
| 19 | | little break? |
| 20 | | MS. MEEK:  May we approach before that happens? |
| 21 | | THE COURT:  Mr. Tickal. |
| 22 | | (Whereupon, a bench discussion was had |
| 23 | | outside the hearing of the jury.) |
| 24 | | MS. MEEK:  Aren't we about done? |
| 25 | | THE COURT:  Do you have any more questions? |

Appendix III
-8-21-07