IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| TIMOTHY LEE SUNDAY, ) | |
| AIS #213453, ) | |
|  ) | |
| Petitioner, ) | |
|  ) | |
|  ) | CASE NO. 3:07-CV-723-MEF |
|  ) | [WO] |
|  ) | |
| LEE COUNTY CIRCUIT COURT, et al., ) | |
|  ) | |
| Respondents. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

On August 9, 2007, Timothy Lee Sunday ["Sunday"], a state inmate, filed a 28 U.S.C. § 2254 petition for writ of habeas corpus in which he challenges a conviction for first degree sexual abuse imposed upon him by the Circuit Court of Lee County, Alabama on December 2, 1999.[1] Sunday seeks federal habeas relief on the merits of several claims previously decided adversely to him by this court in *Sunday v. Ferrell, et al.*, Civil Action No. 3:03-CV-502-MHT (M.D. Ala.), affirmed on appeal February 10, 2006 (Court Doc. No. 76), reconsideration denied April 5, 2006 (Court Doc. No. 77). "The federal issues

---

[1] Although the Clerk of this court stamped the present petition "filed" on August 13, 2007, Sunday signed the petition on August 9, 2007. *Petition for Writ of Habeas Corpus - Court Doc. No. 1* at 15. The law is well settled that a pro se inmate's petition is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack,* 487 U.S. 266, 271-272 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993). "Absent evidence to the contrary in the form of prison logs or other records, [this court] must assume that [the instant petition] was delivered to prison authorities the day [Sunday] signed it....." *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001). In light of the foregoing, the court considers August 9, 2007 as the date of filing.

presented [in the instant petition] were raised and ruled on ... in Civ. Act. 03-T-502-E ... [but] the court did not expressly rule on petitioner's federal claims. Because the judgment necessarily rejects those federal claims, [without adjudication of the substantive] merits, ... those federal questions are squarely presented here." *Rule 60(b) Motion in Support of Issuance of Petition for Writ of Habeas Corpus Relief - Court Doc. No. 5* at 11-12. Additionally, in accordance with this court's authority to entertain an independent action under Rule 60(b), *Federal Rules of Civil Procedure*, Sunday seeks relief from the previous judgment of this courtdenying his habeas petition. *Petition for Writ of Habeas Corpus Relief - Court Doc. No. 1* at 14; *Rule 60(b) Motion in Support of Issuance of Petition for Writ of Habeas Corpus Relief - Court Doc. No. 5* at 11-12. In support of this motion, Sunday challenges the determination of this court in *Sunday v. Ferrell, et al.*, *supra*. that a procedural default precluded a merits determination of his claim alleging prosecutorial misconduct due to the prosecutor's use of perjured testimony.[2] He also argues that this court erred when it found his claims of ineffective assistance of trial and appellate counsel,

---

[2] In support of this claim, Sunday argues that the testimony of the victim, an adult female suffering from Down's Syndrome, identifying him as the perpetrator of the sexual offense constituted perjury because during cross-examination the victim testified she had been told by other persons to identify Sunday as her perpetrator. Although Sunday argued on direct appeal that the state court erred in admitting the victim's in-court identification of him as her assailant, he did not allege a claim of perjury associated with her testimony. Likewise, in his Rule 32 petition, Sunday alleged that trial counsel provided ineffective assistance when he failed to challenge the prosecutor's alleged use of perjured testimony. Sunday, however, did not present a substantive claim of prosecutorial misconduct arising from such testimony in his state post-conviction petition. He first raised a claim regarding the prosecutor's knowing use of perjured testimony in his 2003 petition for federal habeas corpus relief. This court determined that Sunday's claim of prosecutorial misconduct arising from for the alleged knowing use of perjured testimony was procedurally barred from federal habeas review. *Sunday v. Ferrell*, et al., *supra*.

2

his challenge to the trial court's admission of the victim's in-court identification and his allegation of trial court error in its denial of a motion for judgment of acquittal had been properly adjudicated on the merits by the state courts.

