07cv723

RECEIVED

2007 SEP 12 A 9:48

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

1: PETITIONER CLAIMED THAT THE [AEDPA] UNCONSTITUTIONALLY RESTRICTS THE COURTS JURISDICTION TO ENTERTAIN THE ACT, IN ANY FORM, THAT APPLIES " EITHER TO NAMED INDIVIDUALS OR TO EASILY ASCERTainable members of a group as petitioner in such a way to inflict punishment on them, [SUNDAY] WITHOUT A JUDICIAL TRIAL. SUCH ENACTMENTS ARE PROHIBITED IN THE UNITED STATES CONSTITUTION. ART.I. 9, .cl.3. THIS QUESTION IS OBVIOUSLY IMPORTANT FOR THOSE, SUCH AS PETITIONER, TIMOTHY LEE SUNDAY, WHO IS CAUGHT UP IN A CRIMINAL ENTERPRIZE, SUCH UNLAWFUL, ILLEGAL ACTS OF STATE OFFICIALS, JUDICIAL OFFICIALS CLOAKED WITH AUTHORITY OF THE LAW, THE UNITED STATES, WHO FURTHERMORE MAY BE SUBJECT TO THOSE REQUIREMENTS. IT IS ALSO OF ENORMOUS IMPORTANCE TO PRISONERS LIKE " PETITIONER",. AFTER WHOM THE WRIT OF HABEAS CORPUS, KNOWN AS THE GREAT WRIT, AND TO ITS PROCEDURE FOR OBTAINING A JUDICIAL DETERMINATION OF THE LEGALITY OF INDIVIDUALS CUSTODY. TECHNICALLY USED IN THE CRIMINAL LAW CONTEXT TO BRING THE PETITIONER BEFORE THE COURT TO INQUIRE INTO THE LEGALITY OF HIS CONFINEMENT. FAIN V. DUFF 488 F. 2d 218 (1973); AT 221. A REMEDY AVAILABLE WHENEVER STATE PRISONER IS HELD IN CUSTODY IN VIOLATION OF THE FOURTEENTH AMENDMENT TO THE US CONSTITUTION. IN THAT THE STATE THEREBY DEPRIVES HIM OF LIBERTY WITHOUT DUE PROCESS OF LAW (OR ABRIDGES) HIS PRIVILEGES AND IMMUNITIES AS A CITIZEN OF THE UNITED STATES.. (OR DENIES HIM) THE EQUAL PROTECTION OF THE LAWS, (1890): IN RE CONVERSE, 137 U.S. 624, 631 (1890): HARLAN V. MCGOURIN ,218 U.S. 442,445,447 (1910): EX PARTE WATKINS 28 U.S. 193, 202,203 (1830); MOORE V. DEMPSY 261 U.S. 86,87-88, 91 ( 1923)( HOLMES J. FOR THE COURT ): FAY V. NOIA 372 U.S. 391, 426 (1963): STONE V. POWELL 428 U.S. 465,495 n. 37 (1996); WITHROW V. WILLIAMS 507 U.S. 680, 697-98 ( 1993)(o'CONNER.J., CONCURRING IN PART AND DISSENTING IN PART ) QUOTING

-1-

<u>FAY V. NOIA</u>, <u>372</u> <u>U.S.</u> <u>391,449 (1963)</u> <u>HARLAN</u> <u>J., DISSENTING</u>).

[i] THE WRIT OF HABEAS CORPUS IS USED TO TEST THE CONSTITUTIONALITY OF A STATE CRIMINAL CONVICTION. IF IT PIERCES THROUGH THE FORMALITIES OF A STATE CONVICTION TO DETERMINE WHETHER THE CONVICTION IS CONSONANT WITH DUE PROCESS OF LAW. 261 U.S. 86. IT WILL NOT COVER UP CRIME AS CLINTON HAS DONE SIGNING THE BILL. IT SHOULD BE NOTED , [AEDPA] , HOWEVER, THAT A "LEGISLATURE, LIKE A COURT, MUST OF NECESSITY, POSSESS THE POWER TO ACT IMMEDIATELY AND INSTANTLY TO QUELL DISORDER IN THE CHAMBER, AND THEREFORE A LEGISLATURE MAY PUNISH AND IMPOSE A JAIL SENTENCE FOR CONTEMPT OF THE LEGISLATURE AS LONG AS ITS PROCEDURES CONFORM WITH DUE PROCESS REQUIREMENTS. I.s. THE ACCUSED MUST HAVE SOME OPPORTUNITY TO APPEAR AND TO RESPOND TO THE CHARGES AGAINST HIM. GROPPI V. LESLIE 404 US 496, 30 L Ed 2d 632, 92 S Ct 582 ;<u>POUNDERS</u> <u>V</u> <u>WATSON</u> <u>(1997)</u> <u>521</u> <u>US</u> <u>982</u>, <u>138</u> <u>L</u> <u>ED</u> <u>2d</u> <u>976</u> <u>at</u> <u>982-983</u> , <u>117</u> <u>S</u> <u>CT</u> <u>2359</u> :

