*The Court*

RECEIVED

UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF ALABAMA OF EASTERN

DIVISION: NOTICE OF APPEAL TO A COURT OF APPEALS FROM A JUDGMENT OR

2007 OCT 17 A 9: 27

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

ORDER OF A DISTRICT COURT

FILE NUMBERS  3:07-cv-0723-MEF

*CASE: 3:07-CV-00723-MEF-WC*

*Notice of Appeal*

*Indictment No. CC-98-1095*

*Return Address DATE:*

TIMOTHY LEE SUNDAY, PETITIONER

V.

LEE COUNTY CIRCUIT COURT

ALABAMA, ET AL.,

RESPONDENTS.


NOTICE IS HEREBY GIVEN THAT TIMOTHY LEE SUNDAY [PETITIONER] IN THE ABOVE

NAMED CASE HEREBY APPEAL TO THE UNITED STATES COURT OF APPEALS FOR THR MIDDLE

DISTRICT OF ALABAMA OF EASTERN DIVISION FROM THE FINAL JUDGMENT ,ORDER ENTERED

IN THIS ACTION ON THE 27th day of  SEPT, 2007.


                                        TIMOTHY LEE SUNDAY

                                        PRO SE  FOR PETITIONER

                                        EASTERLING CORRECTIONAL  FACILITY

                                         200 WALLACE  DRIVE

                                        CLIO, AL 36017-2613

In The United States District Court
For The Middle District of Alabama of
Eastern Division

RECEIVED
2007 OCT 17 A 9: 27

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

Case No. 3:07-CV-0723
MEF

Clerk: Institutional Account has been requested
from Easterling Correctional Facility Account
Clerk and will be forwarded Immediately
to this office upon return.

oft Prose: Jim Sun Clark #213453

Incarcerated:    Easterling Correctional Facility
D1-45A
200 Wallace Drive
Clio, Alabama 36017

Certificate of Service this 12 day oct.
2007 deposited in Easterling Correctional
Facility Legal Mail Box ; Houston v. Lack.
Mail box Rule, Pursuant to 28 U.S.C. § 1746
Jim Sun Clark

# Table of Contents   Pg. #

| Par # | | Pg. # |
|---|---|---|
| | Notice of Appeal | Cover |
| | BRIEF APPeal of Timothy Lee Sunday Prisoner | -1- |
| | STATEment of Case | -1- |
| | Jurisdiction | -1- |
| | On Request For Rehearing In Banc | -2- |
| | ARgument | -3- |
| 1: | Respondent Agree that the Lower Courts Sole Ground For | -3- |
| 1: | denying 60(b) Relief was erroneous | -3- |
| 2: | Where 60(b) Relief is sought because the original | -5- |
| 2: | denial was Procured by Fraud on the Court | -5- |
| 3: | Respondents Position confuses error with non Finality and | -5- |
| 3: | Fails to distinguish between the requirements of the Hab- | -5- |
| 3: | eas Corpus STATUTes And the Procedural means | -5- |
| 3: | For correcting Asserted error in fulfilling the STATUT- | -5- |
| 3: | ORY Command | -5- |
| 4: | The Committee on the Judiciary House of Represent- | -6- |
| 4: | Atives Authority For Promulgation of Rules Title 28 | -6- |
| 4: | USC, A Rule of Pressing national Importance, | -6- |
| 5: | Not surprisinly, the lower Court CASES establishing | -8- |
| 5: | the Function Al Practice that the Court has endorsed do | -8- |
| 5: | not All Involve without-Prejudice dismissals | -8- |
| 6: | The Following is An Illustration: The FRAUD: | -10- |
| | Conclusion | -31- |

Jim Sunday

# Table of Authorities

| | Pg. # |
|---|---|
| Adamson v. California 332 us 46, 71-72 ; | -15- |
| AGEE v. white 809 F. 2d 1487, 1490 (11th cir. 1987) , | -22- |
| | |
| | |
| BRILLHART v. Excess Ins. Co. 316 us. 491, 496 | -29- |
| Brooks 762 F. 2d At 1400 | -16- |
| BARbee v. Warden 331 F. 2d 842, 845. | -14- |
| BUSY v. Nevada Const. Co. 125 F. 2d 213 | -2- |
| Benton v. Washington 106 F. 3d 162, 169 | -8- |
| Berger v. United States 295 us 78, 38 | -14- |
| Bridges v. California 314 us 252, 271 | -15- |
| Berger v. United State 255 u.s. 22 , | -18- |
| Browder v. Director, 434 u.s. 257, 271 (1978) | -20- |
| Benton v. Washington 106 F. 3d 162, 162 ; | -20- |
| Benton, 106 F 3d At 164 | -23- |
| Banks v. United States 167 F. 3d 1082, 1083 (7th cir. 99) | -24- |
| Coleman 501 u.s. At 726 | -30- |
| Calderon 523 u.s. At 548, 554 | -24- |
| Calderon 523 us. At 554 | -23- |
| Clark v. Blackburn 619 F. 2d 431 (5th cir. 1980) | -17- |
| Cutler v. Sullivan 446 us. 244-345 (1980) | -16- |
| Calderon 523 u.s. At 554 | -9- |
| Calderon v. Thompson 523 u.s. 538, 554 (1998) | -5- |

Index # 3

## Table of Authorities

| | Pg. # |
|---|---|
| Calderon 523 U.S. At 524 | -8- |
| Cox V. Louisiana 379 US 559, 562 | -15- |
| | |
| | |
| Dunlap V. Litscher 301 F.3d 873, 875-76 (7th cir. 2002) | -25- |
| Dake V. Attorney General 696 F.2d 186, 191; | -18- |
| Davis V. Zant 36 F.3d 1538 (11th Cir. 94) | -16- |
| Donnelly V. Dechristoforo 416 U.S. At 643, | -16- |
| Donn V. Singletary 168 F.3d 440, 441-42 (11th cir. 99) | -9- |
| Davis V. Zant 36 F.3d 1538 (11th cir. 94) | -12- |
| Estelle V. Williams 425 U.S. 501, 505-506 | -17- |
| Estes V. Texas 381 US 532 | -15- |
| Ellis V. United States 345 F.2d 961 | -14- |
| Erskine V. Upham 56 Cal. App. 2d 235 | -12- |
| Ex Park Hull 312 U.S. 546, 548-49 (1941) | -4- |
| Ex Park Bollman 8 U.S. (4 cranch), 75, 95 (1807) | -4- |
| Evitts V. Lucey 469 U.S. 387 (1985) | -4- |
| Felker V. Turbin 518 U.S. At 665 | -28- |
| Felder V. McVicar 113 F.3d 696, 697 (7th cir. 97) | -10- |
| Fisk V. Baker - C.C.A. 8th, 1942, 125 F.2d 841 | -1- |
| Frank V. Mangum 59 L ed 969, 988 | -15- |
| Gideon V. Wainwright 372 US 335, 342 | -15- |
| Garret V. United States 178 F.3d 940, 941-42 | -10- |

Thu Terrells 4

Table of Authorities                    Pg: #

| | |
|---|---|
| HARRIS v. U.S. 149 F. 3d 1304, 1309 (11th Cir. 1998) | -31- |
| HANCE v. ZANT 696 F. 2d 940 (1983) | -18- |
| HARO-BATEZZA v. United States 199 F. 3d 1195, 1196-97 | -4- |
| Hazel-Atlas Glass Co. v. Hartford Empire Co. 322 U.S. 238 | -2- |
| HARRIS v. Nelson 394 U.S. 286, 290-291 (1969) | -4- |
| Howard v. Lewis 905 F. 2d 1218, 1323 (9th Cir. 1990) | -9- |
| Irvin v. Dowd 339 U.S. 394, 404-405; | -18- |
| Irvin v. Dowd 366 US 717, 722 | -15- |
| In re Murchison 349 US 133, 136 | -15- |
| Johnson v. Avery 393 U.S. at 489 | -14- |
| Jackson v. Denno 378 U.S. 368, 377 | -15- |
| Kyle v. United States (CA2) 297 F. 2d 507 | -14- |
| Lindh v. Murphy 521 US 320 (1997) | -31- |
| Lindh v. Murphy 521 U.S. 320, 336 (1997) | -30- |
| Lonchar. 517 U.S. At 322, 330 | -30- |
| ████████████████████████ | -4- |
| ████████████████████████ | -15- |
| Martinez-Villareal 523 U.S. At 643-44 | -25- |
| Martinez-Villareal 523 U.S. At 640, 645 | -24- |
| Mobley v. Head. 2002 WL 31066924 At 6, 8 (11th Cir. 2002) | -23- |
| McFarland v. Scott. 512 U.S. 829, 860 (1994) | -22- |
| Martinez-Villareal 523 U.S. At 645 | -21- |
| Mobley v. Head 281 F. 3d 1282 | -19- |
| Mobley v. Head 2002 WL 31066924 (11th Cir. 2002) | -19- |

*(signature)*

# Table of Authorities

| | Pg. # |
|---|---|
| Martinez-VillaReal 523 U.S. at 645 | -20- |
| Mooney v. Holohan 294 US 103 | -14- |
| Martinez v. VillaReal 523 U.S. at 640, 645. | -10- |
| Marsh v. Soares 223 F.3d 1217, 1219-20 (10th cir. 2000) | -10- |
| Mobley v. Head 2002 WL 31046924 (11th cir. 9-18-02): | -9- |
| Martinez-VillaReal 523 U.S. at 643: | -8- |
| Martinez-VillaReal 523 U.S. at 645 | -7- |
| Martinez v. VillaReal 523 U.S. at 643-44 | -6- |
| Martinez-VillaReal 523 U.S. at 643-44 | -5- |
| Murray v. Giarrantano 492 U.S. 1, 24 (1989) | -3- |
| Nowaczyk v. Warden 299 F.3d 69, 83 (1st. cir. 2002) | -10- |
| Pyle v. Kansas 317 US 213 | -14- |
| Pointer v. Texas 380 U.S. 400, 408 | -15- |
| Picard v. Connor 404 U.S. 275, (1971) | -18- |
| Pitchess v. Davis 421 U.S. 482, 489 (1975) | -20- |
| Rodriguez v. Mitchell, 252 F.3d 191, 199, 201 (2d cir. 2001) | -24- |
| Rodriguez v. Mitchell, 252 F.3d 191, 189, 201 (2d cir. 2001) | -9- |
| Rose v. Lundy 455 U.S. 509, 518 (1982) | -18- |
| Slack 529 US at 478 | -30- |
| Semtek Int'l. Inc. v. Lockheed Corp. 531 U.S. 497, 501-02 | -30- |
| Slack v. McDaniel 529 U.S. 473, 146 L.Ed. 2d 542 | -29- |
| Sawyer v. Whitley 505 US 338 (1992) | -22- |
| Slack 529 U.S. at 488 | -24- |

*Tim Lund[?]*

# Table of Authorities

| | Pg: # |
|---|---|
| Strickland V. Washington 466 U.S. 668, 695 -696 (1984) | -17- |
| Smith V. Commonwealth 331 Mass 585, | -14- |
| State V. Meiers Mo. 412 S.W. 2d 478, 480 | -12- |
| State V. Gilcrist 15 Wash. App. 892, | -12- |
| Slack. 529 U.S. at 488 | -10-23- |
| Slack 529 U.S. at 488-89 | -9-21- |
| Slack 529 U.S. at 487-88; | -8-20- |
| Slack. 529 U.S. at 488 | -7- |
| Slack V. McDaniel. 529 U.S. 473 (2000) | -4-19- |
| Sanders V. United States 373 U.S. 1, (1963) | -4- |
| Slavin V. Curry 574 F. 2d 1256 (1978) Fifth Cir. | -7- |
| Soward V. Lewis 905 F. 2d 1318, 1323 (8th cir. 1990) | -24- |
| Turner V. Lousiana 379 US 466, | -15- |
| United States V. Heath 147 F. Supp. 877 | -14- |
| United States V. Zborow (CA2) 271 F. 2d 661, 668 | -14- |
| United States Ex Rel Thompson v. Dye 221 F. 2d 763 | -14- |
| United States Ex Rel Baldi (CA3) 195 F. 2d 815 | -14- |
| U.S. Mich. 446 F. Supp. 252 | -13- |
| United States V. Young 413 U.S. 649 | -13- |
| United States V. Consol-Laundries Corp. 291 F. 2d 563, | -14- |
| United States v. Ex Rel. Mont. V. Ragen 86 F. Supp. 382 | -14- |
| United States Ex Rel Bostick v. Peters 3 F. 3d 1025, 1026-29 | -22- |
| Workman V. Bell 227 F. 3d 331, 334-35, 341 (6th cir. 2000) | -23- |

*Jim Lindsey*

Table of Authorities

| | Pg. # |
|---|---|
| WeBER v. Murphy 15 F.3d 691, 694 (7th Cir.) | -22- |
| WAlker v. Davis 840 F.2d 834, 828 (11th Cir.) | -16- |
| WAlker v. Johnson 312 U.S. At 284 | -6- |
| Workman v. Bell 227 F.3d 331, 334-35, 341 (6th Cir. 2000) | -9- |
| | |
| | |
| | |
| The End V | |

