RECEIVED

2008 FEB 29 A 10 52

Debra P. Hackett
Clerk, U.S. District Court
15 LEE ST STE 206
MONTGOMERY AL 36104-4055

February 28, 2008

**Appeal Number: 07-14942-B**
Case Style: Timothy Lee Sunday v. Lee County Circuit Court AL
District Court Number: 07-00723 CV-F-E

TO:  Debra P. Hackett

CC:  Timothy Lee Sunday (AIS 213453)

CC:  Troy King

CC:  Administrative File

CC:  Administrative File

# United States Court of Appeals
Eleventh Circuit
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

**Thomas K. Kahn**
Clerk

For rules and forms visit
www.ca11.uscourts.gov

February 28, 2008

Debra P. Hackett
Clerk, U.S. District Court
15 LEE ST STE 206
MONTGOMERY AL 36104-4055

**Appeal Number: 07-14942-B**
Case Style: Timothy Lee Sunday v. Lee County Circuit Court AL
District Court Number: 07-00723 CV-F-E

The enclosed certified copy of this Court's order denying the application for a Certificate of Appealability is issued as the mandate of this court. See 11th Cir. R. 41-4. Counsel and pro se parties are advised that pursuant to 11th Cir. R. 27-2, "a motion to reconsider, vacate, or modify an order must be filed within 21 days of the entry of such order. No additional time shall be allowed for mailing."

Also enclosed is the record on appeal, which consists of:
  One (1) Volume Original Papers

The district court clerk is requested to acknowledge receipt on the copy of this letter enclosed to the clerk.

Sincerely,

THOMAS K. KAHN, Clerk

Reply To: Carolyn Magers (404) 335-6181

Encl.

DIS-4 (3-2005)

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

No. 07-14942-B

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT

FEB 2 8 2008

THOMAS K. KAHN
CLERK

TIMOTHY LEE SUNDAY,

Petitioner-Appellant,

versus

LEE COUNTY CIRCUIT COURT, ALABAMA,
TROY KING, The Attorney General
of the State of Alabama,
LOUIS BOYD, Warden,

Respondents-Appellees.

Appeal from the United States District Court for the
Middle District of Alabama

ORDER:

Appellant seeks a certificate of appealability ("COA") and leave to proceed in forma pauperis in order to appeal the denial of his 28 U.S.C. § 2254 petition and Fed.R.Civ.P. 60(b) motion for relief from judgment. To merit a certificate of appealability, appellant must show that reasonable jurists would find debatable both (1) the merits of an underlying claim and (2) the procedural issues he seeks to raise. See 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 478, 120 S.Ct. 1595, 1600-01, 146 L.Ed.2d 542 (2000).

It is undisputed that appellant previously filed a § 2254 petition challenging the same sexual abuse conviction that was denied on the merits. See Sunday v. Ferrell, et al., Case No. 3:03-cv-502-MHT (M.D. Ala. 2006). The Antiterrorism and Effective Death Penalty Act of 1996, requires that before a second or successive § 2254 petition is filed, the petitioner must obtain an order from this Court authorizing the district court to consider it. 28 U.S.C. §§ 2254, 2244(b)(3)(A). Because appellant has not obtained such an order from this Court, the district court correctly dismissed the instant petition as second or successive. See 28 U.S.C. §§ 2244(a), 2244(b)(3)(A); Slack, 529 U.S. at 478, 120 S.Ct. at 1600-01; United States v. Holt, 417 F.3d 1172, 1175 (11th Cir. 2005). This is so, even to the extent appellant intended his petition to be treated as a Rule 60(b) because he sought to raise previously addressed substantive claims. See Gonzalez v. Crosby, 545 U.S. 524, 531-32, 125 S.Ct. 2641, 2647-48, 162 L.Ed.2d 480 (2005).

In his Rule 60(b) motion, appellant claimed that the district court erred in its previous ruling precluding a merits determination and asserted that the state had committed a fraud upon the court. Rule 60(b)(6) properly may be used to assert that a federal court's previous ruling precluding a merits determination (i.e., a procedural ruling such as failure to exhaust, a procedural bar, or a statute-of-limitations bar) was in error. Id. at 532, n.4, 125 S.Ct. 2641, 2648, n.4. However, the district court correctly determined that some of the claims raised by appellant in his original § 2254 were procedurally defaulted, as previously determined by this Court in denying appellant's motion for a COA in that appeal. Rule 60(b) also provides relief for a party from a judgment based on "fraud . . . misrepresentation, or misconduct by an opposing party." Fed.R.Civ.P. 60(b)(3). However, relief based on Rule 60(b)(3) must be sought within one year of the judgment challenged. See Fed.R.Civ.P. 60(c)(1). The record here reveals that appellant's previous § 2254 petition was

denied on November 1, 2005. Therefore, the instant filing in November 2007, was filed well beyond the one-year limitations period. Thus, the district court correctly denied appellant's motion for Rule 60(b) relief. Accordingly, appellant's motion for a certificate of appealability is DENIED.

Appellant's motion for leave to proceed on appeal in forma pauperis is DENIED AS MOOT.

*/s/ Frank M. Hull*
UNITED STATES CIRCUIT JUDGE