## DISCUSSION

### A. Claims Barred as Successive

It is undisputed that Sunday filed a previous habeas petition pursuant to the provisions of 28 U.S.C. § 2254 challenging the sexual abuse conviction imposed upon him by the Circuit Court of Lee County in December of 1999. *Sunday v. Ferrell, et al.*, Case No. 3:03-CV-502-MHT (M.D. Ala. 2006). In the prior habeas action, this court denied Sunday relief from his sexual abuse conviction. Specifically, this court determined that the state courts properly adjudicated Sunday's claims of ineffective assistance of trial and appellate counsel, his challenge to the trial court's admission of the victim's in-court identification and his allegation of error with respect to denial of his motion for judgment of acquittal. The court further determined that Sunday's substantive claim alleging prosecutorial misconduct in the presentation of perjured testimony was procedurally defaulted. On February 10, 2006, the Eleventh Circuit Court of Appeals affirmed the denial of Sunday's previous habeas petition. *Id. - Court Doc. No. 76*. The appellate court likewise denied a motion for rehearing filed by Sunday. *Id. - Court Doc. No. 77*.

Throughout the pleadings filed in the instant cause of action, Sunday argues he is entitled to relief from his sexual abuse conviction based on the substantive merits of his

claims. He also argues that in his prior habeas action this court erroneously determined that the state courts properly adjudicated the merits of the majority of his claims for relief and, therefore, asserts issuance of the writ of habeas corpus is warranted on the merits of these claims.

Pursuant to the provisions of 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." "A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals" and may be granted "only if [the assigned panel of judges] determines that the application makes a prima facie showing that the application satisfies the requirements of [28 U.S.C. § 2244(b)(2)]." 28 U.S.C. § 2244(b)(3)(B) and (C).

> "As a textual matter, § 2244(b) applies only where the court acts pursuant to a prisoner's 'application'" "for a writ of habeas corpus. *Calderon v. Thompson,* 523 U.S. 538, 554, 118 S.Ct. 1489, 140 L.Ed.2d 728 (1998). We therefore must decide whether a Rule 60(b) motion filed by a habeas petitioner is a "habeas corpus application" as the statute uses that term.
> Under § 2244(b), the first step of analysis is to determine whether a "claim presented in a second or successive habeas corpus application" was also "presented in a prior application." If so, the claim must be dismissed; if not, the analysis proceeds to whether the claim satisfies one of two narrow exceptions. In either event, it is clear that for purposes of § 2244(b) an "application" for habeas relief is a filing that contains one or more "claims." That definition is consistent with the use of the term "application" in the

other habeas statutes in chapter 153 of title 28. *See*, *e.g., Woodford v. Garceau,* 538 U.S. 202, 207, 123 S.Ct. 1398, 155 L.Ed.2d 363 (2003) (for purposes of § 2254(d), an application for habeas corpus relief is a filing that seeks "an adjudication on the *merits* of the petitioner's claims"). These statutes, and our own decisions, make clear that a "claim" as used in §2244(b) is an asserted federal basis for relief from a state court's judgment of conviction.

In some instances, a Rule 60(b) motion will contain one or more "claims." For example, it might straightforwardly assert that owing to "excusable neglect," Fed. Rule Civ. Proc. 60(b)(1), the movan"'s habeas petition had omitted a claim of constitutional error, and seek leave to present that claim. *Cf. Harris v. United States,* 367 F.3d 74, 80-81 (C.A.2 2004) (petitioner's Rule 60(b) motion sought relief from judgment because habeas counsel had failed to raise a Sixth Amendment claim). Similarly, a motion might seek leave to present "newly discovered evidence," Fed. Rule Civ. Proc. 60(b)(2), in support of a claim previously denied. *E.g., Rodwell v. Pepe,* 324 F.3d 66, 69 (C.A.1 2003). Or a motion might contend that a subsequent change in substantive law is a "reason justifying relief," Fed. Rule Civ. Proc. 60(b)(6), from the previous denial of a claim. *E.g., Dunlap v. Litscher,* 301 F.3d 873, 876 (C.A.7 2002). Virtually every Court of Appeals to consider the question has held that such a pleading, although labeled a Rule 60(b) motion, is in substance a successive habeas petition and should be treated accordingly. *E.g., Rodwell, supra,* at 71-72; *Dunlap, supra,* at 876.