[ii]: <u>EVERY</u> <u>LAW</u> <u>THAT</u> <u>MAKES</u> <u>AN</u> <u>ACTION</u> <u>DONE</u> <u>BEFORE</u> <u>THE</u> <u>PASSING</u> <u>OF</u> <u>THE</u> <u>LAW</u> <u>AND</u> <u>WHICH</u> <u>WAS</u> <u>INNOCENT</u> <u>AND</u> <u>PUNISHABLE</u> <u>AS</u> <u>SUCH</u> <u>(A</u> <u>CRIME)</u>, <u>EVERY</u> <u>LAW</u> <u>THAT</u> <u>AGGRAVATES</u> <u>A</u> <u>CRIME</u> <u>OR</u> <u>MAKES</u> <u>IT</u> <u>GREATER</u> <u>THAN</u> <u>WHEN</u> <u>IT</u> <u>WAS</u> <u>COMMITTED</u> : <u>EVERY</u> <u>LAW</u> <u>THAT</u> <u>CHANGES</u> <u>AND</u> <u>INFLICTS</u> <u>A</u> <u>GREATER</u> <u>PUNISHMENT</u> : <u>AND</u> <u>EVERY</u> <u>LAW</u> <u>THAT</u> <u>ALTERS</u> <u>THE</u> <u>LEGAL</u> <u>RULES</u> <u>OF</u> <u>EVIDENCE</u>, <u>AND</u> <u>RECEIVES</u> <u>LESS,</u> <u>OR</u> <u>DIFFERENT</u> <u>TESTIMONY</u> <u>THAN</u> <u>THE</u> <u>LAW</u> <u>REQUIRED</u> <u>AT</u> <u>THE</u> <u>TIME</u> <u>OF</u> <u>THE</u> <u>COMMISSION</u> <u>OF</u> <u>THE</u> <u>OFFENSE,</u> <u>IN</u> <u>ORDER</u> <u>TO</u> <u>CONVICT</u> <u>THE</u> <u>OFFENDER,</u> <u>171</u> <u>S.W.</u> <u>2d</u> <u>880</u>. SUCH A LAW VIOLATES ART. I 9 (cl.3) & 10 OF THE CONSTITUTION OF THE UNITED STATES WHICH PROVIDE THAT NEITHER CONGRESS NOR ANY STATE SHALL PASS AS EX POST FACTO LAW. THESE PROVISIONS HAVE BEEN APPLICABLE TO CRIMINAL STATUTES. THE [AEDPA'S] EFFECTS THAT IS ESPECIALLY TROUBLING BECAUSE IT ENCUMPASSES NOT ONLY

THE DIRECT EFFECTS OF THE INDIVIDUALS CUSTODY, CRIMINAL AND CIVIL BUT ALSO THE WRITS USAGE HAS BEEN LIMITED BY RECENT SUPREME COURT OPINIONS. SEE e.g., ROSE V. LUNDY 455 US 509, 71 L ED 2d 379, 102 S Ct 1198. THE WRIT IS USED IN THE CIVIL CONTEXT TO CHALLENGE THE VALIDITY OF CHILD CUSTODY, DEPORTATIONS, AND CIVIL COMMITMENT TO MENTAL INSTITUTIONS, THAT IS, THE EFFECTS ON A STATUTORY OR COURT RULE PROCEDURE WHEREBY A CRIMINAL DEFENDANT MAY CHALLENGE COLLATERALLY A JUDGMENT OF CONVICTION WHICH HAS OTHERWISE BECOME FINAL IN THE NORMAL APPELLATE REVIEW PROCESS."PRISONERS" [SUNDAY] WHO IS IN TURN AFFECTED BY (AEDPA) APRIL 24, 1996 CONGRESS PASSING THE ANTITERRISM AND EFFECTIVE DEATH PENALTY ACT. A LAW THAT DRASTICALLY CHANGED FEDERAL HABEAS CORPUS LAW, PUB.L.NO. 104-132, STAT. 1214 (1996): MEMBERS OF A DISTINCT CLASS, BY JUDICIAL FIATE ALONG A PRIVATE/ PUBLIC AXIS AND IS AN INDIVIDUALLY DISCRIMINATORY CLASS BASED ANIMUS, THAT THE ADHOC "OPPOSITION GROUP "[AEDPA] PUB.L.NO. 104-132, 110 STAT. 1214 (1996) APRIL 24. SEE LINDH V. MURPHY 521 U.S. 320, 117 S.Ct. 2059, 138 L. ed. 2d 481 ( 1997)(declaring that the aedpa does not apply retroactively and only applies to petitions after its enactment. is a class, and that the habeas corpus ]aedpa] SUPPOSED ANIMUS AGAINST IT IS CLASS-BASED (1) CONSPIRE AGAINST PRISONERS AND (2) THE CRITERIA [AEDPA] CHANGED A NUMBER OF LAWS GOVERNING HABEAS INCLUDING 28 U.S.C. 2244,2253,2254,2255, AND MADE IT HARDER FOR PRISONERS TO GET HABEAS CORPUS RELEIF, OR AVOID CLEARING UP A MISCARRIAGE OF JUSTICE, OR A COVERUP, OR AS NOTED IN THE OPINION OF MR. JUSTICE BLACK IN BARENBLATT V. UNITED STATES ( 1959) 360 US 109, 3 L ed 3d 1115, 79 S Ct 1081, BILLS OF ATTAINDER ARE AMONG THE FEW MEASURES EXPLICITLY

-3-

FORBIDDEN TO BOTH STATE AND FEDERAL GOVERNMENTS BY THE CONSTITUTION ITS SELF. WHETHER ANY REASONABLE ACCURATE ASSESSMENT OF THE SECONDARY EFFECTS OF [AEDPA] WILL BE POSSIBLE UNLESS IMPLEMENTATION OF THESE PROVISIONS IS PERMITTED IN THE FEDERAL CONSTITUTION, BARRING THE ENACTMENT OF A BILL OF ATTAINDER BY CONGRESS [ART.I CLAUSE 3]. TO ASCERTAINABLE MEMBERS OF A GROUP IN SUCH A WAY AS TO INFLICT PUNISHMENT ON THEM WITHOUT A JUDICIAL TRIAL. UNITED STATES V. BROWN 381 US 437, 14 L. ED. 2d 484, 85 S Ct. 1707 ; DUE PROCESS OF LAW ," THE FIFTH AMENDMENT TO THE CONSTITUTION OF THE UNITED STATES WHICH PROVIDES THAT " NOR [ SHALL ANY PERSON] BE DEPRIVED OF LIFE, LIBERTY, OR PROPERTY, WITHOUT DUE PROCESS OF LAW,". FOURTEENTH AMENDMENT @ 1 WHICH STATES THAT " NOR SHALL ANY STATE DEPRIVE ANY PERSON OF LIFE, LIBERTY OR PROPERTY, WITHOUT DUE PROCESS OF LAW,: EXPANDS WITH JURISPRUDENTIAL ATTITUDES OF FUNDAMENTS FAIRNESS. 302 U.S. 319 ; 237 U.S. 309 ; 397 U.S. 254, 262 -263 :