# COURT Rules

Page #

| | |
|---|---|
| Fed. Rules of Civ. Proc. 60 (b)(10) | -1- |
| Fed. Rules of Civ. Proc. 59 (b); (3) Fraud | -1- |
| 1941 Fed. Rules Serv. 942 2 945 | -2- |
| Rules of evidence 601 | -11- |
| Federal Rule Civil Procedure 59 | -12- |
| Federal Rule of Appellate Procedure 22 (b) | -18- |
| Federal Rules of Civil Procedure 52 (B) And 59 | -20- |
| Habeas Corpus Rule 2 (c) | -22- |
| 2244 (b)(1) | -22- |

Tim Smith

Other Rules Other Authorities          Pg: #

| | |
|---|---|
| 55 Yale L.J. 623, 653 to 659; | -2- |
| Moores Federal Practice 1928, 3627 et Seq. | -2- |
| The Federalist No. 83, at 499 (A. Hamilton)(Clinton Rossiter Ed. 1961) | -4- |
| Sixth Amendment to the U.S. Constitution | -15- |
| Fourteenth Amendment to the U.S. Constitution | -15- |
| 171 ALR 1223 | -15- |
| 92 ALR 2d 733, | -15- |
| 1 ALR 3d 1205 | -15- |
| Ala. Const. 1901 ART. 1 § 12; | -17- |

# STATUTES

| | Pg # |
|---|---|
| 28 USCS § 2244 (b)(3). | -1- |
| 28 USC § 1651(A) | -1- |
| 28 USC § 2241 | -6- |
| 28 U SC Rule 1024 Evidence for US Courts and Magistrates | -6- |
| 28 U.S.C. § 2254 (1982) | -18- |
| 28 U.S.C. § 2254 (b). | -23- |
| 28 USCS § 2242 | -28- |
| 28 USCS § 2254 (c) | -28- |

Linda S

RECEIVED

IN   THE   MIDDLE   DISTRICT COURT   A 9:27

FOR   THE   MIDDLE   DISTRICT   OF   ALABAMA
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
BRIEF   APPEAL   OF   TIMOTHY   LEE   SUNDAY MIDDLE DISTRICT ALA

---

APPEAL   FROM   THE   CIRCUIT   COURT   OF   LEE   COUNTY   CASE   CC 98-1095

HEREIN   AFTER   CIV.   ACT.   NO.  _3:07 cv 723_           .

STATEMENT   OF   THE   CASE :

PETITIONER   [HEREIN   AFTER   SUNDAY]   RELIES   UPON   THE   STATEMENT   OF   THE

CASE   AS   CONTAINED   IN   HIS   OPENING   BRIEF ,   TRIAL   AND   DIRECT   APPEAL ,

PETITION   FOR   WRIT   OF   HABEAS   CORPUS.  _Civ. Act. 03-T-502-E_

JURISDICTION

PETITIONER   MOVES   IN   THE   APPROPRIATE   COURT   OF   APPEALS   FOR   AN   ORDER
AUTHORIZING   THE   DISTRICT   COURT   TO   CONSIDER   THE   APPLICATION   [28
USCS§2244(b)(3)].

THIS   COURT   MAY   CONSIDER   PETITIONERS   MERITORIOUS   CLAIMS   THROUGH   THE

ALL   WRITS   ACT   TITLE 28   USC § 1651(A).

FEDERAL   RULES   OF   CIVIL   PROCEDURE   RULE   60 (b)(10 mistake, inadvertence,

surprise,   or   excusable   neglect; ( newly   discovered   evidence   which   by

due   diligence   could   not   have   been   discovered   in   time   to   move   for   a

new   trial   under   Rule   59(b);   (3)   fraud ( whether   hereto   fore

denominated   intrinsic   or   extrinsic),   misrepresentation ,   or   other

misconduct   of   an   adverse   party ;)FRAUD,   WHETHER   INTRINSIC   OR   EXTRINSIC,

MISREPRESENTATION,   OR OTHER   MISCONDUCT   OF   AN   ADVERSE   PARTY   ARE   EXPRESS

GROUNDS   FOR   RELIEF   BY   MOTION   UNDER   AMENDED   SUBDIVISION (b).THERE IS NO

SOUND   REASON   FOR   THEIR   EXCLUSION.   THE   INCORPORATION   OF   FRAUD   AND   THE

LIKE   WITHIN   THE   SCOPE   OF   THE   RULE   ALSO   REMOVES   CONFUSION   AS   TO   THE

PROPER   PROCEDURE.   IT   HAS   BEEN   HELD   THAT   RELIEF   FROM   A   JUDGMENT

OBTAINED   BY   EXTRINSIC   FRAUD   COULD   BE   SECURED   BY   MOTION   WITHIN   A

"REASONABLE   TIME,"   WHICH   MIGHT   BE   AFTER   THE   TIME   STATED   IN   THE

RULE   HAD   RUN.FISK   V.   BUDER,   C.C.A. 8th ,   1942,   125 F. 2d   841 ;

-1-

213.SEE ALSO BUSY V. NEVADA  CONSTRUCTION CO. C.C.A. 9th, 1942,

125 F. 2d 213. ON THE OTHERHAND, IT HAS BEEN SUGGESTED THAT IN VIEW OF THE FACT THAT FRAUD WAS OMITTED FROM THE ORIGINAL RULE 60(b) AS GROUND FOR RELIEF, AN INDEPENDENT ACTION WAS THE ONLY PROPER REMEDY.COMMENTARY, EFFECT OF FULE 60 b on the other methods of releif from judgment, 1941, Fed.Rules Serv. 942,945. THE AMENDMENT SETTLES THE PROBLEM BY MAKING FRAUD AN EXPRESS GROUND FOR RELIEF BY MOTION: AND UNDER THE SAVING CLAUSE, FRAUD MAY BE URGED AS A BASIS FOR RELIEF BY INDEPENDENT ACTION INSOFAR AS ESTABLISHED DOCTRINE PERMITS. SEE MOORE AND ROGERS, FEDERAL RELIEF FROM CIVIL JUDGMENTS, 1946, 55 Yale L.J. 623,653 to 659;Moores federal practice, 1938,3627 et seq. AND THE RULE EXPRESSLY DOES NOT LIMIT THE POWER OF THE COURT, WHEN FRAUD HAS BEEN PERPETRATED UPON IT, TO GIVE RELIEF UNDER THE SAVINGS CLAUSE.AS AN ILLUSTRATION OF THIS SITUATION, SEE HAZEL-ATLAS GLASS CO. V. HARTFORD EMPIRE CO., 1944, 64 S. ct. 997, 322 U.S. 238, 88 L. Ed. 1250.

## ON REQUEST FOR REHEARING

### IN BANC

HAVING REQUESTED THAT A POLL OF THE ACTIVE CIRCUIT JUDGES BE TAKEN ON WHETHER THE APPEAL SHOULD BE REHEARD IN BANC, THE RESPONDENTS HAS MISAPPREHENDED ITS FUNCTION AS AN ARM OF THIS COURT. IT HAS ALSO VIOLATED A RULE OF THIS COURT WHICH HAS EXISTED SINCE ITS CREATION.THEY HAVE MISCONSTRUED THE EARLY SUPREME COURT OPINIONS ON WHICH IT RELIES TO JUSTIFY VIOLATION OF THE RULE.

ARGUMENT  *Summary*

1. IF MERITS A LEGAL TERM, REFERS TO THE STRICT RIGHTS OF THE PARTIES,[DELUX BLACKS LAW DICTIONARY SIXTH EDITION.MINK V. KEIM, 266 APP.DIV. 184,41 N.Y. 2D 769, 771. THE SUBSTANCE, ELEMENTS, OR GROUNDS OF A CAUSE OF ACTION OR DEFENSE.AN INTENTIONAL PERVERSION OF TRUTH FOR THE PURPOSE OF INDUCUNG ANOTHER IN RELIANCE UPON IT TO PART WITH SOME VALUABLE THING BELONGING TO HIM OR TO SURRENDER A LEGAL RIGHT. A FALSE REPRESENTATION OF A MATTER OF FACT, WHETHER BY WORDS OR BY CONDUCT, BY FALSE OR MISLEADING ALLEGATIONS, OR BY CONCEALMENT OF THAT WHICH SHOULD HAVE BEEN DISCLOSED, WHICH DECEIVES AND IS INTENDED TO DECEIVE ANOTHER SO THAT HE SHALL ACT UPON IT TO HIS LEGAL INJURY.ANYTHING CALCULATED TO DECEIVE, WHETHER BY A SINGLE ACT OR COMBINATION, OR BY SUPPRESSION OF TRUTH, OR SUGGESTION OF WHAT IS FALSE, WHETHER IT BE BY DIRECT FALSEHOOD OR INNUENDO, BY SPEECH, OR SILENCE, WORD OF MOUTH, OR LOOK OR GESTURE. DELAHNTY V. FIST PENNSYLVANIA BANK,N.A., 318 pA. sUPER. 90, 464 a. 2D 1243,1251.[BLACKS LAW 'SUPRA]FRAUD.FRAUD UPON THE COURT; A SCHEME TO INTERFERE WITH JUDICIAL MACHINERY PERFORMING TASK OF IMPARTIAL ADJUDICATION, AS BY PREVENTING OPPOSING PARTY FROM FAIRLY PRESENTING HIS CASE OR DEFENSE. FINDING OF FRAUD ON THE COURT IS JUSTIFIED ONLY BY MOST EGGREGIOUS MISCONDUCT DIRECTED TO THE COURT ITSELF SUCH AS BRIBERY OF A JUDGE OR JURY TO FABRICATION OF EVIDENCE BY COUNSEL AND MUST BE SUPPORTED BY CLEAR, UNEQUIVOCAL AND CONVINCING EVIDENCE. IN RE COORDINATED PRETRIAL PROCEEDINGS IN ANTIBIOTIC ANTRITRUST ACTIONS, C.A.MINN.,538 f. 2D 180, 195.

9£¶.J±³,

## ARGUMENT

1: RESPONDENT AGREE THAT THE LOWER COURTS SOLE GROUND FOR DENYING 60(b) RELIEF WAS ERRONEOUS: THE OPPOSING BRIEFS SUBSTANTIALLY NARROW THE ISSUES BEFORE THE COURT BY DECLINING TO DEFEND REASON FOR DENYING PETITIONERS RULE 60(b) MOTION THAT EVERY 60(b) MOTION IN A POST AEDPA HABEAS CASE IS eo ipso A SUCCESSIVE APPLICATION WITHIN THE PRECLUSION RULES OF 28 U.S.C. § 2244.expressly rejecting that stark and unprecedented rule as in consistent with the courts decisions. PETITIONER DOES NOT ARGUE THAT ALL RULE 60(b) MOTIONS CHALLENGING HABEAS DENIAL BASED ON GROUNDS OTHER THAN THE UNDERLYING MERITS AVOID A § 2244 bar. RATHER, HE SHOWS THAT HIS 60(b) MOTION IS ONE OF THE VERY FEW MOTIONS SEEKING TO REOPEN A HABEAS DENIAL ON ANY GROUND THAT IS NOT BARRED BY § 2244. PETITIONER LIST SEVERAL EXTRAORDINARY SITUATIONS IN WHICH HE CONCEDES THAT A RULE 60 (b) MOTION IS NOT A "SECOND OR SUCCESSIVE APPLICATION" WITHIN § 2244(1).SOME IRREGULARITIES SUCH AS PROSECUTORIAL MISCONDUCT MAY NOT SURFACE UNTIL AFTER DIRECT APPEAL REVIEW IS COMPLETE.MURRAY V. GIARRANTANO 492 U.S. 1,24 (1989)(STEVENS. J., DISSENTING),THERE FREQUENTLY ARE CLAIMS FOR WHICH STATE POST CONVICTION NECESSARILY SERVES AS THE PETITIONERS ONE AND ONLY APPEAL, AND ACCORDINGLY, AS TO WHICH STATE POST CONVICTION PROCEDURES ARGUABLY SOUGHT TO ADHERE TO. THE CONSISTENT NORMS OF FAIRNESS AND DUE PROCESS THAT APPLY ON DIRECT APPEAL.MURRAY V. GIARRANTANO 492 U.S. 1,12 n.7, 30 n. 26, 31 n.27 (1989): INCOMPETENT ATTORNEYS HAVE PREVIOUSLY BLOCKED ACCESS TO STATE TRIAL AND DIRECT APPELLATE FORUMS FOR PRESENTING CONSTITUTIONAL CLAIMS.