We think those holdings are correct. A habeas petitioner's filing that seeks vindication of such a claim is, if not in substance a "habeas corpus application," at least similar enough that failing to subject it to the same requirements would be "inconsistent with" the statute. 28 U.S.C. § 2254 Rule 11. Using Rule 60(b) to present new claims for relief from a state court's judgment of conviction-even claims couched in the language of a true Rule 60(b) motion- circumvents AEDPA's requirement that a new claim be dismissed unless it relies on either a new rule of constitutional law or newly discovered facts. § 2244(b)(2). The same is true of a Rule 60(b)(2) motion presenting new evidence in support of a claim already litigated: even assuming that reliance on a new factual predicate causes that motion to escape § 2244(b)(1)'s prohibition of claims

5

"presented in a prior application," § 2244(b)(2)(B) requires a more convincing factual showing than does Rule 60(b). Likewise, a Rule 60(b) motion based on a purported change in the substantive law governing the claim could be used to circumvent § 2244(b)(2)(A)'s dictate that the only new law on which a successive petition may rely is "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." In addition to the substantive conflict with AEDPA standards, in each of these three examples use of Rule 60(b) would impermissibly circumvent the requirement that a successive habeas petition be precertified by the court of appeals as falling within an exception to the successive-petition bar. § 2244(b)(3).

In most cases, determining whether a Rule 60(b) motion advances one or more "claims" will be relatively simple. A motion that seeks to add a new ground for relief, as in *Harris, supra,* will of course qualify. A motion can also be said to bring a "claim" if it attacks the federal court's previous resolution of a claim ***on the merits***, since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief. That is not the case, however, when a Rule 60(b) motion attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings.

*Gonzalez v. Crosby*, 545 U.S. 524, 530-532, 125 S.Ct. 2641, 2646-2648 (2005) (emphasis in original) (footnotes omitted). The Court noted that "[t]he term 'on the merits' has multiple usages. *See*, *e.g., Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 501-503, 121 S.Ct. 1021, 149 L.Ed.2d 32 (2001). We refer here to a determination that there exist or do not exist grounds entitling a petitioner to habeas corpus relief under 28 U.S.C. §§ 2254(a) and (d). When a movant asserts one of those grounds (or asserts that a previous

ruling regarding one of those grounds was in error) he is making a habeas corpus claim. He is not doing so when he merely asserts that a previous ruling which precluded a merits determination was in error-for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar." 524 U.S. at 532 n.4, 125 S.Ct. at 2648 n.4.

Sunday concedes that the present claims for relief habeas relief, standing alone, are the same claims he raised in his previous habeas action which this court decided adversely to him. He nevertheless argues that this court should grant habeas relief on these claims as the court improperly deemed such claims properly adjudicated by the state courts and procedurally defaulted. With respect to claims adjudicated on the merits by a state court, federal courts address the merits of such claims but in so doing apply the "highly deferential standard" of review set forth in 28 U.S.C. § 2254(d). *Bell v. Cone*, 543 U.S. 447, 455, 125 S.Ct. 847, 160 L.Ed.2d 881 (2005) (per curiam); *Williams v. Taylor*, 529 U.S. 362, 412, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000) ("In sum, § 2254(d)(1) [and (2)], place[] a new constraint on the power of a federal habeas court to grant a state prisoner's application for a writ of habeas corpus with respect to claims adjudicated on the merits in state court."). Although federal habeas review of state court decisions is subject to the heightened deference required by § 2254(d), this "deference does not imply abandonment or abdication of judicial review. Deference does not by definition preclude relief." *Miller-*

*El v. Cockrell*, 537 U.S. 322, 340, 123 S.Ct. 1029, 1041 (2003). Consequently, the previous resolution of claims as properly adjudicated by the state courts constitutes a resolution of such claims on the merits. These claims are therefore successive habeas claims "since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable form alleging that the movant is, under the substantive provisions of the statute, entitled to habeas relief." *Gonzalez*, 545 U.S. at 532, 125 S.Ct. at 2648.

In light of the foregoing, the court concludes that the claims for federal habeas relief advanced in this cause of action, including those considered properly adjudicated on the merits by the state courts, substantively address federal grounds for setting aside Sunday's state conviction and, as such, are subject to analysis under 28 U.S.C. § 2244(b). It is clear from the pleadings filed by Sunday that he has not received an order from a three-judge panel of the Eleventh Circuit Court of Appeals authorizing this court to consider a successive application for habeas relief. "Because this undertaking [is Sunday's] second habeas corpus petition [with respect to the substantive claims seeking relief from his conviction] and because he had no permission from [the Eleventh Circuit] to file a second habeas petition, ... the district court lack[s] jurisdiction to grant the requested relief." *Gilreath v. State Board of Pardons and Paroles*, 273 F.3d 932, 933 (11th Cir. 2001).