2: A DELICATE PROCESS OF ADJUSTMENT IN ESCAPABLY INVOLVING THE EXERCISE OF JUDGMENT BY THOSE WHOM THE CONSTITUTION ENTRUSTED WITH THE UNFOLDING OF THE PROCESS, 341 U.S. 123, 162-163 OR BY A STATE (ART. I @ 10 CLAUSE i ). THE PROHIBITION OF BILLS OF ATTAINDER, STATED IN ARTICLE I @ 10, cl. 1 OF THE FEDERAL CONSTITUTION, IS A LIMITATATION UPON THE POWERS OF THE STATES TO ENACT LAWS DEFINING CRIMES. <u>ROCHIN</u> <u>V.</u> <u>CALIFORNIA</u> ( 1952) 342 US 165, 96 L Ed 183, 72 s ct 205 ; 25 ALR 2d 1396. AS NOTED IN THE OPINION OF MR. JUSTICE BLACK IN BARANBLATT V. UNITED STATES ( 19590 360 US 109, 3 L ed 2d 1115, 79 S Ct 1081, BILLS OF ATTAINDER------4-------

are AMONG THE FEW MEASURES EXPLICITLY, FORBIDDEN TO BOTH STATE AND FEDERAL GOVERNMENTS BY THE CONSTITUTION ITSELF. AS THIS PETITIONER IS DEMONSTRATING THAT [ AEDPA] IS APPARENTLY SIMILAR IN SO SUFFICIENCY DIFFERENT FROM THE GREAT WRIT THAT LIMITS ITS GRAND PURPOSE, COMPLEX AND EVOLVING BODY OF EQUITABLE PRINCIPLES INFORMED AND CONTROLLED BY HISTORICAL USAGE AND JUDICIAL DECISIONS. McCLESKY V. ZANT 499 U.S. at 489; SEE JONES V. CUNNINGHAM 371 U.S. 236, 243 ( 1963)( HABEAS CORPUS IS NOT NOW AND HAS NEVER BEEN A STATISTIC, NARROW FORMALISTIC REMEDY . ITS SCOPE HAS GROWN TO ACHIEVE ITS GRAND PURPOSE. THE PROTECTIONS OF INDIVIDUALS AGAINST EROSION OF THEIR RIGHT TO BE FREE FROM WRONGFUL RESTRAINTS UPON THEIR LIBERTY. DESIGNED TO ENSURE THAT NO ARBITRARY AUTHORITY MIGHT ACT WITHOUT WARRANT, OR " DUE PROCESS OF LAW " AS THE LATTER WORDS WERE USED IN THE 5th AMENDMENT ( 1861) IN RE McDONALD 16 F. CAS. 17, 21 (E.D. MO. 1861)(NO. 8, 751), AND THE SUPREME COURTS VARIOUS POST BELLUM CHARACTERIZATIONS OF THE WRIT AS A JUDICIAL REMEDY " FOR EVERY POSSIBLE CASE OF PRIVATION OF LIBERTY CONTRARY TO THE NATIONAL CONSTITUTION OR LAWS, IS IMPOSSIBLE TO WIDEN, ( 1867) EX PARTE McCARDLE 73 US (6 Wall.) 318, 325-26 (1826).

THERE IS AUTHORITY TO THE EFFECT THAT WHEN A STATUTE IS CHALLENGED AS BEING IN CONFLICT WITH THE CONSTITUTIONAL PROHIBITION AGAINST BILLS OF ATTAINDER, IT IS NECESSARY TO DETERMINE WHETHER A PENAL LAW IS INVOLVED, BECAUSE THIS PROVISION APPLIES ONLY TO STATUTES IMPOSING PENALTIES. GARNER V. BOARD OF PUBLIC WORKS (1951) 342 US 716, 95 L ed 1317, 71 S ct 909, reh. den.. --342 US 843, 96 L ed 637, 72 S Ct 21 : FLEMMING V. NESTOR ( 1960) 363 US 603 , 4 L ed 2d 1435, 80 S Ct 1367 ( in which the court said it is essential to the success of a contention that legislation is unconstitutional as amounting to a BILL OF ATTAINDER THAT THE LEGISLATION

-----5-----

be validly characterizable as imposing punishment). SEE THE OPINION OF WARREN, CH. J., JOINED BY BLACK, DOUGLAS, AND WHITAKER, JJ., IN TROP V. DULLES (1958) 356 US 86, 2 L Ed 2d 630, 78 S Ct 590 : GOODLIN V. CLINCHFIELD R. CO. 1954, Dc. Tenn.) 125 F. Supp. 441, AFF'd ON OP. BELOW (CA6) 229 F.2d 578, CERT DEN 351 US 953, 100 L Ed 1476, 76 S Ct 850 (recognizing rule).

3: IT IS CLEAR THAT LEGISLATION IS NOT IPSO FACTO BEYOND THE CONSTITUTIONAL PROSCRIPTION OF BILLS OF ATTAINDER MERELY BECAUSE ITS PURPOSE IS A LAUDABLE ONE. THE CONSTITUTION PROSCRIBES ALL BILLS OF ATTAINDERS BY STATE OR NATION ," NOT MERELY THOSE WHICH LACK COUNSEL OR COURTESY AND IT DOES THIS BECAUSE THE FOUNDERS BELIEVED THAT PUNISHMENT WAS TO SERIOUS A MATTER TO BE ENTRUSTED TO ANY GROUP OTHER THAN AN INDEPENDENT JUDICIARY AND A JURY OF TWELVE MEN ACTING ON PREVIOUSLY PASSED, UNAMBIGUOUS LAWS , WITH ALL THE PROCEDURAL SAFEGUARDS THEY PUT IN THE CONSTITUTIONS ESSENTIAL TO A FAIR TRIAL. SEE OPINION OF BLACK, J. IN BARNBLATT V. UNITED STATES (1959) 360 US 109, 3 L. Ed 2d 1115, 79 S Ct 1081.

ALTERNATIVELY CONCLUDED AND INCORPAORATED :
PLEASE TAKE NOTICE : THAT UPON THE DENIAL OF PETITION, PETITIONER REQUESTS [COA] IN THE ABOVE ENTITLED PETITION : AND MAKES APPLICAT(ION TO THE CHIEF JUDGE OF THE COURT OF APPEALS TO DESIGNATE AN ASSOCIATE JUDGE OF THE COURT TO DETERMINE THE APPLICATION HEREBY MADE FOR A CERTIFICATE OF APPEALABILITY CERTIFYING THAT THIS CASE INVOLVES A QUESTION OF LAW, OR FACTS, WHICH ARE MISREPRESENTED SPECIFICALLYY : _Rule 39(K) motion, Case No. CR-99-1045: .98-1095_ WHICH OUGHT TO BE REVIEWED BY THE APPELLATE DEVISION FROM THE ORDER BY THE SUPREME COURT. MAGISTRATE RECOMENDATION, ORDER IS CONTRARY , 18 U.S.C. § 636 (C); DENIAL OF A NEW TRIAL, CIV. ACT 03-T- 502-E AND VACATE JUDGMENT.

RULE  60 (b) ;

A: MOTION IN SUPPORT :

THE ISSUANCE OF PETITION FOR WRIT OF HABEAS CORPUS RELIEF- FED.RULES OF CIV. PROC. (SUNDAY) SEEKS RELIEF FROM THE PREVIOUS DENIALS OF POST CONVICTION PETITIONS.

INDEPENDANT AND ADEQUATE TEST :

THE STATE DOES NOT HAVE "INDEPENDANT AND ADEQUATE " STATE GROUNDS FOR DENYING PETITIONERS CLAIMS, PRESENTED IN RULE 32 PETITION FILED IN LEE COUNTY COURT THAT WILL SHOW THIS HONORABLE COURT THAT THE ISSUES BEING DENIED AS TIME BARRED , OR PRECLUDED ARE CLEARLY DESIGNATE IN THE PETITIONS AND MISREPRESENTED TO THE COURTS AND DENY PETITIONER RELIEF HE IS ENTITLED TO. THAT IS ALSO EVIDENCE OF FRAUD THAT THE MAGISTRATE IS MISUNDERSTANDING OR CLEARLY MISREPRESENTING [SEE PAR.3 SUPRA :636(C)) SEE CLERKS RECORD OF CC981095 appeal page 0042 FILED JULY 24, 2001. IN SUPPORT OF THIS MOTION SUNDAY CHALLENGES THE DETERMINATION OF THIS COURT " CC98-1095, THE DETERMINATION OF THIS COURT IN SUNDAY V. FERRELL, Civ. Act 03-T- 502-E THAT A PROCEDURAL DEFAULT PRECLUDED A MERITS DETERMINATION OF HIS CLAIMS CHALLENGING TRIAL COUNSEL JEFF TICKAL WAS INEFFECTIVE FOR FAILING TO OBJECT AND PRESERVE FOR DIRECT REVIEW THE ASSISTANT DISTRICT ATTORNEY," GAIL MEEKS", KNOWING USE OF PERJURED TESTIMONY FROM CYNTHIA THROWER THE COMPLAINING WITNESS. THIS VIOLATED THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION. IN SUPPORT OF THIS CLAIM PRESENTED IN PAGE  0032 CLERKS RECORD (00420 PETITIONER MAKES THE ALLEGATION THAT AS SOON AS EVIDENCE [SEE BEST EVIDENCE RULE FOR THE PURPOSE OF THIS PROCEEDING FED. RULE EVIDENCE 1002), WHERE THE TERMS ARE MATERIAL, THE ORIGINAL WRITINGS PRODUCED IN CLAIM NO. 1(i) RULE 32 IN OFFICE CORINNE HURST, CLERK, LEE COUNTY CIRCUIT COURT, THAT

--IT WAS INTRODUCED FROM THE WITNESS STAND THAT TESTIMONY OF CYNTHIA THROWER WAS EITHER COACHED , PERJURED OR OTHERWISE FABRICATED , [A VIOLATION OF THE LAWS OF THE UNITED STATES,] TRIAL COUNSEL JEFF TICKAL SHOULD HAVE OBJECTED TO THE PROSECUTIONS KNOWING USE OF PERJURED OR FALSE TESTIMONY AND MOVED THE COURT FOR A DISMISSAL OF THE CASE AGAINST HIM. EVIDENCE COMES PRIMARILY FROM THE WITNESS STAND, AND MISS THROWER TESTIFIED THAT PEOPLE TOLD (HER) WHAT TO TELL THE COURT OR THE JURY. <u>EX PARTE HAWK ( 1944) 321 US 114, 88 L ed 572,</u> 64 S. Ct. 448.

IT WAS CLEARLY INEFFECTIVE ASSISTANCE OF COUNSEL TO FAIL TO OBJECT TO THE PROSECUTIONS KNOWING USE OF PERJURED TESTIMONY. BECAUSE THE RECORD [ PETITIONERS EXHIBIT -S-IV;S-V; CC 98-1095 TRIAL COURT RECORDS PAGE 383, 386, 387 , CONTAINS THE ALLEGED MATTER OF FACT, THE TRUTH OF WHICH IS SUBMITTED TO THIS COURTS INVESTIGATION OF THE JUDICIAL TRIAL, TESTIMONY OF WITNESSES, INTRODUCTION OF RECORDS, DOCUMENTS, EXHIBITS AND OTHER PROBATIVE MATTER OFFERED FOR THE PURPOSE OF INDUCING BELIEF IN THE PETITIONERS CONTENTIONS BY THE FACT FINDER. THE INTRIODUCTION OF COMPETENT ADMISSABLE EVIDENCE THAT THE PROSECUTOR KNOWINGLY USED PERJURED TESTIMONY TO OBTAIN A CONVICTION (R-383) OR THAT THE PERJURED TESTIMONY WAS ON A MATTER OF SUCH IMPORTANCE THAT THE NEWLY DISCOVERED EVIDENCE [R. 680] WHERE THE PROSECUTOR STATED IN THE RECORD TO THE JURY IN THE CASE CC -98-1095 line 12 oF VOL.IV OF V VOLUMES, MEEK OBJECTS, <u>THAT DID NOT HAPPEN IN THIS COURT ROOM, THAT WAS NOT THE EVIDENCE</u>; IN DAVIS V. ZANT 36 F. 3d 1538 ( 11th Cir. 94) at 1546 [ii] PROSECUTOR STATED, OBJECTION TO THAT , YOUR HONOR, THATS NOT THE EVIDENCE. THATS NOT TRUE AND ITS NOT EVIDENCE [EMPHASIS ADDED]. THUS, THE PROSECUTOR STATED IN FRONT OF THE JURY THAT IT WAS NOT TRUE.------8-

THE COURT [DAVIS SUPRA] AT 1551 CONCLUDE THAT THE PROSECUTORIAL MISCONDUCT IN THIS CASE RENDERED THE TRIAL FUNDAMENTALLY UNFAIR, IN CONCLUSION, ACCORDINGLY, THE JUDGMENT OF THE DISTRICT COURT AND THE CASE IS REMANDED WITH DIRECTIONS TO GRANT THE WRIT OF HABEAS CORPUS. THE COURT SHOULD ALSO REVERSE THIS CASE AS STARE DECISIS, SUPREMACY CLAUSE ., CLEARLY ESTABLISHED LAW PROVIDES.

IT WAS ESTABLISHED THAT PERSONS ACCUSED OF CRIME ARE ENTITLED NOT MERELY TO COUNSELS PRESENCE BUT TO EFFECTIVE ASSISTANCE OF COUNSEL, AND THAT EFFECETIVE ASSISTANCE WITHIN THE RANGE OF COMPETENCE DEMANDED OF ATTORNIES IN CRIMINAL CASES. McMANN V. RICHARDSON 397 U.S. 771,; cooper v fitzharris 586 F. 2d 1325 (1978).

IT WAS PLAINLY understandably EXPRESSED CLEARLY IN THE RECORD OF APPEALS, THE EVIDENCE IS MATERIAL, THE CRIME OF PROCURRING ANOTHER TO COMMIT PERJURY, FALSE TESTIMONY. THE FAILURE OF THE ATTORNEY TO OBJECT WAS CLEARLY INEFFECTIVE FAILING TO PRESERVE THIS EVIDENCE FOR THE RECORD OF DIRECT APPEALS.

AS ARGUEED EARLIER, THE KNOWING USE OF PERJURED TESTIMONY, WHERE LATER DURING THE CROSS EXAMINATION WHERE IT CAME TO EVIDENCE THAT MISS THROWER'S MOTHER, THE PROSECUTION HAD BEEN TELLING HER WHAT TO SAY ABOUT THE PETITIONER. PRESUMPTIVELY, CONCERNING THE IDENTIFICATION PROCEDURE REGARDING THE PETITIONER. SEE PERTINENT PART OF WHAT OCCURRED FROM THE TESTIMONY OF MISS THROWER, DURING CROSS EXAMINATION, IN RULE 32 BEFORE THE COURT, THROUGHOUT THE LOWER COURTS OVERLOOKED THIS CVIDENCE. [C. 0042-0043][MISREPRESENTED]; by respondents, ' chessman v. teets ( 1955) 350 US 3, 100 L Ed 4, 76 S Ct 34 (T.R. 387 of cc98 1095)[C.0044]. THE PETITIONER STRENUOUSLY MAKES THE CLAIM THAT IT WAS

PERJURED TESTIMONY, AND TO MAKE A SPECIFIC OBJECTION THAT THE PROSECUTION HAD KNOWINGLY USED THE PERJURED TESTIMONY OF MISS THROWER IN AN EFFORT TO OBTAIN AN UNLAWFUL CONVICTION AGAINST THE PETITIONER TIMOTHY SUNDAY. FOR THE FOREGOING REASONS SET FORTH, THIS COURT SHOULD SET A DATE FOR AN EVIDENTIARY HEARING SO THAT THIS CREDIBLE ALLEGATION OF THE KNOWING USE OF PERJURED TESTIMONY AND TRIAL COUNSELS FAILURE TO OBJECT TO SUCH CAN BE FURTHER EXPLORED THROUGH THE TESTIMONY OF CYNTHIA THROWER, GAIL MEEKS, JANICE BROWN, & ATTORNEY JEFF TICKAL.SEE JACKSON V. SHANKS 143 F. 3d 1313,1318-1319 (10th cir. 998)(STATE PROCEDURAL DEFAULT RULE THAT CLAIMS NOT RAISED ON DIRECT APPEAL ARE PROCEDURALLY BARRED CANNOT BE APPLIED TO INEFFECTIVE ASSISTANCE OF COUNSEL CLAIMS, BECAUSE DOING SO WOULD DEPRIVE [PETITIONER] OF MEANINGFUL REVIEW OF THE INEFFECTIVE ASSISTANCE OF COUNSEL CLAIM). ERRORS AT SUNDAYS TRIAL CC98 1095 WORKED TO HIS ACTUAL AND SUBSTANTIAL DISADNANTAGE, INFECTING HIS ENTIRE TRIAL WITH ERROR OF CONSTITUTIONAL DIMENSIONS.UNITED STATES V. FRADY 456 U.S. 152, 170, 102 S. Ct. 1584,1596, 71 L ed 2d 816, 832 (1982)[EMPHASIS OMITTED]. SEE FED.R.CRIM. P. 52(b)(PLAIN ERRORS OR DEFECTS AFFECTING SUBSTANTIAL RIGHTS MAY BE NOTICED ALTHOUGH THEY WERE NOT BROUGHT TO THE ATTENTION OF THE COURT. SEE ALSO JOHNSON V. U.S. 520 U.S. 461, 465 (1997)(FAILURE TO ASSERT RIGHT USUALLY RESULTS IN FORFEITURE, BUT PLAIN ERROR RULE MITIGATES ). THE PLAIN ERROR DOCTRINE RECOGNIZES THAT WHERE A DEFENDANTS SUBSTANTIAL PERSONAL RIGHTS ARE AT STAKE, THE RULE OF FORFEITURE SHOULD BEND SLIGHTLY IF NECESSARY TO PREVENT A GRAVE INJUSTICE. A SUFFICIENT REASON FOR THIS COURT TO EXERCISE "RARELY INVOKED POWER TO CORRECT PLAIN ERROR. U.S. V. MITCHELL 146 F. 3d 1338,1342-43 (11th Cir. 98) (APPELLATE COURT HAS DISCRETION TO REVIEW FOR PLAIN ERROR IF RULING IN QUESTION IS CLEARLY CONTRARY TO LAW AT TIME OF APPEAL,

-----10-----

EVIDENTIARY HEARING :

THE HABEAS COURT MAY CHOOSE TO HOLD AN EVIDENTIARY HEARING ON THE FACTS THAT WERE NOT FULLY DEVELOPED IN STATE RIAL COURT. SEE § 2254 RULE 8(b)(1),;Rule *(b)(2): TOWNSEND V. SAIN 372 U.S. 293, 83 S ct 745, 9 L Ed 2d 770(1963SEE PRICE V. JOHNSTON (1948) 334 U.S. 266, 92 L Ed 1356, 668 S Ct 1049, HELD THAT A DISTRICT COURT ERRED IN DISMISSING WITHOUT A HEARING,O'LONE V. ESTATE OF SHABAZZ 482 US 342, 96 L e2d 282 at 290, 107 S. Ct. 2400.

CONTRARY TO RECOMMENDATION PAGE-2 -2- SUNDAY " HOWEVER DID PRESENT SUBSTANTIVE CLAIMS OF PROSECUTORIAL MISCONDUCT ARISING FROM THE TESTIMONY IN HIS CASE STATE POST- CONVICTION PETITION [SUNDAY] FIRST RAISED A CLAIM REGARDING THE PROSECUTORS KNOWING USE OF PERJURED TESTIMONY IN HIS ADDENDUM TO RULE 32 PETITION FILED July 24, 2001.

IN THE CIRCUIT COURT OF LEE COUNTY CASE NO. CC-98-1095; CLAIM NO. I(i)(C.0022). THE COURT ERRED AND ABUSED ITS DISCRETION WHEN IT DETERMINED THAT SUNDAYS CLAIMS OF PROSECUTORIAL MISCONDUCT ARISING FROM THE ALLEGED KNOWING USE OF PERJURED TESTIMONY WAS PROCEDURALLY BARRED FROM FEDERAL HABEAS CORPUS REVIEW."SUNDAY V. FERRELL, ET AL.,[SUNDAY] ALSO ARGUES "CLAIM I(II) TRIAL COUNSEL JEFF TICKAL WAS INEFFECTIVE FOR FAILING TO ADEQUATELY CROSS EXAMINE CYNTHIA THROWER,(C.0045) THROUGH (C0047).' INEFFECTIVE ASSISTANCE OF COUNSEL WHICH RESULTED IN A VIOLATION OF THE CONFRONTATION CLAUSE OF THE UNITED STATES CONSTITUTION. THE USE OF PERJURED TESTIMONY IN A JUDICIAL PROCEEDING IN THE STATE OF ALABAMA IS A FELONY VIOLATION IN AND OF ITSELF: HOWEVER, IT IS ALSO VIOLATIVE OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION TO USE PERJURED TESTIMONY TO OBTAIN A CRIMINAL CONVICTION:

CLAIM NO. I(iii) TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO OBJECT TO THE PROSECUTIONS COMMENTS DURING CLOSING ARGUMENT IN VIOLATION OF THE PETITITONERS SIXTH & FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.(C0048) THROUGH (0050 CLERKS RECORD RULE 32)). IF THE COURT '28 U.S.C. § 2244(b)(3)(D)(2000) DECIDES NOT TO REVIEW [SUNDAYS] PAPERS, THEN HE CANNOT APPEAL THE DECISION AND THUS CANNOT FILE A SECOND PETITION.

PETITIONER IS ENTITLED TO AN ADJUDICATION OF ALL OF THE CLAIMS PRESENTED IN HIS ORIGINAL APPLICATION FOR HABEAS RELIEF). SEE STEWART V. MARTINEZ 523 U.S. 637, 118 S Ct 1618, 140 L ed 2d 849 (1988): SEE ALSO SLACK V. McDANIEL 529 u.s. 473, 120 S. Ct. 159, 146 L.Ed. 2d 542 (2000)( PETITIONER HAS MADE A "SUBSTANTIAL SHOWING OF THE DENIAL OF A CONSTITUTIONAL RIGHT. 28 U.S.C. § 2253 (C)(2)(2000).[SUNDAY] SPECIFIED THE ISSUES INVOLVED IN THE VIOLATION OF HIS FEDERAL CONSTITUTIONAL RIGHTS,. 28 U. S.C. § 2253(C)(3). SEE HERRERA V. UNITED STATES 96 F. 3d 1010 ( 7th Cir. 1996)( requiring that the defendant specify the issues involved in order to obtain a certificate of appealability]. THE PROSECUTOR COMMITTED A BRADY VIOLATION CONCERNING BLOOD-TESTING EVIDENCE, MILLER V. PATE, 386 US 1, 17 L ed 2d 690, 87 S CT 785,; 40 L ED 2d 886 ; 3 L ED 2d 1991 (CONVICTION ON TESTIMONY KNOWN TO PROSECUTION TO BE PERJURED AS DENIAL OF DUE PROCESS).

THE AEDPA, AND IN PARTICULAR 28 USCS § 2244(b)(1), DID NOT REMOVE THE JURISDICTION OF THE CIRCUIT COURT TO RECALL THEIR MANDATES, SUA SPONTE IN AN APPEAL OF PETITIONERS FIRST HABEAS CORPUS PETITION NOT RESOLVED ON THE MERITS. WHERE A COURT OF APPEALS, ON ITS OWN MOTION, RECALLS ITS MANDATE IN ORDER TO REVISIT THE MERITS OF AN EARLIER DECISION DENYING HABEAS CORPUS RELIEF TO A STATE PRISONER, THE COURT ABUSES ITS DISCRETION UNLESS IT ACTS TO AVOID A MISCARRIAGE OF JUSTICE, AS DEFINED BY THE SUPREME COURT HABEAS CORPUS JURISPRUDENCE WITH RESPECT TO THE PRISONERS ACTUAL INNONCE.-----12----


THE FUNDAMENTAL MISCARRIAGE OF JUSTICE DOCTRINE PERMITS CONSIDERATION OF A CLAIM CONTAINED IN A SUCCECIVE HABEAS PETITION UPON A SHOWING THAT THE PRISONER WAS CONVICTED BECAUSE OF FALSE EVIDENCE : _Corrected Page 386 CC-98-1095_ : OR BECAUSE THE SENTENCER CONSIDERED FALSE EVIDENCE _R.680; A.386-387; 39(K) motion_ ; OR BECAUSE THE SENTENCER WAS DEPRIVED OF CONSIDERING TRUE EVIDENCE [ CORRECTED PAGE 386 OF CC 98-1095 AND TRIAL RECORD pg. 680 WHERE THE PROSECUTOR COMMITTS FRAUD, CONSTITUTIONAL ERROR]. THE PLEA OF ACTUAL INNOCENCE SHOWING [EXHIBITS IN THE LOWER COURTS], WITH THIS STANDARD AEDPA'S CENTRAL CONCERN THAT THE MERITS OF CONCLUDED CRIMINAL PROCEEDINGS BE REVISITED. THE DECISION OF LEGAL PROCEEDING THAT IS PREJUDICIAL OR INCONSISTENT WITH SUBSTANTIAL RIGHTS OF THE PETITIONER. AS USED IN CONSTITUTIONAL STANDARD OF REVERSIBLE ERROR," MISCARRIAGE OF JUSTICE" MEANS A REASONABLE PROBABILITY OF MORE FAVORABLE OUTCOME FOR THE DEFENDANT.THE TIMING OF [SUNDAYS] FILINGS -i.e., THE FACT THAT HE HAS ALREADY FILED ONE § 2254 APLICATION -- IS NOT NECESSARILY DETERMINATIVE OF WHETHER THE CURRENT ATTEMPT IS A "SECOND OR SUCCESSIVE" APPLICATION. IT WAS HELD IN CARLSON V. PITCHER 137 F. 3d 416 ( 6th Cir. that 'a habeas petition filed after a previous petition has been dismissed [ FOR FAILURE TO EXHAUST STATE REMEDIES ] IS NOT A SECOND OR SUCCESSIVE PETITION IMPLICATING THE PREFILING REQUIREMENT OF OBTAINING AN ORDER OF AUTHORITY FROM THE COURT OF APPEALS. Id. at 420. THE REASON FOR THIS RESULT IS THAT A DISPOSITION FOR FAILURE TO EXHAUST STATE REMEDIES IS NOT A DISPOSITION ON THE MERITS. Id, AT 419.
THE ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT OF 1996 (AEDPA) CERTIFICATE OF APPEALABILITY PROVISIONS APPLY TO THE PROCEEDINGS IN THE UNITED STATES COURT OF APPEALS BUT AEDPA'S PROVISIONS GOVERNING SECOND OR SUCCESSIVE PETITIONS DO NOT.

REASONABLE JURISTS COULD CONCLUDE THAT THE HABEAS PETITION IS NOT BARRED BY THE ABUSE OF THE WRIT AND THAT IT PRESENTS A CONSTITUTIONAL CLAIM ON WHICH PETITIONER COULD PREVAIL. CONGRESS EXPRESSED NO INTENTION TO ALLOW TRIAL COURT PROCEDURAL ERROR TO BAR VINDICATION OF SUBSTANTIAL CONSTITUTIONAL RIGHTS ON APPEAL. SLACK V. McDANIEL (2000) 529 US 473, 146 L ed 2d 542 at 549.

CONTRARY TO THE LOWER COURTS HOLDING, THE RECORD CONTAINS BRIEFS INCOMPLETE BECAUSE OF INADEQUACIES IN THE ALABAMA DEPARTMENT OF CORRECTIONS, LAW LIBRARIES ACCESS TO COURTS,[SEE THE RECORD civ. act 03-T-502-E][SEE BOUNDS V. SMITH 430 U.S. 817, 52 L ed 2d 72, 97 S Ct 1491 : LEWIS V. CASEY, 518 US 343, 350-351, 135 L ed 2d 606, 116 S ct 2174 ( 1996): SHAW V. MURPHY(2001) 532 US 223, 149 L ed 2d 420,121 S Ct 1475: WARREN CHRISTOPHER, FORMER SECRETARY OF STATE, ET AL., PETITIONERS V. JENNIFER K. HARBURY 536 US 403, 153 L ed 2d 413, 122 S ct 2179 AND ALSO CONTAINS BRIEFS FILED IN STATE COURT TO REVIEW DENOVO [CR 01-0207], AND THE BRIEF CIV. ACT 03-T-502-E SETS OUT THE FEDERAL CLAIMS.THESE WERE NOT AN INSTANCE MAYBE WHERE THE HABEAS PETITIONER FAILED TO "APPRISE THE STATE COURT OF HIS CLAIMS THAT THE PROSECUTOR DENIED DEFENDANT DUE PROCESS OF LAW AND A FAIR TRIAL BY NUMEROUS INSTANCES OF MISCONDUCT, CLAIM 1(iii); AMENDED CIV.ACT 03-T-502-e OUTLINING SPECIFIC ALLEGATION OF PROSECUTORIAL MISCONDUCT THE FIFTH, SIXTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION. PETITIONER CITED DONELLY V. DECHRISTOFORO 416 US 637 ( 1974): BERGER V. UNITED STATES 295 US 78 ( 1935). THIS IS NOT AN INSTANCE WHERE THE HABEAS PETITIONER FAILED TO APPRISE THE STATE COURT OF HIS CLAIMS. A REVIEWING COURT MAY SET ASIDE DISCRETIONARY AGENCY ACTION FOUND TO BE "ARBITRARY, CAPRICIOUS, AND ABUSE OF DISCRETION OR OTHERWISE NOT IN ACCORDANCE WITH LAW. 5 U.S.C. § 706(2)(A). RULING OF WHICH COMPLAINED WAS NOT ONLY A VIOLATION OF STATE LAW, BUT DENIED HIM DUE PROCESS OF LAW GUARANTEED BY THE FOURTEENTH AMENDMENT.                    ----14----

DUNCAN V. HENRY 513 U.S. 354, 366 (1995)( per curiam), NOR IS THIS A CASE WHERE A STATE COURT NEEDED TO LOOK BEYOND " A PETITION OR A BRIEF (OR A SIMILAR DOCUMENT)" TO BE AWARE OF THE FEDERAL CLAIM. BALDWIN V. REESE 541 US 27, 32 ( 2004). THE STATE COURT BRIEF WAS CLEAR THAT THE PROSECUTORIAL MISCONDUCT CLAIM BASED, AT LEAST IN PART, ON A FEDERAL RIGHT.

IT WAS ERROR FOR THE COURTS OF APPEALS TO CONCLUDE OTHERWISE. THE HABEAS CORPUS PETITION, CIV. ACT. NO. 03-T-502-E MADE CLEAR AND REPEATED REFERENCES TO AN APPENDED SUPPORTING BRIEF, WHICH PRESENTED [SUNDAYS] FEDERAL CLAIMS WITH MORE SUFFICIENT PERTICULARITY. SEE FED. RULES Civ. Pro. 81 (A)(2). AS THE KNOWING USE OF PERJURED TESTIMONY, THE PROSECUTORIAL MISCONDUCT CLAIMS WAS PRESENTED PROPERLY, IT AND ANY OTHER FEDERAL CLAIMS WERE PROPERLY PRESENTED AND SHOULD BE ADDRESSED BY THIS COURT OF APPEALS.

READ WITH THE REQUIRED LIBERALITY SUNDAYS COMPLAINTS RELATES, WITH SUFFICIENT SPECIFITY TO FACTS IN CC-98-1095 appeal. facts that that entitle him to releif. CF. JOHNSON V. WELLS 566 F. 2d 1016,1017 (5th Cir. 1978). NEVERTHELESS, WHEN A STATE PROVIDES A RIGHT TO APPEAL, IT MUST MEET THE REQUIREMENTS OF DUE PROCESS AND EQUAL PROTECTION. DOUGLAS C. CALIFORNIA , 9 L. Ed.2d 811(1963); GRIFFUN V. ILLINOIS, 391 U.S. at "16"; PATE V. HOLMAN 341 F. 2d 766,770, 773 n.10 (5th cir. 1965). THE COURT IS CONVINCED THAT DUE PROCESS CAN BE DENIED BY ANY SUBSTANTIAL RETARDATION OF THE APPELLATE PROCESS, INCLUDING

AN EXCESSIVE DELAY IN THE FUNCTIONING OF A TRANSCRIPTION OF ANY TESTIMONY NECCESSARY FOR COMPLETION OF THE APPELLATE RECORD. SEE RHUEARK V. SHAW, 547 F. 2d 1257 (5th Cir. 1977);

THE ADJUDICATION OF THE CLAIMS RESULTED IN A DECISION THAT WAS BASED ON AN UNREASONABLE DETERMINATION OF THE FACTS IN LGHT OF THE EVIDENCE PRESENTED IN THE STATE COURT PROCEEDINGS. THE CLAIMS ADDRESSED IN THIS APPEAL TURN ON FACTUAL FINDINGS. ERRORS IN THE STATES FACTUAL FINDINGS THAT PREJUDICE SUNDAY. THE STATE COURT DECISION IS SO CLEARLY INCORRECT THAT IT WOULD NOT BE DEBATABLE AMONG REASONABLE JURISTS.

## CONCLUSION

PETITION SHOULD BE GRANTED

RESPECTFULLY SUBMITTED TIM SUNDAY # 213453 INCARCERATED:

## CERTIFICATE OF SERVICE

CERTIFIED THIS THE 7th DAY OF SEPT. 2007 AND DEPOSITED IN THE US POSTAL SERVICE POSTAGE PREPAID. PURSUANT TO MAIL BOX RULE AND 28 U.S.C. §1746 DECLARED.

*[signature]* #213453

PRO SE

Case: 3:07cv723

Timothy Lee Sunday AIS213453
 Easterling Correctional Facility
200 Wallace Drive
Clio, AL 36017-2613

----------------------------------------------------------

TO ATTORNEYS OF RECORD:    Electronic Noticing is MANDATORY in the
District Court for the Middle District of Alabama.

By order of the court (General order 04-3164) Electronic Noticing is
mandatory for all attorneys who wish to practice in this district.

ATTORNEYS, If you have received this notice by mail, you have not yet
complied with this order, according to our records. Please register
IMMEDIATELY!

The mandatory registration form for attorneys can be accessed through our
web site (www.almd.uscourts.gov, click on the CM/ECF icon.  At the CM/ECF
welcome page, click on the Registration button).  The form can be completed
and submitted on-line

If you have any questions or need help with our Case Management/Electronic
Case Files (CM/ECF) system, please call our help desk on 334.954.3935.

Timothy Lee Sunday #212963
EASTERLING CORRECTIONAL FACILITY
200 WALLACE DRIVE
CLIO, ALABAMA 36017

Legal Mail

Office of The Clerk
United States District Court
P.O. Box 711
Montgomery, Alabama 36101-0711

"This correspondence is forwarded from an Alabama State Prison. The contents have not been evaluated, and the Alabama Department of Corrections is not responsible for the substance or content of the enclosed communication."