IN SUCH CIRCUMSTANCES, THE CONVICTED INMATE WHOM THE STATE LAW, THE FACTS, THE TRIAL COURT, THE PROSECUTOR, OR DEFENSE COUNSEL HAS DENIED A MEANINGFUL OPPORTUNITY TO ADVANCE CONSTITUTIONAL CLAIMS AT TRIAL OR ON APPEAL HAS NOT PREVIOUSLY HAD AN ADEQUATE OPPORTUNITY TO PRESENT HIS CLAIMS FAIRLY IN THE CONTEXT OF THE STATES APPELLATE PROCESS.EVITTS V. LUCEY, 469 U.S. 387,(1985)(quoting ROSS V. MOFITT (1974) AT LEAST, HOWEVER, THE LONG STANDING ANGLO AMERICAN RELIANCE ON HABEAS CORPUS AS FUNDAMENTAL INSTRUMENT FOR GUARDING INDIVIDUAL FREEDOM AGAINST ARBITRARY LAWLESS ACTION. HARRIS V. NELSON 394 U.S. 286,290-291 (1969), SUGGESTS THAT ANY EXERCISE OF THE GOVERNMANTAL POWER TO INCARCERATED THAT VIOLATES THE DUE PROCESS CLAUSES PROTECTION AGAINST ARBITRARY GOVERNMENT ACTION MUST BE JUDICIALLY ADRESSIBLE IN SOME COURT. SEE JOHNSON V. AVERY 393 U.S. at 489, EX PARTE BOLLMAN 8 U.S.(4 CRANCH), 75,95 (1807), SEE ALSO EX PARTE HULL 312 U.S. 546, 548-49 (1941) PROVIDED FOR IN THE MOST AMPLE MANNER : IN ORDER TO GUARD [A]GAINST ARBITRARY METHODS OF PROSECUTING PRETENDED OFFENSES, AND ARBITRARY PUNISHMENTS UPON ARBITRARY CONVICTIONS AND THAT TOGETHER WITH THE RIGHT TO JURY TRIAL HABEAS CORPUS PROVIDED COMPREHENSIVE PROTECTION AGAINST JUDICIAL DEPOTISM IN CRIMINAL CASES. THE FEDERALIST NO. 83, at 499 (A.HAMILTON)(clinton ROSSOTER ED. 1961).WHERE THE CHALLENGED JUDGMENT CC 98-1095 ; 03-T-502-E PRECLUDED ONE ROUND OF FEDERAL REVIEW, INCLUDING A DISMISS[al] FOR FAILURE TO EXHAUST.SLACK V. McDANIEL 529 U.S. 473 (2000).(2) DENIAL OF THE PETITION BASED ON A DEFECT IN PLEADING WITHOUT GIVING THE PETITIONER AN OPPORTUNITY TO AMEND.SANDERS V. UNITED STATES 373 U.S. 1,(1963): SEE HARO-ARTEAGA V. UNITED STATES199 F.3d 1195,1196-97 (10th Cir.99)(citing cases).

the petition was dismissed for failure to pay a filing fee or other 'technical reasons. WHERE A 60 (b) MOTION ASKS THE COURT TO READJUCATE OLD ARGUMENTS " NOT TO DETERMINE THE EFFECT OF NEW EVIDENCE AND ARGUMENTS OR TO REASSESS OLD THEORIES IN LIGHT OF NEW EVIDENCE-i.e., WHERE THE MOTION SEEKS ACTION " ON EXCLUSIVE BASIS OF [the] FIRST FEDERAL HABEAS PETITION (QUOTING CALDERON V. THOMPSON 523 U.S. 538, 554 (1998).

2. WHERE 60(b) RELIEF IS SOUGHT BECAUSE THE ORIGINAL DENIAL WAS PROCURED BY FRAUD ON THE COURT OR BY PROSECUTORIAL MISCONDUCT DEPRIVING PETITIONER OF EVIDENCE THAT REFUTES THE FACTUAL BASIS FOR DENYING RELIEF, OR WHERE FOR SOME REASON THERE IS NO LEGITIMATE EXPECTATION OF FINALITY,, [OR] LEGITIMATE JUDGMENT (CITING CALDERON 523 U.S. at 557 (fraud upon the court, calling to court into question the very legitimacy of the judgments).

WITH THE ISSUES THUS NARROWED THE PATH TO PROPER DECISION IS GUIDED BY THE FOLLOWING PROPOSITIONS : bw2; THE OPPOSING BRIEFS OFFER NO GENERAL RULE TO DETERMINE WHEN A 60 (b) MOTION SHOULD OR SHOULD NOT BE SUCCESSIVE APPLICATION. THEY DO NOT IMPROVE UPON THE CRITERION THE COURT HAS ALREADY ANNOUNCED THAT A POST-JUDGMENT MOTION IS WITHIN § 2244 WHEN IT IS THE FUNCTIONAL EQUIVALENT OF A "SECOND OR SUCCESSIVE APPLICATION " FOR RELIEF, RATHER THE SAME APPLICATION. MARTINEZ-VILLAREAL, 523 U.S. at 643-44.

3: RESPONDENTS POSITION CONFUSES ERROR WITH NON FINALITY AND FAILS TO DISTINGUISH BETWEEN THE REQUIREMENTS OF THE HABEAS CORPUS STATUTES AND THE PROCEDURAL MEANS FOR CORRECTING ASSERTED ERROR IN FULFILLING THE STATUTORY COMMAND. HERE THE DISTRICT COURT SHOULD HAVE REVERSED ON AN EVIDENTIARY HEARING TO HEAR AND DETERMINE THE

THE FACTS. 28 U.S.C. § 2243 [ 28 USCS 2243] SEE WALKER V. JOHNSTON 312 U.S. 273, 184 , 85 L Ed 830, 61 S Ct 574 (1941). THE COURT STATED IN WALKER V. JOHNSTON THAT THERE COULD BE SITUATIONS WHERE ON THE FACTS ADMITTED, IT MAY APPEAR THAT AS A MATTER OF LAW, THE PRISONER IS ENTITLED TO THE WRIT AND TO DISCHARGE. 312 U.S. at 284, 85 L Ed 83, 61 S Ct 574.; MARTINEZ V. VILLAREAL , 523 U.S. at 643-44. RESPONDENTS FAILURE TO ARTICULATE ANY OTHER COMPREHENSIVE PRINCIPLE SUPPORTS THE CONCLUSION OF EVERY CIRCUIT BUT THE SIXTH, THAT THE LINE BETWEEN 60(b) AND § 2244 DOES NOT LEND ITSELF TO A ONE-size-fits- all RULE. TWO CONDITIONS EXPLAIN MOST HABEAS SITUATIONS IN WHICH THE COURTS HAVE RIGHTLY FOUND THAT 60(b) AND § 2244 DO NOT CONFLICT.(1) RECONSIDERATION UNDER 60(b) IS SOUGHT BECAUSE THE CRUCIAL PREMISE OF THE JUDGMENT WITHHOLDING HABEAS RELIEF IS SHOWN TO BE TRANSITORY OR ILLUSORY (2) THE 60 (b) MOTION RAISES NO NEW ISSUE OF FACT OR LAW THAT GOES BEYOND THE FOURCORNERS OF THE ORIGINAL HABEAS APPLICATION, YET COMMANDS CONSIDERATION THAT IT HAS NOT YET RECEIVED. BECAUSE OF THE CLEAR TERMS AND PARTICULAR TIMING ON WHICH PETITIONERS 60(b) MOTION RELIES IS UNUSUAL IN HAVING BOTH OF THESE CHARACTERISTIC'S.

RESPONDENTS ATTEMPT AS ILLMOTIVATED OR IRRELEVANT INVERTS EVERY CANON OF COMITY AND FEDERALISM. "FINALLY", PETITIONERS 60(b) MOTION IS THE VERY RARE ONE THAT STAYS WITHIN THE FOUR CORNERS OF THE ORIGINAL HABEAS PETITION BUT ALSO SATISFIES THE DEMANDING RULE 60(b) ITSELF.

4: THE COMMITTEE ON THE JUDICIARY HOUSE OF REPRESENTATIVES AUTHORITY FOR PROMULGATION OF RULES. TITLE 28 UNITED STATE CODE, A RULE OF PRESSING NATIONAL IMPORTANCE. RULES OF EVIDENCE FOR UNITED STATES COURTS AND MAGISTRATES RULE 103: ITS RULING, REQUIRING (d) PLAIN ERROR, WHERE NOTHING IN THIS RULE PRECLUDES TAKING NOTICE OF PLAIN ERRORS AFFECTING SUBSTANTIAL RIGHTS ALTHOUGH THEY WERE NOT

-6-

NOT BROUGHT TO THE ATTENTION OF THE COURT. TESTIMONY OF STATES WITNESS, MS. CYNTHIA THROWER, STATEMENTS, TESTIMONY IN THE RECORD OF TRIAL TRANSCRIPT CC -98-1095 AND THE ALLEGED PROSECUTORIAL MISCONDUCT MISREPRESENTED DIFFERENT FROM WHAT WAS SAID IN THE TESTIMONY OR IN VARY OF SOME SORT, SOMEONE HAS TAKEN OUT , OR CHANGED IN SOME OF THE ELEMENTS OR DETAILS SUBSTITUTING AN ENTIRELY NEW THING AFFECTED. IN CHANGE OF THIS THING FROM THE EVIDENCE IN THE RECORD ONE FORM OR STATEMENT TO ANOTHER (R. 383-386 [CORRECTED PAGE 386]) MALICIUSLY HELD BACK FROM THE COURTS REVIEW OR PRESENTED FRAUD UPON THE COURT. SLAVIN V. CURRY,574 F. 2d 1256 (1978) FIFTH CIR. SOMEONE MAY ALLEGEDLY HAVE BEEN PARTICIPATING IN A CIVIL RIGHTS CONSPIRACY BY ASSISTING IN ALTEERATION OF TRIAL TRANSCRIPT [CC-98-1095]; WHEN ATTEMPTING TO ARTICULATE A RULE MORE COMPREHENSIVE THAN THESE HOLDINGS, HOWEVER, RESPONDENT AND ITS OPPRESSION TO KEEP DOWN BY UNJUST USE OF AUTHORITY TREAT MERELY RELEVANT FACTORS AS DECISIVE. AS THE COURTS CASE LAW MAKES CLEAR THAT THE PRIOR JUDGMENT WAS WITHOUT PREJUDICE," AND THAT THE 60(b) MOTION CITES NO NEW MATTER IS CONTROLLING.SLACK AND MARTINEZ-VILLAREAL. THEREFORE, THE COURT ENDORSED THE LOWER COURTS "ESTABLISHED PRACTICE OF EXCLUDING FROM THE CATEGORY OF "SECOND OR SUCCESSIVE' APPLICATIONS. "A HABEAS PETITION FILED AFTER A PREVIOUS PETITION HAS BEEN DISMISSED ON EXHAUSTION GROUNDS AND DISMISSAL OF A FIRST HABEAS PETITION FOR TECHNICAL PROCEDURAL REASONS,SLACK, 529 U.S. AT 488 :MARTINEZ-VILLAREAL, 523 U.S.. at 645. IN SO RULING, THE COURT NEVER USED THE TERM OF ART "WITHOUT PREJUDICE" TO IDENTIFY THE ONLY "DISMISSALS TO WHICH THE ESTABLISHED PRACTICE APPLIES.

-7-

IN  ADDITION  TO  GOOD  REASON  :  A  RULE  THAT  HINGES  ON  SUCH  A  FORMALALITY  IS  DIRECTLY  AT  ODDS  WITH  THE  COURTS  RESOLUTELY  FUNCTIONAL  APPROACH  TO  WHAT  IS  AND  IS  NOT  "SUCCESSIVE",  SLACK 529  U.S.  at  487-88;  MARTINEZ-VILLAREAL 523 U.S.  at  643;  CALDERON, 523  U.S.  at  554.

5:    NOT  SUPRISINLY,  THE  LOWER  COURT  CASES  ESTABLISHING  THE  FUNCTIONAL  PRACTICE  THAT  THE  COURT  HAS  ENDORSED  DO NOT  ALL  INVOLVE  WITHOUT-PREJUDICE  DISMISSALS.    SEE E.g.    BENTON V. WASHINGTON 106  F.  3d  162,165 (7th Cir.1996)(DISREGARDING) " THE  WITH-PREJUDICE  DISMISSAL  OF A  PRIOR  PETITION,  BECAUSE$  THE  FORMALLY  FAULTY  PETITION  SHOULD  HAVE  BEEN DISMISSED  WITHOUT  PREJUDICE).

NOR  YET  WOULD  A  FORMALISTIC  APPROACH  WORK.  IN MANY  CASES, A  FEDERAL  COURT  CANNOT  TELL,  WHEN  IT  WITHHOLDS  RELIEF,  WHETHER  THE  REASON  FOR  DOING  SO  IS  PERMANENT  OR  NOT.  A  FAILURE  TO  PLED  FACTS  WITH  THE  SPECIFITY  REQUIRED  BY  HABEAS  RULE 2(C)  MAY BE  INADVERTENT  AND  CURABLE(IN  WHICH  CASE  THE  DISMISSAL  DOES  NOT  RENDER  SUBSEQUENT  APPLICATIONS  "SUCCESSIVE "  OR  IT  MAY  BE  BECAUSE  THERE  ARE  NO  FACTS  THAT SUPPORT  PETITIONERS  CLAIMS  (IN  WHICH  CASE, A  LATER  APPLICATION  IS "SUCCESSIVE.    SEE  BENTEN 106  F.  3d  at  164 (IN  DECIDING  WHETHER  DISMISSAL  OF A  POORLY  DEVELOPED " FIRST  PETITION  RENDERS  A  LATER ONE  " SUCCESSIVE"  QUESTIONS  OF  CHARACTERIZATION [ARE  IMPORTANT]  WAS  THE  PETITION  REALLY  "RETURNED"  ON  PLEADING  GROUNDS, OR  WAS IT  DISMISSED  AS  SUBSTANTIVELY  FRIVOLOUS.  THAT  DIFFERENCE  IS  GRAVE  UNDER  § 2244(b).SOME  POST JUDGMENT  MOTIONS  SEEKING  RECONSIDERATION  OF  HABEAS  DISMISSALS  THAT  CLEARLY  WERE  MEANT  TO  BE  WITH  PREJUDICE  DO  NOT  QUALIFY  AS  SUCCESSIVE.  SEE  SLACK, 529  U.S.  at  479,487 (ALTHOUGH THE  DISTRICT  COURT  HELD  THAAT  ITS  PRIOR  DISMISSAL FOR  NON-EXHAUSTION  WAS  WITH  PREJUDICE  TO  CLAIMS  NOT  INCLUDED  IN  THE  ORIGINAL  PETITION,  THE  COURT  HOLDS  THAT  THE  PRESENCE  OF  NEW CLAIMS  IN  THE  LATER  PETITION DOES NOT  MAKE IT  SUCCESSIVE).    -8-

CALDERON, 523 U.S. at 554(recall of a court of appeals mandate to readjudicate claims that had been denied with prejudice on the merits was not successive when it was undertaken 'on the exclusive basis of [the] first federal habeas petition), id. at 557 (suggesting that 'a withprejudice denial of a habeas petition that was procured by 'fraud upon the court' is not 'successive).THERE IS NO SUCCESSIVE APPLICATIION IMPEDIMENT TO 60(B) RELIEF FROM DENIAL OF A HABEAS PETITION BASED ON A STATUTORY BAR WHERE THE PETITIONER [DID] NOT MEET THE EXCEPTION TO THE STATUTORY [BAR] BECAUSE THE STATES MISCONDUCT PREVENTED HIM FROM DOING SOO. SEE MOBLEY V. HEAD, 2002 wl 31066924 AT 6*,*8 ,(11TH CIR. SEPT. 18, 2002 ;SEPERATE OPINION OF TJOFLAT , J.0960(B) MOTIONS 'RAISING QUESTIONS ABOUT THE INTEGRITY OF A PRIOR HABEAS CORPUS PROCEEDING E.G., ' THAT THE PRIOR PROCEEDING WAS RIFE WITH FRAUD' OR WAS BASED ON A JUDGMENT THAT HAS SINCE BEEN REVERSED DO NOT ]COME[ UNDER THE STRICTURES OF...§ 2244(B); WORKMAN V. BELL 227 f. 3D 331. 334-35,341 ( 6TH cIR.2000)(EN BANC)(POST-JUDGMENT ALLEGATION OF FRAUD UPON THE COURT ARE AXCEPTED FROM THE REQUIREMENTS OF SECTION 2254);RODUGUEZ V. MITCHELL, 252 f. 3D 191,199, 201 (2D CIR.2001).;HOWARD V. LEWIS 905 f.2D 1318, 1323 (9TH CIR. 1990)(REMANDING TO DECIDE WHETHER A PRIOR PETITION'S DISMISSAL WITH PREJUDICE ' OCCURED BECAUSE PRISON OFFICIALS FRUSTRATED HOWARDS EFFORT TO RESPOND TO A MOTION TO DISMISS, IF SO A LATER PETITION WITH THE SAME CLAIMS IS NOT SUCCESSIVE) SEE SLACK, 529 u.s. AT 488-89(SUBSEQUENT HABEAS APPLICATION FILED AFTER A 'WITHOUT PREJUDICE DISMISSAL TO EXHAUST REMEDIES; DONN V. SINGLETARY, 168 f. 3D 440, 441-42 & N.3 (11TH cIR. 1999)(PER CURIAM)(SECTION 2244(B) INQUIRY AS TO WHETHER A PETITION IS SUCCESSIVE MUST FOCUS ON THE SUBSTANCE OF THE PRIOR PROCEEDINGS-

-9-

-- ON WHAT ACTUALLY HAPPENED', NOT ON FORMALITIES, A LATER HABEAS PETITION THUS IS BARRED AS ' SUCCESSIVE ' ALTHOUGH ' THE PRIOR PETITION WAS DISMISSED WITHOUT PREJUDICE,' BECAUSE THE PRIOR PETITON SHOULD HAVE BEEN DENIED 'WITH PREJUDICE), SEE ALSO NOWACZYK V. WARDEN 299 f. 3D 69, 83 (1ST CIR. 2002)( A DISMISSAL WITHOUT PREJUDICE [MAY] IN PRACTICE, RESULT IN A DISMISSAL WITH PREJUDICE, AS HAPPENED HERE); MARSH V. SOARES 223 f. 3D 1217, 1219-20(10TH CIR. 2000)(JOINING OTHER CIRCUITS ' IN HOLDING THAT A POST JUDGMENT MOTION FILED AFTER A PREVIOUS PETITION HAS BEEN DISMISSED WITHOUT PREJUDICE FOR FAILURE TO EXHAUST BECOMES A 'SUCCESSIVE PETITION IF THE PETITIONER LET THE LIMITATIONS PERIOD EXPIRE BEFORE RETURNING TO FEDERAL COURT) ,FELDER V. MCVICAR 113 f. 3D 696,697 (7TH cIR. 1997)(FOLLOWED IN GARRET V. UNITED STATES 178 f. 3D 940, 941-42 (7TH cIR.1999). A SOON AS THE PETITION WAS RETURNED FROM THE UNITED STATES SUPREME COURT THE PETITIONER RETURNED TO FEDERAL DISTRICT COURT.SEE CALDERON 523 u.s. AT 548 ,554 (RECALL OF COURTS MANDATE WAS NOT 'SUCCESSIVE' ALTHOUGH IT WAS BASED ON POST HOC DISCOVERY OF PROCEDURAL MISUNDERSTANDINGS AFFECTING A VOTE FOR ENBANC CONSIDERATION) ID AT 557 (SUGGESTING THAT A 60(B) MOTION BASED ON NEW EVIDENCE OF FRAUD UPON THE COURT ' IS NOT SUCCESSIVE); SLACK, 529 u.s. AT 488 (A SECOND PETITION IS NOT "SUCCESSIVE " ALTHOUGH IT RELIES ON A NEW STATE COURT DECISION TO SHOW THAT STATE REMEDIES HAVE NOW BEEN EXHAUSTED ON CLAIMS PREVIOUSLY DISMISSED AS UNEXHAUSTED), MARTINEZ V. VILLAREAL 523 u.s. AT 640, 645.

6;THE FOLLOWING IS AN ILLUSTRATION:;THE FRAUD ; THE PROSECUTING ATTORNEY IN THE CASE BEFORE THE COURT CC 98-1095 IN OPENING TO JURY AT (r. 346); I WILL LOOK EVERY ONE OF YOU IN THE EYE AND ASK YOU TO FIND HIM GUILTY OF RAPE IN THE FIRST DEGREE. YOU TO FIND HIM GUILTY OF RAPE IN THE FIRST DEGREE.

7;   DEFENSE COUNSEL SAYS TO THE COURT ; I UNDERSTAND THAT YOUR HONOR. BUT WHAT I WAS TRYING TO DEMONSTRATE TO THE COURT IS THAT SHE (THE ALLEGED VICTIM] WAS -- SHE IS VERY --SHE IS VERY VULERANABLE TO SUGGESTION, AND THAT SUGGESTION HAS TAINTED HER MEMORY TO THE POINT THAT SHE HAS , LACKS PERSONAL KNOWLEDGE OF THE EVENT. AND THATS KIND OF WHAT --THAT GOES TO HER COMPETENCY. THE PROSECUTOR OBJECTS ; [THATS AN ISSUE FOR THE JURY.] DEFENSE COUNSEL SAYS ; WELL NO ; ITS --THE COURT; I THINK IT IS TO -- DEFENSE COUNSEL ; ITS NOT UNDER THE -- IF YOU LOOK AT THE -- I KNOW WE ARE FOLLOWING THE 601. NOW, OVER , THE STATUTE AS TO COMPETENCY -- I THINK THAT -- IT GOES TO WHETHER OR NOT SHE CAN TESTIFY TRUTHFULLY. SHE IS -- ITS CLEAR, CLEARLY SHE HAS NOT BEEN ABLE TO DEMONSYRATE THE DIFFERENCE BETWEEEN THE TRUTH AND A LIE.

8;   PROSECUTOR STATES ; I DISAGREE WITH THAT. I THINK SHE HAS -- THE COURT ; ALL RIGHT -- PROSECUTOR ;-- IN HER OWN WAY .; THE COURT ;I THINK SHE HAS IN HER OWN WAY. I AGREE. DEFENSE COUNSEL ; YES, BUT HER OWN WAY COULD GET MY CLIENT CONVICTED YOUR HONOR. THE COURT ; WELL-- DEFENSE COUNSEL ; THATS- THATS THE WHOLE POINT OF THE COMPETENCE AND -- AND PERSONAL KNOWLEDGE. PROSECUTOR ; HE NEEDS TO PICK A BETTER VICTIM THEN NEXT TIME. YOU WANT TO ARGUE IT. I WILL ARGUE IT WITH YOU.(rR.319-329) TRIAL RECORD cc-98-1095).

9;   THE PROSECUTOR ARGUES ; NOW I DONT REALLY KNOW WHY DR. BOYER WAS HERE. YOU KNOW, I, SHE SUPPOSEDLY DID ALL THIS HOMEWORK. I HOPE SHE WASNT PAID TO MUCH MONEY TO BE HERE. BECAUSE SHE DIDNT EVEN KNOW THAT HER COHORT DOWN THE HALL IS THE -- IS THE VERY WOMAN -- DR. KELLY, CRYSTAL KELLY -- WHO SITS ON THE BOARD THAT HIRED BRENDA MOSS SITTING BACK HERE WHO IS THE FORENZIC INTERVIEWER THAT CHILD ADVOCACY CENTER, AND PAYS HER PAY CHECK AND MAKES SURE HER TRAINING IS IN==-----ll-----

AND WROTE THE PROTOCOAL THAT SHE USED FOR INTERVIEWING IN THE COUNTY OF LEE COUNTY, AND THATS A CORDINATED EFFORT. A MULTI DISCIPLINARY TEAM EFFORT THE POLICE SERVICES, AND THE COURTS, AND SHE SAID, NO. I DIDNT NO THAT, SHE NEVER EVEN TOOK THE TIME TO LOOK AROUND AND SAY, WELL, WHAT IS THE INTERVIEWING PROTOCOL IN THIS COUNTY. BEFORE SHE TOOK HER CHECK AND GOT ON THE STAND, SHE DIDNT EVEN BOTHER TO FIND OUT.[t.r..pg. 66, and 674] THE PROSECUTOR SAID : WAS SHE RAPED AS SHE CLAIMS ? YES. THE PREJUDICIAL ERROR SUBSTANTIALLY AFFECTED DEFENDANT [APPELLENTS] LEGAL RIGHTS AND OBLIGATIONS. ERSKINE V. UPHAM, 56 Cal.App. 2d 235, 132 P. 2d 219,228: WHICH AFFECTS OR PRESUMPTIVELY AFFECTS THE FINAL RESULTS OF THE TRIAL. STATE V. GILCRIST, 15 WASH. APP. 892, 552 P. 2d 690, 693. SUCH MAY BE GROUND FOR NEW TRIAL AND REVERSAL OF JUDGMENT. SEE FEDERAL RULE OF CIVIL PROCEDURE 59. THIS RULE THAT PLAIN ERRORS AFFECTING SUBSTANTIAL RIGHTS MAY BE CONSIDERED ON A MOTION FOR NEW TRIAL OR ON APPEAL THOUGH NOT RAISED IN TRIAL COURT IF MANIFEST INJUSTICE OR MISCARRIAGE OD F JUSTICE HAS RESULTED, IS INVOKED ON CASE TO CASE BASIS. STATE V. MEIERS MO., 412 S.W. 2d 478,480. THE PREJUDICE, FOREJUDGMENT: BIAS: PARTIALITY: PRECONCEIVED OPINION LEANS TOWARDS ONE SIDE [THE PROSECUTPR] of a cause for some reason other than conviction of its justice. at trial record pg. 680 OF CC 98 1095 DEFENSE COUNSEL TELLS THE JURY : SHE (VICTIM) STATED AS I SAID EARLIER SHE POINTED SOMEBODY ELSE OUT AS BEING TIMOTHY SUNDAY. SEE DAVIS V. ZANT 36 F. 3d 1538 (11th Cir. 94) SPECIFICALLY PG. 1547 SUPRA AT PAR.[11]: THE COURT REVERSED FOR SUCH CONDUCT.

10: IN THE CASE (CC 98 1095) AT TRIAL THE COURT SAYS, WELL–– AND DEFENSE COUNSEL : THEN SHE SAID THIS IS TIMOTHY SUNDAY AND I ASKED HER, DID SOMEBODY TELL HER WHOSE TIMOTHY SUNDAY WAS WHEN SHE

-12-

WENT OUT AND YOU HEARD WHAT SHE SAID. PEOPLE HAVE TOLD HER WHAT TO SAY.(.R. 680).

11; AT TRIAL RECORD PAGE 699 THE PROSECTOR SAYS : THE DEFENSE IS TRYING TO MISLEAD YOU AGAIN. AT (T.R. 700) THE PROSECUTOR : HER SHORTS WERE POSITIVE FOR BLOOD. NOT IN HER PANTIES WHEN SHE WENT OVER THERE, BUT IN HER SHORTS WHEN SHE CAME BACK WITHOUT HER PANTIES. NO BLOOD ON THE WAY OVER, BUT BLOOD ON THE WAY BACK. SO WHAT HAPPENED WHILE SHE WAS THERE THAT CAUSED FRESH BLOOD TO COME DOWN ON HER SHORTS ? THE SAME FRESH BLOOD THAT WAS ON THE MATTERESS. NOT A BROWN VAGINAL SECRETION, BUT FRESH RED BLOOD THAT YOU WILL SEE IN THIS PHOTOGRAPH WHN YOU TAKE IT BACK THERE... THIS IS THE SAME BLOOD THAT WAS IN HER SHORTS WHEN SHE CAME BACK, BUT NOT IN PANTIES WHEN SHE WENT OVER THERE. LIKE ANY PREDATOR, THE DEFENDANT CHOSE THE WEAKEST AND THE MOST VULNERABLE (R. 700-701) VICTIM HE COULD FIND. SOMEBODY THAT MIGHT NOT TELL. SOMEBODY HE COULD OVERCOME. SOMEBODY THAT EVEN IF SHE DID TELL, MIGHT NOT BE BELIEVED IN A COURT OF LAW. BECAUSE THATS WHAT A PREDATER DOES.

THE PROSECUTORS CONDUCT IS HELD TO A HIGH STANDARD OF AND INTEGRITY.U.S. MICH., 446 F. supp. 252. UNITED STATES V. YOUNG THE COURT NOTED : INAPPROPRIATE PROSECUTOR COMMENTS .. THE COMMENTS -- REMARKS MUST BE EXAMINED WITHIN THE CONTEXT OF THE TRIAL TO DETERMINE WHEN PROSECUTORS BEHAVIOR AMOUNTED TO PREJUDICIAL ERROR.,"SUPRA" 105 S Ct. at 1044. 413 U.S. 649.

THE PREJUDICIAL ERROR OR PROSECUTORIAL MISCONDUCT IS CLEAR ACCORDING TO THE CLEARLY ESTABLISHED LAWS ANALYSIS : PETITIONER ALLEGED HE WAS CONVICTED IN VIOLATION OF THE DUE PROCESS CLAUSE BY REASON OF DEFENSE COUNSELS INEFFECTIVENESS, THE STATE PROSECUTING ATTORNEY, THE STATES SUPPRESSION OF MATERIAL EVIDENCE, FINDINGS BASED ON DOCUMENTARY EVIDENCE ARE SUBJECT TO FREE REVEIW,

-13-

92 L ed  746 , 68 S Ct.  525 ;  THE  SUPPRESSION  DOCTRINES  AVAILABLE  TO
PETITIONER  WITHOUT A REQUEST FOR  PRODUCTION OF  SUCH  EVIDENCE. UNITED
STATES  EX REL  BALDI (CA3) 195 F. 2d  815;UNITED  STATES  EX REL  THOMPSON V.
DYE 221 F. 2d  763,MOONEY  V. HOLOHAN 294 US  103, PYLE V. KANSAS 317 US 213,
87 L ed  214,;98 ALR 406a;pyle v. kansas 317 US  213, 87 L ed  214,.
EVEN ABSENT REQUEST, A  PROSECUTOR HAS A  MORAL  DUTY TO  DISCLOSE EXCULPATORY
EVIDENCE :  A  SIGNIFICANT  BREACH OF  DUTY  REQUIRES THAT A  NEW  TRIAL BE
GRANTED ON  DIRECT  APPEAL  WITHOUT  REGARD TO  CONSTITUTIONAL  COMPULSION.
BERGER V. UNITED STATES  295 US 78,88, 79 L ed  1314, 55 S ct  629;  UNITED
STATES  V. ZBOROW(ca2)271 F 2d  661,668;ELLIS V. UNITED STATES  345 F 2d
961,;UNITED  STATES V  CONSOL - LAUNDRIES CORP (CA2) 291 F  2d  563,571;;
ORDINARILY, THE  PROSECUTIONS NEGLIGENT SUPPRESSION OF  MATERIAL EVIDENCE
CONSISTS OF A  BREACH OF  DUTY TO  COMMUNICATE  EVIDENCE TO THE  ACCUSED, BUT
THE  STATE ALSO HAS A  DUTY TO  PRESERVE  EXCULPATORY EVIDENCE, AND  IT'S
NEGLIGENT  LOSS BY THE  STATE  RENDERS A  CONVICTION UNCONSTITUTIONAL.KYLE V
UNITED STATES  (ca2) 297 F.2d  507,UNITED STATES V HEATH 147 F  Supp  877;
UNITED STATES V CONSOLIDATED  LAUNDARIES corp >(CA2) 291 F 2d  563.
IT IS  COGNATE  DURY OF THE  UNITED STATES  TO  EXERCISE  RUDIMENTARY
DILIGENCE TO  ACQUIRE, AND  CERTAINLY NOT TO AVOID, RELEVANT  EVIDENCE, A
PROSECUTOR MUST NOT  WILLINGLY  IGNORE THAT WHICH IS IN  ACCUSED  FAVOR.
UNITED STATES V.  EX  REL.  MONTGOMERY V. RAGEN, 86 F  Supp. 382. SMITH V
COMMON  WEALTH, 331 Mass 585, 212 NE  2d  707;  ACCUSED PERSONS  CANNOT BE
BE  HELD RESPONSIBLE  FOR A  FAILURE  OF  COUNSEL TO  OBTAIN  EXCULPATORY
MATERIAL  IN  THE  HANDS  OF  THE  STATE,BARBEE V.  WARDEN 331 F 2d  842,845.

12;THE RIGHT TO A FAIR TRIAL IS GUARANTEED IN THE SIXTH AMENDMENT AND EMBODIED, AS TO STATE COURT PROCEEDINGS, IN DUE PROCESS REQUIREMENTS OF THE FOURTEENTH AMENDMENT. TURNER V. LOUSIANA, 3979 US 466, ESTES V. TEXAS 381 US 532, . THE ATMOSPHERE ESSENTIAL TO THE PRESERVATION OF A FAIR TRIAL, WHICH IS THE MOST FUNDAMENTAL OF ALL FREEDOMS, MUST BE MAINTAINED AT ALL COSTS. SIGNIFICANTLY, IN THE SIXTH AMENDMENT THE WORDS"SPEEDY AND PUBLIC" QUALIFY THE TERM TRIAL AND THE REST OF THE AMENDMENT DEFINES SPECIFIC PROTECTIONS THE ACCUSED IS TO HAVE AT HIS TRIAL. THUS IN THIS WAY THE SIXTH AMENDMENT, BY ITS OWN TERMS, NOT ONLY REQUIRES THAT THE ACCUSED HAVE CERTAIN SPECIFIC RIGHTS BUT ALSO THAT ENJOY THEM AT TRIAL -- A WORD WITH MEANING OF ITS OWN, SEE BRIDGES V. CALIFORNIA 314 US 252, 271,. THE FOURTEENTH AMENDMENT WHICH PLACES LIMITATIONS ON THE STATES ADMINISTRATION OF THEIR CRIMINAL LAWS ALSO GIVES CONTENT TO THE TERM TRIAL. WHETHER THE SIXTH AMENDMENT AS A WHOLE APPLIES TO THE STATES THROUGH THE FOURTEENTH AMENDMENT. ADAMSON V. CALIFORNIA 332 US 46,71-72,; 171 ALR 1223 ( DISSENTING OPINION OF JUSTICE BLACK), OR THE FOURTEENTH AMENDMENT EMBRACES ONLY THOSE PORTIONS OF THE SIXTH AMENDMENT THAT ARE " FUNDAMENTAL," GIDEON V WAINWRIGHT, 372 US 335,342,; 93 ALR 2d 733, OR THE FOURTEENTH AMENDMENT, INCORPORATES A STANDARD OF ORDERED LIBERTY APART FROM THE ' 381 US 560,* SPECIFIC GUARANTEES OF THE BILL OF RIGHTS, POINTER V TEXAS, 380 US 400, 408,(OPINION OF MR. JUSTICE HARLAN, CONCURRING IN THE RESULT IT HAS BEEN RECOGNIZED THAT STATE PROSECUTIONS MUST, AT LEAST , COMPORT WITH THE FUNDAMENTAL CONCEPTION OF A FAIR TRIAL. COX V. LOUISIANNA 379 US 559, 562 ; FRANK V MANGUM 59 L ed 969,988,( dissenting opinion of justice holmes). SEE ADAMSON V CALIFORNIA 332 US 46, 53;171 ALR 1223; in re murchison, 349 US 133, 136, ; IRVIN V DOWD, 366 US 717,722,§ JACKSON V DENNO, 378 US 368,377,; 1 ALR 3d 1205 (COUrt opinion), 12 L Ed 2d 943 (dissenting opinion of justice harlan).

13; THE STAE IS IGNORING CONSTITUTIONAL VIOLATIONS NOT DEPENDENT : NOT SUBJECT TO CONTROL, RESTRICTION, MODIFICATION, OR LIMITATION FROM A GIVEN OUTSIDE SOURCE: BLACKS LAW INDEPENDENT REVIEW: TO RE-EXAMINE JUDICIALLY OR ADMINISTRATIVELY. A RECONSIDERATION : SECOND VIEW OR EXAMINATION:REVISION: CONSIDERATION FOR PURPOSES OF CORRECTION.: CHIEF UNITED STATES DISTRICT JUDGE MARK E. FULLER DENIES PETITIONER A REVIEW ON THE MERITS, RIGHT TO APPEAL, CASE NO. 3:07-CV-0723-MEF.

-15-

PROSECUTOR MEEKS CONDUCT VIOLATES EXPRESSLY ENUMERATED RIGHTS OF PETITIONER IN TRIAL CASE CC 98-1095. PETITIONER HAS SHOWED CONSTITUTIONAL VIOLATIONS. SEE DONELLY V. DECHRISTOFORO 416 U.S. at 643, 94 S Ct at 1871; BROOKS, 762 F 2d at 1400. THIS COURT SHOULD DETERMINE WHETHER A REMARK OR A SERIES OF REMARKS IN THE CONTEXT OF THAT TRIAL, RENDERED THE ENTIRE TRIAL UNFAIR. IN ESSENCE THEREFORE OF SUCH A CLAIM OF PETITIONER SUNDAY IS THAT PROSECUTOR MEEKS CONDUCT AS A WHOLE VIOLATED THE FOURTEENTH AMENDMENT DUE PROCESS RIGHT TO A FAIR TRIAL. DIFFERENT FACTORS HAVE BEEN UTILIZED BY VARIOUS COURTS IN ORDER TO DECIDE WHETHER OR NOT THE CUMULATIVE ERRORS AT TRIAL COULD BE SAID TO HAVE, IN REASONABLE PROBABILITY, CHANGED THE RESULT AT TRIAL INCLUDING 1) THE DEGREE OF PROSECUTORS CHALLENGED REMARKS HAVE A TENDENCY TO MISLEAD THE JURY AND TO PREJUDICE THE ACCUSED TIM SUNDAY:2)WHETHER PROSECUTOR MEEKS CONDUCT, COMMENTS ARE ISOLATED : 3) WHETHER THEY WERE DELIBERATELY OR ACCIDENTALLY PLACED BEFORE THE JURY: AND 4) THE STRENGTH OF THE COMPETENT PROOF TO ESTABLISH THE GUILT OF THE ACCUSED. Id. at 1402, WALKER V DAVIS, 840 F . 2d 834,838 (11th Cir.): DAVIS V. ZANT 36 F.3d 1538 (11th Cir.1994) at 1546 7,8.

14; TIM SUNDAY IN CASE CC 98 1095 AS A CRIMINAL DEFENDANT HAS A RIGHT TO COMPETENT COUNSEL, AND IT IS JUDGED THE COMPETENCE OF APPONTED COUNSEL AND RETAINED COUNSEL BY THE SAME STANDARD. SEE CYLER V. SULLIVAN 446 vU.s. 344-345, 100 S Ct 1708,1766, 64 L ed 2d 333 (1980). SINCE COUNSELS CONDUCT AT TRIAL, MR. TICKAL IS VIEWED IN THE CONTEXT OF THE TOTALITY OF CIRCUMSTANCES FALLS BELOW THE RANGE OF COMPETENT COUNSEL COMPETENCY GENERALLY DEMANDED OF ATTORNEYS IN CRIMINAL CASES, A CRIMINAL CONVICTION OBTAINED THROUGH SUCH A TRIAL UNCONSTITUTIONALLY DEPRIVES THE DEFENDANT OF HIS LIBERTY. SEE CUYLER V. SULLIVAN, 466 U.S. at 344,

-16-

15:PETITIONER REALLEGES AND INCORPORATES BY REFERENCE HIS ALLEGATIOINS IN STATEMENT OF CASE: JURISDICTION : PARAGRAPHS 1 through 14 AS IF FULLY RESTATED HEREIN.A CRIMINAL DEFENDANT IS GUARANTEED THROUGH DUE PROCESS CLAUSE TO A TRIAL FREE FROM FUNDAMENTAL UNFAIRNESS, INCLUDING ANY UNFAIRNESS WHICH STEMS FROM BLANTLY INCOMPETENT COUNSEL. CLARK V. BLACKBURN 619 F 2d 431 ( 5th cir.1980). SOME COURT ROOM PRACTICES MAY DEPRIVE A DEFENDANT OF HIS SIXTH AMENDMENT RIGHT TO A FAIR TRIAL, WHICH IMPLICATES THE DUE PROCESS CLAUSE. ESTELLE V. WILLIAMS, 425 U.S. 501,505-506,. ERRORS WITH THE PERVASION EFFECT OF ALTERING THE EVIDENTIARY PICTURE. STRICKLAND V. WASHINGTON , 466 U.S. 668,695-696, (1984). IN ARGUMENT # 1. TO THE TRIAL COURT ON SUNDAYS POST-CONVICTION PETITION, PETITIONER CLAIMS EVIDENCE WAS SUFFICIENT TO ESTABLISH THE STATE KNOWINGLY USED PERJURED TESTIMONY. PETITIONER FURTHER ARGUED THAT HIS TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO OBJECT/MOVE THE TRIAL COURT FOR A MISTRIAL WHEN IT BECAME EVIDENT FROM THE TESTIMONY OF CYNTHIA THROWER,THAT SHE HAD BEEN TOLD WHAT TO SAY AGAINST THE PETITIONER.TESTIMONY OF CYNTHIA THROWER RECORDED AT CLERKS RECORD (R. 383). THE FOLLOWING JURISDICTIONS ALLOW GREATER SCOPE FOR THE DEFENSE OF TRUTH, WHERE CRITISM OF THE OFFICIAL CONDUCT OF PUBLIC OFFICIALS IS CONCERNED,OR AN ATTEMPTED COVERUP MAKING THE PETITIONER A VICTIM, A VICTIM OF FUNDAMENTAL MISCARRIAGE OF JUSTICE. ALA.CONST. 1901 ART. 1 § 12;

-17-

16:    PETITIONERS ARGUMENT PROSECUTOR MISCONDUCT IN COMMENTS IN CLOSING ARGUMENT REPEATEDLY PROSECUTOR MEEKS INSTRUCTIONS, CONDUCT VIOLATED PETITIONERS RIGHT TO A FAIR TRIAL IN CASE CC 98 1095.CLAIM THAT PROSECUTOR MEEKS ARGUMENT TO JURY IS FUNDAMENTALLY UNFAIR.HANCE V. ZANT 696 F. 2d 940 (1983) CERT. DENIED 436 U.S. 1210, 103 S. Ct. 3544, BERGER V. UNITED STATES, 255 U.S. 22, 65 L ed 481,. THE STATEMENTS AT ISSUE SHOULD HAVE BEEN REVIEWED IN THE CONTEXT OF THE EVIDENCE, IN THE ENTIRE CLOSING ARGUMENTS TO JURY AND CASE. SEE 638 So. 2d at 1368,(CITING C.S. V. NARCISCO, D.C. MIOH. 446 F. Supp. 252.; DARDEN V. WAINWRIGHT, 477 U.S. 168, 181 (1986)( QUOTING DONNELLY V. DECHRISTOFORO 416 U.S. 637, 643 ( 1974). FEDERAL RULE OF APPELLATE PROCEDURE 22(b) IS TO DETERMINE WHETHER DUE PROCESS RIGHTS ARE VIOLATED WHEN A CONVICTION RESTS OF PERJURED TESTIMONY ALTHOUGH THERE IS NO PROSECUTORIAL COMPLICITY OR KNOWLEDGE OF THE PERJURY. THE EXPIDITIOUS RELIEF FOR THOSE IMPRISONE SUCH AS PETITIONER IN VIOLATION OF THE CONSTITUTION IS THE FEDERAL HABEAS CORPUS STATUTE 28 U.S.C. § 2254(1982), WHICH EMBODIES ONE OF THE JEWELS OF AMERICAN COMMON LAW AND OUR FEDERAL SYSTEM OF GOVERENCE. IT GENERALLY REQUIRES STATE PRISONER SEEKING FEDERAL RELIEF REVIEW OF CONVICTION TO EXHAUST STATE REMEDIES. PICARD V. CONNOR, 404 U.S. 275, 92 S ct 509, 512, 30 L ed 2d 438 (1971);AS THE RECORDS WILL SHOW THIS COURT THAT PETITINER HAS EXHAUSTED STATE REMEDIES. THE ESSENCE OF THIS DOCTRINE IS THAT STATE CꟼOURTS, AS WELL AS FEDERAL CONSTITUTIONAL RIGHTS OF STATE CRIMINAL DEFENDANTS. ROSE V. LUNDY, 455 U.S. 509,518 (1982):IRVIN V. DOWD, 339 U.S. 394,404-405,;DAYE V. ATTORNEY GENERAL, 696 F. 2d 186, 191 ; ----18----

17:    PETITIONERS  60 (b) MOTION  IS  NOT  SUCCESSIVE: A  60 (b)
MOTION  TO  RECONSIDER A  HABEAS  APPLICATION  IS  PART  OF  THAT
APPLICATION,  NOT  " SUCCESSIVE" ,  IF (1) THE  MOTION  MERELY
DIRECTS  THE  COURTS ATTENTION  TO  UNCONSIDERED  MATTERS
RAISING  NO  NEW  ISSUES  OF  FACT OR  LAW  THAT  GO  BEYOND THE
FOUR  CORNERS  OF THE ORIGINAL  APPLICATION: OR (2)  THE  BASIS
FOR  DENYING  THE  ORIGINAL  APPLICATION  UPON A  SHOWING  THAT
THAT  APPLICATION WENT AWRY FOR  REASONS  THAT  ARE ILLUSORY OR
HAVE  EXPIRED  SO  THE  APPPLICATION  SHOULD  BE  TREATED  " AS
THOUGH  IT  HAD  NOT  BEEN  FILED.SLACK, 529 U.S.  at 499; SLACK
HOLDS  THAT  A  PETITION  FILED  AFTER  A  PRIOR  ONE  WAS
DISMISSED  FOR  NON EXHAUSTION AND  AFTER  STATE  REMEDIES  WERE
EXHAUSTED  IS  NOT " SECOND  OR  SUCCESSIVE 429 U.S. at  485-56.
JUST AS IN  SLACK, THEREFORE, PETITIONERS LATER  MOTION  IS NOT "
SECOND OR SUCCESSIVE UNDER § 2244. THE  GROUND  ON  WHICH  THE
FEDERAL  DISTRICT  COURT  REFUSED TO  HEAR  PETITIONERS  CLAIMS
OFPROSECUTORIAL  MISCONDUCT  IS  ILLUSORY  BECAUSE IT  WAS  BASED
ON A  FUNDAMENTAL MISUNDERSTANDING OF  LAW. IN A  RECENT  OPINION
DISTINGUISHING  PETITIONERS CASE  FROM A  60(b) MOTION BEFORE THE
ELEVENTH  CIRCUIT  JUDGE  TJOFLAT MADE  PRECISELY  THIS  POINT
IN  EXPLAINING  WHY  PETITIONERS  MOTION  IS  NOT
SUCCESSIVE.MOBLEY  V.  HEAD 2002 WL  31066924 at 8 ( 11th  Cir.
SEPT. 18,2002) 281 F. 3d  1282: PETITIONERS GROUNDS  OR  CAUSE
FOR  OBJECTING  SATISFY  EVERY  REQUIREMENT  FOR  APPEALING
ESTABLISHED  BY  STATUTE, RULE AND  THE  FEDERAL  CONSTITUTION.
OBJECTING  PARTY  HAVING  THE  RIGHT  TO  APPEAL. THE  UNITED
STATES  DISTRICT  COURTS  RATIONALE FOR  DENYING  PETITIONER
RIGHT TO  RELIEF,APPEAL IS  FLAWED.IF INTERVENTION  IS  REQUIRED,
IT  SHOULD  BE  FREELY  GRANTED  AND  DEEMED  SUFFICIENT  FOR
PURPOSES OF  APPEAL,----▬----  19----

AS IS SOUGHT SOON AFTER THE DENIAL OF OBJECTIONS. CASE NO. 3;07-CV-0723-MEF:

RESPONDENTS RECOMMENDATION ADOPTED OFFER NO USABLE RULE FOR DETERMINING WHEN A 60(b) MOTION IS OR IS NOT SUCCESSIVE.

IN ATTEMPTING TO UPHOLD THE DECISION BELOW THE ERROR OF ITS PER SE PREDICATE, RESPONDENT AND STTORNEY GENERAL FAIL TO CITE THIS COURTS DECISIONS HOLDING THAT THE CIVIL RULES GOVERNING POST JUDGMENT MOTIONS APPLY IN HABEAS WHENEVER THEY DO NOT CONFLICT WITH THE HABEAS STATUTE. COMPARE PITCHESS V. DAVIS, 421 U.S. 482,489 (1975)(declining to apply rule 60(b) where it would 'alter the command' of the statute) with BROWDER V. DIRECTOR, 434 u.s. 257,271 (1978)( APPLYING RULES 52(B) AND 59 WHERE DOING SO WAS IN CONFERMITY [WITH] HABEAS CORPUS.. PROCEEDINGS'O, AND SLACK V. MCDANIEL 529 u.s. AT 489 ( THE FEDERAL RULES OF CIVIL PROCEDURE [ARE] APPLICABLE AS A GENERAL MATTER TO HABEAS CORPUS CASES -- THEY FITINGLY VEST THE FEDERAL COURTS WITH DUE FLEXIBILITY TO PREVENT VEXATIOUS LITIGATION'[.

WHEN ATTEMPTING TO ARTICULATE A RULE MORE COMPREHENSIVE THAN THESE HOLDINGS, HOWEVER, RESPONDENT AND ITS STALEMATE HAS FAILED TO PROVIDE A UNIFORM RULE OF LAW INDEFENSIBLY TREAT MERELY RELEVANT FACTORS AS DECISIVE AS THE COURTS CASE LAW MAKES CLEAR, NEITHER OF THE FACTORS THEY PROPOSE THAT THE PRIOR JUDGMENT WAS ' WITHOUT PREJUDICE,' AND THAT THE 60(B) MOTION CITES NO NEW MATTER IS CONTROLLING.

18;    A HARD AND FAST    LINE    BETWEEN    JUDGMENTS THAT WERE AND
WERE NOT DESIGNATED AS    WITHOUT    PREJUDICE    WHEN ENTERED IS
INCONSISTENT WITH    SLACK    AND    MARTINEZ-VILLAREAL. THERE, THE
COURT    ENDORSED    THE    LOWER    COURTS ESTABLISHED PRACTICE OF
EXCLUDING    FROM    THE    CATEGORY OF    'SECOND    OR    SUCCESSIVE
APPLICATIONS' A HABEAS    PETITION    FILED    AFTER A    PREVIOUS
PETITION    HAS    BEEN    DISMISSED    ON    EXHAUSTION    GROUNDS AND
DISMISSAL    OF A    FIRST    HABEAS    PETITION FOR    TECHNICAL
REASONS.'SLACK, 529 U.S. AT 488; MARTINEZ-VILLAREAL 523 U.S. AT
645.    IN SO RULING, THE    COURT    NEVER    USED    THE    TERM OF    ART
'WITHOUT    PREJUDICE' TO IDENTIFY THE    ONLY    DISMISSALS TO    WHICH
THE    ESTABLISHED    PRACTICE    APPLIES;    THE    WORDS    ' WITHOUT
PREJUDICE' DO NOT    APPEAR    IN    MARTINEZ-VILLAREAL. AND    FOR    GOOD
REASON. A    RULE    THAT    HINGES    ON    SUCH    A FORMALITY IS    DIRECTLY
AT    ODDS    WITH THE    COURTS    RESOLUTELY    FUNCTIONAL    APPROACH TO
WHAT IS AND IS NOT 'SUCCESSIVE'. SLACK, 529 u.s.    AT    487-88; MAT
MARTINEZ- VILLAREAL 523 u.s.    AT    643; CALDERON, 523 U.S.    AT
554. NOT SURPRISINGLY, THE    LOWER-COURT CASES    ESTABLISHING THE
FUNCTIONAL PRACTICE    THAT THE    COURT HAS    ENDORSED DO NOT ALL
INVLVE    WITH-OUT PREJUDICE    DISMISSALS. SEE BENTON V. WASHINGTON,
106    f.    3D    162,165    (7TH    CIR.    1996)(DISREGARDING[    THE
WITH-PREJUDICE    DISMISSAL OF A    PRIOR    PETITION, BECAUSE    THE
FORMALLY    FAULTY    PETITION SHOULD HAVE    BEEN    DISMISSED WITHOUT
PREJUDICE). NOT    EITHER    WOULD A    FORMALISTIC APPROACH WORK. IN
MANY    CASES, A    FEDERAL    COURT    CANNOT TELL,

WHEN IT WITHHOLDS RELIEF, WHETHER THE RESON FOR DOING SO IS PERMENENT OR NOT, A FAILURE TO PLEAD FACTS WITH THE SPECIFITY REQUIRED BY HABEAS CORPUS RULE 2(C) MAY BE INADVERTENT AND CURABLE( IN WHICH THE DISSMISSAL DOES NOT RENDER SUBSEQUENT APPLICATION SUCCESSIVE.

19: PETITIONER COULD FILE WHAT WAS KNOWN AS A SAME CLAIM SUCCESSIVE PETITION (AS CONTRASTED TO A NEW CLAIM SUCCESSIVE PETITION). SEE SAWYER V. WHITLEY , 505 US 338 (1992)( distinguishing claims), GOVERNING SAME CLAIM SUCCESSIVE PETITIONS," MCFARLAND V. SCOTT, 512 U.S. 829,860 (1994)(O'CONNOR. J., CONCURRING IN THE JUDGMENT ON PART) . RATHER, SECTION 2244(b)(1) PRESERVES THE PRE EXISTING LAWS RECOGNITION THAT THE SUCCESSIVE PETITION BAR DOES NOT APPLY WHEN THE PREVIOUS PETITION ATTACKED A DIFFERENT CRIMINAL JUDGMENT OR WAS DISMISSED ON A PROCEDURAL GROUND RATHER THAN ON THE MERITS, IF THE PROCEDURE WITHHELD FROM THE PETITIONER WAS IMPORTANT OR COULD HAVE MADE A DIFFERENCE ON THE OUTCOME, THERE IS CONSIDERABLE AGGREEMENT THAT THE PETITIONER LACKED AN OPPORTUNITY FOR FULL AND FAIR LITIGATION, AS PETITIONER SUNDAY STRONGLY ALLEGES. SEE SEE WEBER V. MURPHY, 15 F. 3d 691,694 ( 7th cir. ) CERT. DENIED., 511 U.S. 1097 (1994)( full and fair opportunity requires that ' state court has carefully & thourally analyzed the facts and applied the proper constitutional case law to the facts. WE CANNOT SAY THAT A STATE COURT HAS CAREFULLY AND THOURALLY ANALYZED THE FACTS OF A FOURTH AMENDMENT CLAIM, SEE PETITIONERS FOURTH AMENDMENT CLAIM IN THE COURT BEING OVERLOOKED, OR AVOIDED, ITS FACTUAL FINDINGS ARE NOT FAIRLY SUPPORTED BY THE RECORD). UNITED STATES EX REL BOSTICK V. PETERS 3 f 3d 1023, 1026-29 ( 7th cir. 1993)( FULL AND FAIR OPPORTUNITY). AGEE V. WHITE 809 F. 2d 1487,1490 (11th cir. 1987).; OR IT MAY BE BECAUSE THERE ARE NO FACTS THAT SUPPORT PETITIONERS CLAIMS (AS THE FACTS DO SUPPORT TIM SUNDAYS CLAIMS:

( IN WHICH CASE, A LATER APPLICATION IS SUCCESSIVE, SEE BENTON, 106 F 3d at 164( in deciding whether dismissal of a poorly developed first petition renders a later one " SUCCESSIVE [q] uestions of characterization [are important]- WAS THE PETITION REALLY RETURNED ON PLEADING GROUNDS,, OR WAS IT DISMISSED AS SUBSTANTIVELY FRIVOLOUS ? THAT DIFFERENCE IS GRAVE UNDER § 2254(b).

SEE SLACK, 529 U.S. at 479, 487 ( although the district court held that its prior dismissal for non-exhaustion was with prejudice to claims not included in the original petition does not make it successive). CALDERON, 523 U.S. at 554 (recall of court of appeals mandate to readjudicate claims that had been denied with prejudice on the merits was not successive ' when it was undertaken on the exclusive bases of the first federal habeas petition) id at 557 SUGGESTING THAT A WITH PREJUDICE DENIAL OF A HABEAS PETITION THAT WAS PROCURED BY FRAUD UPON THE COURT IS NOT SUCCESSIVE).

20: THERE IS NO "SUCCESSIVE APPLICATION IMPEDIMENT TO 60(b) RELIEF FROM DENIAL OF A HABEAS PETITION BASED ON A STATUTORY BAR " THE PETITIONER [DID] NOT MEET THE EXCEPTIONS OF THE STATUTORY [BAR] BECAUSE THE STATES MISCONDUCT PREVENT[ed] HIM "SUNDAY", FROM DOING SO). SEE MOBLEY V. HEAD,2002 WL 31066924 at *6,*8 ( 11th cir.Sept.18 , 2002)(SEPERATE OPINION OF Tjoflat.J.,) 60 (b) MOTIONS RAIS[ing] questions about the integrity of a prior HABEAS CORPUS PROCEEDING- e.g., THAT THE PRIOR PROCEEDING WAS RIFE WITH FRAUD OR WAS BASED ON A JUDGMENT THAT HAS SINCE BEEN REVERSED DO NOT [COME] UNDER THE STRICTURES OF...§ 2244(b); WORKMAN V. BELL, 227 F. 3d 331, 334-35, 341 (6th Cir.2000)(en banc)(POST JUDGMENT ALLEGATIONS OF FRAUD UPON THE COURT ARE EXCEPTED FROM THE

REQUIREMENTS OF SECTION 2244); RODRIGUEZ V. MITCHELL, 252 F. 3d 191,199, 201 ( 2d cir. 2001)( LIKE ANOTHER IN ACTION): BANKS V. UNITED STATES 167 F. 3d 1082, 1083 ( 7th Cir. 1999)( 60(b) RELIEF IS AVAILABLE IN BANKS ORIGINAL PETITION WAS FILED WITHOUT HIS CONSENT, IMPAIRING " THE INTEGRITY OF HIS FIRST HABEAS PROCEEDING).SOWARD V. LEWIS 905 F. 2d 1318, 1323 ( 9th Cir.1990)( remanding to decide whether a prior petitions dismissal ' with prejudice ' occured because prison officials frustrated Howeards effort to respond to motion to dismiss, if so, a later petition with the same claims is not successive).

SEE CALDERON, 523 U.S. at 548, 554 ( recall oc courts mandate was not ' siccessive ' although it was based on post hoc discovery of procedural misunderstandings, id at 557 (suggesting that a 60(b) motion based on new evidence of fraud upon the court is not successive). SEE RULE 39 K MOTION FILED BY ATTORNEY MCINTYRE IN THE APPELLATE STATE COURT THAT HAS BEEN MISINTERPRETED, FRAUDULENTLY WITHHELD FROM THE COURTS REVIEW, SEE CR-99-1045 Rule 39 (K) Motion on Appeal CC-1998-1095 : SLACK, 529 U.S. at 488 ( a second petition is not successive ALTHOUGH IT RELIES ON A NEW STATE COURT DECISION TO SHOW THAT STATE REMEDIES HAVE NOW BEEN EXHAUSTED ON CLAIMS PREVIOUSLY DISMISSED AS UNEXHAUSTED), MARTINEZ-VILLAREAL 523 U.S. at 640, 645 ( a state courts issuance of a warrant for [the petitioners ] execution ripening a claim of incompetence to be executed that had been previously dismissed as premature, didnot make a new petition raising the claim successive; nor does payment of a filing fee with a second petition that was not tendered with the first petition.

21:    RESPONDENTS AND ITS ATTORNEY GENERAL'S INABILITY TO PROVIDE THE HONORABLE COURT WITH A SUIT STANDARD COMMAND OF THE JUDICIAL SYSTEM. THE LOWER FEDERAL COURTS ARE FLOUNDERING IN A SEA OF PRECEDENTS WITH NO LEGAL RUDDER. ITS INABILITY TO IMPROVE UPON THE GENERAL RULE OF PRITCHES AND BROWDER AS ELABORATED BY MARTINEZ- VILLAREAL AND SLACK IS UNSURPRISING. AS EVERY CIRCUIT BUT THE SIXTH HAS RECOGNIZED, THE JUDGMENT AS TO WHEN A 60(b) MOTION SHOULD AND SHOULD NOT BE DEEMED A SUCCESSIVE APPLICATION FOR § 2244 PURPOSES DOES NOT LEND ITSELF TO A REDUCTIONIST, RULE. SEE DUNLAP V. LITSCHER, 301 F. 3d 873, 875-76 (7th Cir. 2002)( citing cases). THE COURT EXISTING RULE IS THE BEST THAT CAN BE DONE : A 60(b) MOTION SHOULD BE TREATED AS COMING WITHIN § 2244 WHEN IT IS THE FUNCTIONAL EQUIVALENT OF A "SECOND OR SUCCESSIVE APPLICATION FOR RELIEF, RATHER THAN THE SAME APPLICATION. SEE MARTINEZ-VILLAREAL 523 U.S. at 643-44.

22:    IF IT PLEASE THE COURT," HOWEVER," TWO CONDITIONS THAT ARE AT THE HEART OF THE PRESENT CASE [CC-98-1095 and CORRECTED PAGE 386 line 23 specifically]; THE PRESENT CASE ACCOUNT FOR MOST OF THE CASES IN WHICH THIS COURT AND THE LOWER COURTS (AND RESPONDENT AND ATTORNEY GENERAL SHOULD AGREE THAT POST-JUDGMENT MOTIONS FOR RELIEF FROM THE DENIAL OF A HABEAS PETITION ARE SO THOROUGHLY ENCOMPASSED BY THE ORIGINAL PETITION THAT THEY ARE PART OF THE "SAME" APPLICATION AND NOT THE FUNCTIONAL EQUIVALENT OF A SECOND OR SUCCESSIVE APPLICATION.

23: III PETITIONERS  60(b) MOTION  IS NOT SUCCESSIVE :

AS   RESPONDENTS,   THE   RECOMMENDATION   CONCEDE,  A   60(b)   MOTION  TO
RECONSIDER A  HABEAS  APLICATION IS  PART  OF THAT  APPLICATION, NOT "
SUCCESSIVE", IF (1)   THE   MOTION   DIRECTS   THE   COURTS   ATTENTION TO
UNCONSIDERED MATTERS RAISING NO NEW ISSUES OF FACT OR LAW  THAT  GO
BEYOND THE  FOUR  CORNERS  OF THE  ORIGINAL  APPLICATION OR (2)  THE BASIS
FOR DENYING THE  ORIGINAL APPLICATION IS  SHOWN TO HAVE BEEN TRANSITORY
(e.g., a since rectified failure to  exhaust  state  remedies ) OR ILLUSORY
(e.g, a denial concocted by fraud or prosecution misconduct).

24:   IN   THE   FORMER   SITUATION, THE   MOTION IS   THE   "SAME" AS  THE
ORIGINAL  APPLICATION  BECAUSE IT  RELIES ON [R.315-316][R. 383-386,387]- ON
THE SAME FACTS AND CLAIMS AS THE ORIGINAL APPLICATION. IN  THE  LATTER
SITUATION, THE MOTION IS  THE  SAME  BECAUSE  IT  STANDS IN FOR THE ORIGINAL
APPLICATION UPON A  SHOWING THAT THAT APPLICATION WENT  AWRY  FOR REASONS
THAT  ARE  ILLUSORY  OR  HAVE  EXPIRED, SO  THE APPLICATION  SHOULD  BE
TREATED "AS THOUGH IT HAD NOT BEEN  FILED," SLACK. 529 U.S.  at  488.
SLACK IS NOT FUNCTIONALLY DISTINGUISHABLE FROM THE  PRESENT  CASE.  SLACK
HOLDS THAT A PETITION FILED AFTER A PRIOR ONE WAS DISMISSED FOR  NON-
EXHAUSTION AND AFTER STATE REMEDIES WERE  EXHAUSTED, IS NOT," SECOND OR
SUCCESSIVE." 429 U.S. at  485-86. THE  SITUATION  IS THE  SAME, AND  THE
OUTCOME  WOULD  BE  THE  SAME, if THE DISTRICT COURT DISMISSES BASED ON
TWO   EXPLICIT   RULINGS-(1) THAT  AVAILABLE  STATE  REMEDIES  WERE  NOT
EXHAUSTED, AND (2) THAT  A STATE REMEDY STILL APPEARS TO BE  AVAILABLE -
AND IF THE PETITIONER RENEWS THE  FEDERAL  APPLICATION AFTER  STATE
COURTS HAVE NEGATED BOTH CONCLUSIONS BY RULING THAT PETITIONER(1);

PREVIOUSLY DID EVERY THING TO EXHAUST THEN-AVAILABLE STATE REMEDIES BUT (2) NOW IS TIME BARRED FROM FURTHER STATE REVIEW, AND TIM SUNDAYS CASE IN TURN IS NO DIFFERENT FROM THE LETTER SITUATION. THE DISTRICT COURT DENIED HIS PROSECUTORIAL MISCONDUCT CLAIMS BASED ON TWO PREMISES:(1) THAT HE HAD NOT EXHAUSTED AVAILABLE STATE REMEDIES , AND (2) THAT HE WAS NOW TIME BARRED FROM FURTHER STATE PROCEEDINGS. DISTRICT COURT REMAND ORDER CC-98-1095: CIV. ACT.AMEND. 03-502-E: ACTUAL INNOCENCE CLAIM, AND APPLICATION FOR REHEARING INTO THE TRIAL COURT AUTHORITIVELY NEGATED THE FIRST PREMISE BY DECLAING THAT PETITIONER HAD PREVIOUSLY DONE EVERYTHING NEEDED TO EXHAUST STATE REMEDIES, WHILE PRESERVING THE SECOND PREMISE THAT NO STATE REMEDIES REMAIN. JUST AS IN SLACK, THEREFORE, PETITIONERS LATER MOTION IS NOT " SECOND OR SUCCESSIVE: UNDER § 2244. post-JUDGMENT PROCEEDINGS SOMETIMES ARE DEEMED NON-SUCCESSIVE WHEN ONLY ONE OF THESE CONDITIONS IS PRESENT. SEE id.at 487 (NON-EXHAUSTION BASIS PRIOR DISMISSAL WAS TRANSITORY: BUT THE SUBSEQUENT APPLICATION PRESENTED NEW CLAIMS). THE COURT NEEDS NOT GO EVEN THAT FAR HERE, HOWEVER, BECAUSE PETITIONERS RULE 60(B) 60(b) MOTION MEETS BOTH CONDITIONS.SPECIFICALLY ADDRESSING THE MAGISTRATES RECOMMENDATION, THE RESPONDENTS ALLEGATIONS THAT PETITIONERS APPLICATION IS A SECOND AND SECCESSIVE APPLICATION,THAY ARE IN ERROR, ARE WRONG. A CLAIM IN A STATE PRISONER'S SUCCESSIVE PETITION THAT WAS PRESENTED IN A PRIOR PETITION "SHALL BE DISMISSED." 28 USCS § 2244(b)(1). HOWEVER, THIS APPLIES ONLY TO CLAIMS THAT WERE DISPOSED ON THE MERITS. IF A CLAIM WAS DISMISSED WITHOUT ADJUDICATION ON THE MERITS TO PERMIT THE PETITIONER TO RETURN TO EXHAUST AN UNEXHAUSTED CLAIM, OR FOR SOME OTHER REASON, THEN THE REFILING OF THAT CLAIM IN THE DISTRICT COURT IS NOT CONSIDERED A SUCCESSIVE APPLICATION.SLACK V. McDANIEL, 529 U.S. 473, 146 L.Ed.2d 542, 120 S.Ct.1595 (2000).

-27-

PETITIONER DID NOT REQUEST PERMISSION TO FILE A SECOND AND SUCCESSIVE APPLICATION BECAUSE HE CONSIDERS HIS PETITION NOT SECOND AND SUCCESSIVE AND THE COURT OF APPEALS DECISION TO GRANT OR DENY A SUCCESSIVE APPLICATION IS NOT APPEALABLE. THUS, IT CANNOT BE THE SUBJECT OF A REHEARING PETITION OR A WRIT OF CERTIORARI. 28 USCS § 2244(a)(3). NEVERTHELESS, SUPREME COURT REVIEW OF A SUCCESSIVE PETITION MAY STILL BE AVAILABLE BECAUSE THE SUCCESSIVE PETITION CAN BE FILED AS AN ORIGINAL PETITION IN THE SUPREME COURT, UNDER 28 USCS § 2241(a). FELKER V. TURPIN, 518 U.S. 651,135 L.Ed.2d 827,116 S.Ct. 2333 (1996).UNDER 28USCS §2242,SUCH A SUPREME COURT PETITIONMUST CONTAIN AS THIS PETITION DOES A STATEMENT FOR REASONS FOR NOT Mking application to the district court in the district where the applicant is held. THE PETITIONER MUST AS HE HAS SHOW EXCEPTIONAL CIRCUMSTANCES, [HIS ACTUAL INOCENCE CLAIM]AND THAT ADEQUATE RELIEF CANNOT BE OBTAINED IN ANY OTHER FORM OR ANY OTHER COURT. FELKER, V. TURPIN,518 u.s. AT 665, 134 l.eD.2D AT 841,116 s.cT. AT 2341. 25;PETITIONERS 60(B) MOTION REASERTS CLAIMS FOR HABEAS CORPUS RELIEF THAT WERE PRESENTED IN HIS ORIGINAL PETITION. THE MOTION EXPRESSLY RELIES SOLELY ON ' EVIDENCE,,, IN THE .. RECORD CC-98-1095' OF THE ORIGINAL PROCEEDING AND THE BASIS FOR 60(B) RELIEF IS THAT THE DISTRICT COURT FUNDAMENTALLY MISUNDERSTOOD THE PRE-EXISTING STATE LAW ' ON WHICH PETITIONER HAD ALWAYS RELIED FOR THE PROPOSITION THAT BY PRESENTING HIS PROSECUTORIAL MISCONDUCT CLAIMS TO THE ALABAMA COURT OF CRIMINAL APPEALS HE HAD EXHAUSTED THE POST-CONVICTION APPELLATE PROCESS AVAILABLE ,,,AS RECORDS WILL SHOW,,, UNDER THE LAW OF THE STATE AS IS REQUIRED TO MAKE A PROCEDURE 'AVAILABLE' FOR EXHAUSTION PURPOSES UNDER 28 uscs §2254 (c).

26;ANY PROPER EXERCISE OF RULE 60(B) DISCRETION WOULD REQUIRE RELIEF FROM THE DISTRICT COURTS JUDGMENT ;

THE FACT A 60(B) MOTION CANNOT BE VIEWED AS THE FUNCTIONAL EQUIVALENT OF A SUCCESSIVE APPLICATION DOES NOT MEAN THAT THE MOTION WILL BE GRANTED. TO BE GRANTED, THE 60(B) MOTION ALSO MUST SATISFY THE EXACTING CRITERIA OF RULE 60(B) ITSELF. AND ALMOST ANY MOTION TO REOPEN A JUDGMENT THAT DOES NOT RAISE A NEW ISSUE OF FACT OR LAW GOING BEYOND THE FOUR CORNERS OF THE ORIGINAL HABEAS ACTION LIKEWISE WILL NOT PRESENT GROUNDS THAT MEET THE STRICT 60(B) CRITERIA FOR REOPENING A JUDGMENT.BUT THIS CASE IS THE RARE CASE IN WHICH A 60(b0 MOTION RAISING NO ISSUE OUTSIDE THE FOURCORNERS OF THE ORIGINAL HABEAS APPLICATION DOES MEET 60(b) CRITERIA, AND INDEED COMPELS AN EXERCISE OF DISCRETION TO REOPEN THE JUDGMENT. IT DOES SO FOR THE FOLLOWING CONSTELLATION OF EXTRAORDINARY REASONS. THE DISTRICT COURT NEVER EXERCISED RULE 60(B) DISCRETION, THINKING IT APPARENTLY HAD NONE IN A HABEAS CASE. A REMAND TO THE DISTRICT COURT TO EXERCISE DISCRETION ' IN THE FIRST INSTANCE ' IS REQUIRED,' HOWEVER, BECAUSE THE PROPER OUTCOME IS CLEAR. CF. BRILLHART V. EXCESS INS. CO., 316 u.s. 491,496 (1942).

26; THE JUDGMENT THAT PETITIONER SEEKS TO REOPEN IS BASED ENTIRELY ON A PROCEDURAL IMPEDIMENT ]A CONSTITUTIONAL VIOLATION] THAT PREVENTED THE DISTRICT COURT FROM ADDRESSING THE CONSTITUTIONAL MERITS OF SUBSTANTIAL CLAIMS OF EGREGIOUS PROSECUTORIAL MISCONDUCT. [r.680];[R.383-386, CORRECTED PAGE ' 386, R-387]. RESPONDENT DOES NOT DISPUTE THE SERIOUSNESS OF PETITIONERS PROSECUTORIAL MISCONDUCT CLAIMS [CIV.aCT 03-t-502-e; cc-98-1095; THE LAWS BROKEN BY RESPONDENTS ;

-29-

THE QUESTION THE EFFECT OF [r.386, 680, MISREPRESENTED TO THE COURTS, CORRECTED PAGE 386 ] THE MISCONDUCT THEY DONT DISPUTE THAT IT OCCURRED. EXH.#1 CC-98-1095.

BUT IN DOING SO THEY REFUSED TO HIGHLIGHT HOW SERIOUSLY THE VIOLATIONS CORRUPTED THE PENALTY PHASE VERDICT.CF.SEMTEK INT'L INC. V. LOCKHEED CORP. 531 u.s. 497,501-02 (2001)(AND ONLY A JUDGMENT THAT ' PASSES DIRECTLY ON THE SUBSTANCE OF[A PARTICULAR ] CLAIM,,, TRIGGERS THE DOCRTINE OF RESJUDICATA' AND ITS FULL RANGE OF FINALITY INTERESTS), SLACK, 529 u.s. AT 483 ( THE WRIT OF HABEAS CORPUS PLAYS A VITAL ROLE IN PROTECTING CONSTITUTIONAL RIGHTS, AND 'CONGRESS [HAS] EXPRESSED NO INTENTION TO ALLOW [DISTRICT] COURT PROCEDURAL ERROR ' , WHERE 'THE DISTRICT COURT [ERRONEOUSLY] RELIES ON PROCEDURAL GROUNDS TO DISMISS THE PETITION',' TO BAR VINDICATION OF SUBSTANTIAL CONSTITUTIONAL RIGHTS').(2) THE SOLE PREMISE , OF THAT IMPEDIMENT TO REACHING THE MERITS WAS AN UNARGUABLE MISUNDERSTANDING OF CLEARLY GOVERNING ESTABLISHED LAW, GOVERNING STATE LAW. SEE JUNE 23RD, 2003 JOHN M. PORTER ASSISTANT ATORNEY GENERAL, RESPONDENTS ANSWER TO COURT ORDER TO SHOW CAUSE IN THE UNITED STATES DICTRICT COURT FOR THE MIDDLE DISTRICT OF ALABAMA 03-t-502-e, SEE EXH.I(I) CC 98 1095.

27; THIS IS THE UNIQUE CASE IN WHICH 60(B) RELIEF DOES NOT SUBORNATE THE STATES INTEREST IN ... ITS OWN LEGAL PROCESSES' AND 'PROCEDURAL RULES ; ' TO A HABEAS PETITIONERS 'QUITE STRONG ''INTEREST IN ,,, FEDERAL HABEAS REVIEW OF A FIRST PETITION,' ,' BUR, INSTEAD, IS NECESSARY TO EFFECTUATE BOTH INTERESTS, CF. LONCHAR, 517 u.s. AT 322, 330 ; COLEMAN 501 u.s. AT 726. THIS ALSO IS ONE OF THE FEW CASES LEFT IN THE FEDERAL COURTS IN WHICH AEDPA'S ADDED FINALITY CONCERNS DO NOT APPLY TO THE DISTRICT COURTS 60(B) PROCEEDINGS. COMPARE LINDH V. MURPHY, 521 u.s. 320,336 (1997) WITH SLACK, 529 u.s. AT 476.

-30-

COURT.PETITIONER CHALLENGED THE JURISDICTION OF THE TRIAL COURT TO IMPOSE ENHANCED SENTENCE CANNOT BE PROCEDURALLY DEFAULTED, EVEN IF NOT RAISED AT TRIAL OR ON DIRECT APPEAL.HARRIS V.U.S. 149 f. 3D 1304,1309 (11TH CIR.1998).IT WAS DISPUTED THE PRIOR CONVICTIONS ARE VOID FOR FAILURE TO INDICT FOR THE OFFENSE,IF THE CRIME , OF WHICH THE PETITIONER WAS ACCUSED AND CONVICTED AND FALSELY IMPRISONED WAS AN INFAMOUS CRIME. THE COURT WAS WITHOUT JURISDICTION TO RENDER PARTICULAR JUDGMENT. WHILE IN THE SOLE CUSTODY AND CONTROL OF RESPONDENTS, FROM THE STATE OF OKLAHOMA ISSUED INFORMATION AGAINST THE PETITIONER TO ALLEGATE FIVE(5) COUNTS SEXUAL BATTERY JULY #92, VINITA OKLAHOMA 11-6-92 OKLAHOMA JURY FOUND PETITIONER GUILTY OF 5- COUNTS OF SEXUAL BATTERY.THE PETITIONER PROPERLY PLEADED NOT GUILTY TO SAID OFFENSE,; SEE OKLAHOMA VS SUNDAY NO.CRF-92-81 AND PRONOUNCED SENTENCE OF ONE-YEAR ON EACH COUNT SEXUAL BATTERY 21-1123(b) OF CONVICTION. THE PETITIONER WAS INDICTED BY A LEE COUNTY GRAND JURY 'RAPE' IN THE FIRST DEGREE,ON FILE 10-9-98,ON FILE 12-02-99 LEE COUNTY JURY FOUND PETITIONER GUILTY OF THE LESSOR INCLUDED OFFENSE, FIRST NEGREE[f.741].

RESPONDENT ARGUES THAT ' BECAUSE PETITIONERS RULE 60(B) MOTION CONSTITUTES A NEW HABEAS APPLICATION WHICH WAS FILED [AFTER AEDPA],'AEDPA DETERMINES WHETHER IT WAS SECOND OR SUCCESSIVE UNDER THE ACT, OF COURSE THIS HAS IT BACKWARDS. IF THE 60(B) MOTION WAS APPROPRIATE BEFORE AEDPA, AEDPA DOES NOT APPLY TO DETERMINE ITS STATUS AS A NEW HABEAS APPLICATION, A NEW RULE UNDER THE ACT, THE ACT. SEE LINDH ;SUPRA',AT 336. [LINDH V. MURPHY, 521 U.S.320 (1997).

<div align="center">CONCLUSION</div>

IN THE EXCEPTIONAL CIRCUMSTANCE OF THIS CASE, RULE 60(b) RELIEF IS APPROPRIATE AND OFFENDS NO STATUTORY PROSCRIPTION OR POLICY CONCERN AGAINST SECOND OR SUCCESSIVE HABEAS PETITIONS. The Court SHOULD VACATE THE DECISION BELOW AND REMAND TO The District Court WITH DIRECTIONS TO GRANT PETITIONERS 60(B) MOTION SO THAT HIS PROPERLY PRESENTED CLAIMS OF PROSECUTORIAL MISCONDUCT CAN BE HEARD ONCE ON THE MERITS BY A FEDERAL Court.

CERTIFICATE OF SERVICE THIS THE 12TH DAY OF OCTOBER 2007 DEPOSITED IN INSTITUTIONAL MAIL BOX RULE POSTAGE PREPAID TO THE COURT, COPY TP RESPONDENTS.

<div align="center">TIMOTHY LEE SUNDAY THE PETITIONER PRO SE</div>



Clerk United States District Court of
Alabama   P.O. Box 711
Montgomery AL
36101

Timothy Lee Sunday #Ai3453
Easterling Corrections Facility 200-957
200 Wallace   Drive
Clio Alabama 36017

Legal Mail

Court
CV-007a3-MEF-WC