### B. Relief Under Rule 60(b)

Sunday contends this court erred in its previous ruling precluding a merits determination of his claim challenging the prosecutor's alleged use of perjured testimony. This assertion does not constitute a habeas corpus claim and is properly before the court for review in a Rule 60(b) motion. *Gonzalez*, 545 U.S. at 532, 125 S.Ct. at 2648. The subsection of the rule relevant to such claim is Rule 60(b)(6). Applicable federal law requires "a movant seeking relief under Rule 60(b)(6) to show 'extraordinary circumstances' justifying the reopening of a final judgment." *Gonzalez*, 545 U.S. at 535, 125 S.Ct. at 2649 (citations omitted). The court has thoroughly reviewed the pleadings filed herein by Sunday and the record of his previous habeas action. Sunday's arguments and the factual basis of such arguments with respect to perjured testimony are the same arguments presented to this court and deemed procedurally defaulted. Sunday likewise addressed the propriety of the procedural default determination on appeal in which he made substantially similar arguments to the arguments presently before this court. The Eleventh Circuit denied Sunday relief from the judgment of this court because he failed to make the requisite showing "that reasonable jurists would find debatable both (1) the merits of an underlying claim and (2) the procedural issues he seeks to raise." *Sunday v. Ferrell, et al.*, Case No. 3:03-CV-502-MHT (M.D. Ala. 2006) - *Court Doc. No. 76*. The appellate court affirmed this determination in its order denying Sunday's motion for reconsideration. *Sunday v. Ferrell, et al.*, Case No. 3:03-CV-502-MHT (M.D. Ala. 2006) - *Court Doc. No. 77*. Thus, this court concludes that Sunday fails to set forth "extraordinary

circumstances" justifying relief.

Sunday also alleges that in his prior habeas action the "respondents committ[ed] fraud upon the court" by failing to provide a corrected page of the victim's testimony given during a post-trial motion hearing where she again admitted other people told her what to say during her testimony at trial. *Rule 60(b) Motion in Support of Issuance of Petition for Writ of Habeas Corpus Relief - Court Doc. No. 5* at 16. Under Rule 60(b)(3), a court may relieve a party from a prior judgment for "fraud ... misrepresentation, or other misconduct of an adverse party." A motion for relief from judgment based on fraud of an adverse party must be made "not other than one year after the judgment, order, or proceeding was entered or taken." Rule 60(b), *Federal Rules of Civil Procedure*. Initially, the court finds that Sunday failed to file the instant motion within a year of the judgment entered in this case. Moreover, even if the court deemed this action timely filed, Sunday presents no objective evidence of fraud by the respondents nor can the court countenance that any such evidence exists. Specifically, a review of the record before the court in the prior habeas action reveals that the trial testimony about which Sunday complains was before this court for review. Additionally, the respondents did not dispute Sunday's claim that the victim provided testimony which indicated she had been advised by other persons to implicate him as the perpetrator of the sexual offense. The court therefore concludes that no fraud or misrepresentation occurred in the previous habeas action.

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the undersigned Magistrate Judge that:

1. To the extent Sunday presents claims which substantively address federal grounds for setting aside his sexual abuse conviction, this action constitutes a second or successive habeas petition and, with respect to such claims, is due to be DISMISSED in accordance with the provisions of 28 U.S.C. § 2244(b)(3)(A) as Sunday has failed to obtain the requisite order from the Eleventh Circuit Court of Appeals authorizing a federal district court to consider his successive habeas application.[3]

2. The petitioner's motion for relief from judgment under Rule 60(b) of the Federal Rules of Civil Procedure be DENIED.

3. This case be DISMISSED with prejudice.

It is further

ORDERED that on or before September 12, 2007 the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive

---

[3] The court notes that any habeas claims filed by the petitioner are likewise subject to the one-year period of limitation contained in 28 U.S.C. § 2244(d)(1). Moreover, the court finds that there are no circumstances present in this case which "would entitle [Sunday] in the interest of justice to transfer [pursuant to 28 U.S.C. § 1631] or stay ... because the limitations period had already expired before he filed" the instant habeas action. *Guenther v. Holt*, 173 F.3d 1328, 1330-1331 (11th Cir. 1999).

or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 30 day of August, 2007.

/s/   Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE